IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-827-RP |
| | § | |
| LEAH STEWART, | § | |
| ERIC CASTRO, and | § | |
| CHUCK MCCORMICK, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On May 17, 2018, the Court stayed this case until it decided the second motion to dismiss filed by Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively, "Defendants"), (Dkt. 9). (Order, Dkt. 25). Before the Court now is Plaintiff Madeleine Connor's ("Connor") motion for reconsideration, in which she asks the Court to vacate its order staying this case. (Dkt. 26).

Connor sued Defendants on August 25, 2017. (Compl., Dkt. 1). Connor never served her original complaint on Defendants. On March 1, 2018, Defendants filed a motion to dismiss, in which they argued that the Court must dismiss this action under Federal Rule of Civil Procedure Rule 4(m) because Connor never served them with her complaint. (Defs.' First Mot. Dismiss, Dkt. 5, at 7). They also sought dismissal under Rules 12(b)(1) and 12(b)(6). (*Id.* at 4–7).

Connor did not respond to Defendants' first motion to dismiss; she instead amended her complaint. (Am. Compl., Dkt. 8). Defendants now argue, and the Court agrees, that when Connor amended her complaint, she validly did so as a matter of course.[1] Defs.' Resp. Mot. Recons., Dkt. 27, at 2). Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its complaint once as a matter of course within 21 days of service of a motion under Rule 12(b). Defendants filed a

---

[1] Connor also appears to have believed she was entitled to amend as a matter of course, given that she did not seek leave to file her first amended complaint. (*See* Am. Compl., Dkt. 8).

1

motion to dismiss her claims pursuant to Rule 12(b), (Dkt. 5); Connor then filed an amended complaint, her first, 14 days later. (Am. Compl., Dkt. 8). She therefore amended her complaint as a matter of course under Rule 15(a)(1)(B). In doing so, she filed a pleading that superseded an original complaint and rendered moot Defendants' motion to dismiss her original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

Connor now argues that because she had not served her original complaint, her amended complaint was invalid. (Reply, Dkt. 28, at 1 ("[U]nder Rule 4(m), the [original] complaint was already dead. That is, because the suit was not served within 90 days, any subsequent action by Plaintiff was a nullity.")). According to Connor, "it would be absurd to suggest" that a plaintiff who failed to timely serve her original complaint could later validly amend her complaint. (*Id.*). Her position is now that the Court lacks jurisdiction to enter *any* order in this case other than an order dismissing this case without prejudice under Rule 4(m). (Mot. Recons., Dkt. 25, at 1). Accordingly, the Court's order staying this case was error because "the only action this Court was authorized to take was to dismiss this cause without prejudice to refiling, after notice [sic] Plaintiff, but the Court failed to do so." (*Id.*). She asks the Court to withdraw its order and dismiss her case without prejudice. (*Id.* at 3).

The Court has difficulty believing Connor's current litigation position is asserted in good faith. It is difficult to square her position that it would be "absurd" to think that a plaintiff could amend a complaint not timely served under Rule 4(m) with the fact that she filed an amended complaint two months earlier. More to the point, if Connor honestly believes that the Court lacks jurisdiction to do anything other than dismiss her case, it is hard to make sense of her filings prior to the instant motion for reconsideration. Before taking her current position that the Court "is

2

prohibited from issuing any order other than an order of dismissal without prejudice," (Mot. Recons., Dkt. 25, at 2), Connor asked the Court for orders to strike Defendants' supplemental filings, (Dkts. 11, 15), and for an order denying Defendants' second motion to dismiss, (Dkt. 16). Indeed, just one week before taking her current position, Connor filed a proposed scheduling order, (Dkt. 22), a notice indicating that she believed there was a "probable need for electronic forensic discovery," (Pl.'s Report, Dkt. 21, at 2), and a response asking the Court not to stay this action because it would "serve the ends of justice" to issue a scheduling order and because Defendants "should not be protected from discovery any longer." (Pl.'s Resp. Mot. Prot. Order, Dkt. 23, at 2).

If Connor wanted this action dismissed under Rule 4(m), she could have asked the Court to do so in her response to Defendants' first motion to dismiss. Instead, she chose to amend her complaint as a matter of course. In doing so, she superseded her original complaint and rendered Defendants' first motion to dismiss moot. **IT IS THEREFORE ORDERED** that Connor's Objection to Court's Stay and Order of Protection and/or Motion for Reconsideration, (Dkt. 26), is **DENIED**. Defendants' first motion to dismiss, (Dkt. 5), is **DENIED AS MOOT**.

**SIGNED** on May 31, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE