# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MADELEINE CONNOR,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **LEAH STEWART,** | § | **NO. 1:17-CV-00827-RP** |
| **ERIC CASTRO, and** | § | |
| **CHUCK McCORMICK,** | § | |
| **Defendants.** | § | |

## EMERGENCY MOTION FOR STAY OF EXECUTION

<u>TO THE HONORABLE U.S. DISTRICT JUDGE ROBERT L. PITMAN</u>:

COMES NOW Madeleine Connor, Plaintiff, and files this Emergency Motion for Stay of Execution.

1.      Federal Rule of Civil Procedure federal rule 62(f), and 69, 28 U.S.C. § 566(c), *Printz v. United States*, 521 U.S. 898 (1997); *New York v. United States*, 505 U.S. 144 (1992), *In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014), *Dall. Merchant's & Concessionaire's Ass'n v. Dallas*, 852 S.W.2d 489 (Tex. 1993), and *Hous. Auth. of Stanton v. Bermea*, No. 11-20-00045-CV, 2020 Tex. App. LEXIS 4531, at *2 (Tex. App.—Eastland June 18, 2020) command that the federal judgment in this case be superseded on appeal and may not be executed.

2.      Plaintiff Connor therefore prays that the Writ of Execution be stayed, or, in the alternative, that the portion of the Writ of Execution tied to the federal judgment in this case be stayed.

3.      On August 27, 2020, Plaintiff first became aware of a notice of sale of her non-exempt real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746. On the

same day, August 27, 2020, the District Clerk file-stamped a supersedeas bond,[1] and on the following day, accepted a cash payment of $30,000.00 for issuance of the bond.[2]

4.      The unserved notice of sale indicates that Connor's non-exempt real property described above will be sold at auction on September 1, 2020.[3]

5.      Connor immediately took action to avoid the sale by requesting that the Travis County District Clerk accept her supersedeas to satisfy immediately the judgment, which the Clerk did. Connor also filed a request that the Court make findings under Tex. Prop. Code § 51.0011 and filed it with the clerk. Connor's lead counsel, Mr. David Rogers, also filed an endorsement and ratification of the motion and supersedeas filed and tendered by Ms. Connor.

6.      Although Connor still maintains various irregularities exist, and intends to exercise those legal remedies to overturn the judgment and the Abstract of Judgment rendered by the Travis County District Clerk and issuance of the writ of execution upon which the sale of the property purportedly rests, Connor files this request for stay of execution by emergency hearing or submission to halt the execution on her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020.

7.      Connor filed a Motion for Stay of Execution[4] before the state 419th District Court on August 31, 2020. Rather than respond to the Motion, Defendant filed a Plea to the Jurisdiction[5], alleging that the state court could not grant the stay because the Texas court "lacks subject matter jurisdiction to enter a temporary restraining order because Federal Rule of Civil Procedure 62 provides the sole method to stay the execution of a federal judgment and should be sought from the United States District Court."

---

[1] Exhibit A, Supersedeas Bond file-stamped September 27, 2020
[2] Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
[3] Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.
[4] Exhibit D, Motion for Stay of Execution
[5] Exhibit E, Plea to the Jurisdiction

8.      Though the Texas court did not state the basis of its ruling, the Texas court denied the Motion for Stay of Execution.[6]  As the only basis presented for denying such a stay was the jurisdictional argument, the Texas court implicitly affirmed that argument.  Thus, Connor turns to this Court.

**Request for Stay of Execution; entitled under Texas law applicable here**

9.      Because the judgment was used to create a lien on judgment debtor's property, the judgment debtor is entitled to the same stay of execution the state court would give to a similar state court judgment.  Texas allows money judgments based on sanctions and attorney's fees to be superseded with no money bond paid.  "[A]ttorney's fees are neither compensatory damages nor costs for purposes of superseding enforcement of a money judgment."  *In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014).  "[T]he Texas Supreme Court has ruled that attorney's fees and interest thereon are to be excluded from the amount of the supersedeas because attorney's fees are not compensatory damages or costs for purposes of the supersedeas statute. " *Hous. Auth. of Stanton v. Bermea*, No. 11-20-00045-CV, 2020 Tex. App. LEXIS 4531, at *2 (Tex. App.—Eastland June 18, 2020).

10.     Supersedeas money bonds must be paid on underlying damages.  There are no underlying damages in this judgment, which consists entirely of attorney's fees as sanctions.[7]

11.     Federal Rule of Civil Procedure federal rule 62(f) states: "**(f) Stay in Favor of a Judgment Debtor Under State Law**. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  The trial court's order awarded no compensatory damages or interest thereon; therefore, the amount of supersedeas required is $ 0. *See In re Corral-*

---

[6] Exhibit F, Order Denying Motion For Stay Of Execution
[7] Exhibit G, Judgment in 17-CV-00827-RP, *Connor v. Stewart.*

*Lerma*, 451 S.W.3d 385 (Tex. 2014); *Shook v. Walden*, 304 S.W.3d 910 (Tex. App.—Austin 2010), *overruled on other grounds*, 451 S.W.3d 385 (Tex. 2014)."

**Request for Stay because Texas officer may not replace Federal Marshall.**

12.    The federal judgment in question is neither final nor domesticated.  A Texas officer, therefore, may not execute such a judgment.  Only a federal marshal can execute on a non-domesticated federal judgment, and then only on a final federal judgment.  Fed. R. Civ. Pro. 69. "Rule 69.Execution(a) In General. (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." 28 U.S.C. § 566(c) provides in part, that "the United States Marshal Service shall execute all lawful writs, process, and orders issued under authority of the United States, and shall command all necessary assistance to execute its duties."  The Constables of Travis County are not United States Marshalls, and may not execute orders under the authority of the United States.  "The application of the doctrine of *expressio unius est exclusio alterius* further demonstrates the weakness of the [argument] that the [County] may regulate in this instance. That doctrine provides that the inclusion of a specific limitation excludes all others."  *Dall. Merchant's & Concessionaire's Ass'n v. Dallas*, 852 S.W.2d 489, 493 n.7 (Tex. 1993).  See also *Printz v. United States*, 521 U.S. 898 (1997); *New York v. United States*, 505 U.S. 144 (1992).

13.    The judgment in question has been appealed to the Fifth Circuit, where briefing is ongoing, and no order has been issued from that Court allowing execution.  20-50150, *Madeleine Connor v. Leah Stewart, et. al*.  The gravamen of that appeal is that the District Court acted outside the instructions given to it by the Fifth Circuit panel on remand.

**PRAYER**

14.     Plaintiff prays that the Court grant Plaintiff's request that the entire Writ of Execution be stayed, or, in the alternative, that the portion of the Writ of Execution tied to the federal judgment in this case be stayed.

Connor seeks a stay of execution sufficient to avoid a sale of her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020. Connor prays for general relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court grant a stay of execution under Federal Rule 62.

Respectfully submitted,

/s/ David Rogers
David Rogers
State Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681
Phone: (512) 923-1836
Fax: (512) 685-1144
***Attorney for Madeleine Connor***

**Exhibits**

Exhibit A, Supersedeas Bond file-stamped September 27, 2020
Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.
Exhibit D, State Court Motion for Stay of Execution
Exhibit E, Plea to the Jurisdiction
Exhibit F, Order Denying Motion For Stay Of Execution
Exhibit G, Judgment in 17-CV-00827-RP, *Connor v. Stewart*

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BANK]

## CERTIFICATE OF SERVICE

I certify that on the 1st day of September 2020, I filed the foregoing response with the Court through its electronic filing system, and notice was provided to the following individuals:

Lowell F. Denton
Denton Navarro Rocha & Bernal, PC
2517 North Main Avenue
San Antonio, TX 78212
(210) 227-3243
Fax: 210/225-4481
Email: lowell.denton@rampage-sa.com

Scott M. Tschirhart
Denton Navarro Rocha Bernal & Zech, P.C.
2500 W. William Cannon Drive, Suite 609
Austin, TX 78745
512-279-6431
Fax: 512-279-6438
Email: scott.tschirhart@rampage-aus.com

<u>/s/ David Rogers</u>
**Attorney for Madeleine Connor**

Exhibit "A"

Filed in The District Court
of Travis County, Texas

AUG 2 7 2020 DF

At __1:23__ __P__ M.

Velva L. Price, District Clerk

COPY

No. D-1-GN-15-003714

| | | |
|---|---|---|
| **DAVID McINTYRE, et al.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs** | § | |
| **vs.** | § | |
| | § | **419TH JUDICIAL DISTRICT OF** |
| **ERIC CASTRO, et al.,** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

### SUPERSEDEAS

COMES NOW, Plaintiff Madeleine Connor, and files this her Supersedeas.

Pursuant to Texas Rule of Appellate Procedure 24 and Civil Practice & Remedies Code Chapter 52, Plaintiff Madeleine Connor, herewith files this deposit in lieu of bond.

1.  The Western District of Texas signed an order on January 27, 2020, in cause number 1:17-cv-00827-RP [Dkt. 70];

2.  The Defendants recorded the order referenced above on February 10, 2020;

3.  On February 26, 2020, Plaintiff filed a notice of appeal to the order, which was an award of attorney's fees and sanctions;

4.  The trial court's order awarded no compensatory damages or interest thereon; therefore, the amount of supersedeas required is $ 0. *See In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2014); *Shook v. Walden*, 304 S.W.3d 910 (Tex. App.—Austin 2010), *overruled on other grounds*, 451 S.W.3d 385 (Tex. 2014);

5.  Connor filed a supersedeas on February 26, 2020, but was unable to post a bond before the courthouse closed due to covid, and;

6.  This document is resubmitted with the Travis County Clerk, with the sum of thirty-thousand dollars ($30,000.00), as a deposit in lieu of bond. This amount should be sufficient to supersede all costs and amounts finally determined by appeal. See

attached.  Ms. Connor intends to challenge this payment and the abstract of judgment

that purports to allow execution on her non-exempt property by collateral attack.

Respectfully submitted,

/s/ *Madeleine Connor*
Madeleine Connor
SBOT # 24031897
P.O. Box 161962
Austin, Texas 78716-1962
(512) 289-2424
(512) 329-5229 (fax)
mgbconnor@yahoo.com

## CERTIFICATE OF SERVICE

I certify that this instrument was served on the following persons on the 27th day of August, 2020: Lowell Denton and Scott M. Tschirhart, at the following email addresses: lowell.denton@rampage-sa.com, Scott.Tschirhart@rampage-aus.com.

/s/ David Rogers
David Rogers
*Attorney for Madeleine Connor*



attorneys & counselors at law · rampagelaw.com
San Antonio | Austin | Rio Grande Valley | Texas Gulf Coast
2500 W. William Cannon Drive, Suite 609 | Austin, Texas 78745-5320
V 512-279-6431 | F 512-279-6438

June 5, 2020

Velva L. Price                                                    **E-FILE NOTIFICATION**
Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Re:     *In Re David McIntyre*
        Cause No. D-1-GN-15-003714, in the 419th Judicial District Court, Travis County, Texas
        **Request to Writ of Execution**

Dear Ms. Price:

        Please process this request for re-issuance of a Writ of Execution by the Clerk. The Office of Travis County Constable, Precinct No. 3 was unable to serve the original Writ prior to its expiration as their office was closed due to COVID-19. Therefore, re-issuance is required.

The information below is to be stated on the writ:

CAUSE NO. D-1-GN-15-003714

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| In re DAVID McINTYRE,            | § | IN THE DISTRICT COURT OF     |
|     Petitioner,                  | § |                              |
|                                  | § | 419th JUDICIAL DISTRICT      |
|                                  | § |                              |
|                                  | § | TRAVIS COUNTY, TEXAS         |

        Attached is a copy of the *Order Granting Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code* issued by the Honorable Judge Karin Crump on June 23, 2017 and file-stamped by your office on June 26, 2017. In the Order, Judge Crump awarded the following for the Defendants against Plaintiff Madeleine Connor, (jointly and severally with Plaintiff David McIntyre):

| | |
|---|---|
| Attorney's Fees: | $ 2,124.00 |
| Costs: | $ 76.67 |
| Sanctions: | $ 500.00 |
| Thirteenth Court of Appeals (unsuccessful) | $15,000.00 |
| Thirteenth Court of Appeals Costs | $ 20.00 |
| Texas Supreme Court (unsuccessful) | $10,000.00 |
| **TOTAL:** | **$27,720.67** |

Attached is a copy of the filed and recorded Abstract of Judgment for the aforementioned amount.

On January 27, 2020, United States District Judge Robert Pitman issued an Order in Cause No. 1:17-cv-00827; styled *Madeleine Connor v. Leah Stewart, Eric Castro and Chuck McCormick*, in the Western District of Texas-Austin Division. In his Order, Judge Pitman granted Defendants' their attorneys' fees, costs and additional sanctions against Plaintiff. The award is as follows:

| | |
|---|---|
| Attorney's Fees for Appeal: | $13,636.50 |
| Costs for Appeal: | $ 276.27 |
| Double Costs (in Appeal costs) | $ 58.00 |
| Attorney's Fees for District lawsuit (sanctions): | $28,646.50 |
| Costs for District lawsuit (sanctions): | $ 435.98 |
| **TOTAL:** | **$43,053.25** |

Attached is copy of the filed and recorded Order (Abstract of Judgment).

Plaintiff Madeleine Connor, individually, owes Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") by and through former Defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Charles McCormick the **total sum of $70,773.92.**

Creditor to be listed in the Writ of Execution is:

Texas Municipal League Intergovernmental Risk Pool by and through Defendants Eric Castro; Nancy Naeve; Gary Sertich; Leah Stewart; and Charles McCormick, as Subrogee.

Address:
Texas Municipal League Intergovernmental Risk Pool
c/o Denton Navarro Rocha Bernal & Zech, P.C.
2500 W. William Cannon, Suite 609
Austin, Texas 78745

Debtor to be listed in the Writ of Execution is:

**Madeleine Connor**
Mailing Address: P.O. Box 161962
Physical Addresses: 6203 Olympic Overlook, Austin, Texas 78746 and 6304 Whitemarsh
Vly Walk, Austin, Texas 78746.
Driver's License Number: Unknown
Social Security Number: Unknown
Date of Birth: Unknown

Attached are Travis County CAD records for the properties at 6203 Olympic Overlook and
6304 Whitemarsh Vly Walk in Austin, Travis County, Texas. Debtor claims a homestead
exemption on Olympic Overlook property.

Payment of the fee for the re-issuance of this Writ will be paid electronically with this
request.

If additional information is needed, please contact our office at (512) 279-6431.

Very truly yours,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com

SCOTT M. TSCHIRHART
smtschirhart@rampagelaw.com

SMT/ha
Enclosures: As stated

cc:    David Rogers                         **E-FILE NOTIFICATION**
       Law Office of David Rogers
       595 Round Rock West Drive, Suite #102
       Round Rock, Texas 78681

RETURN TO:       Denton Navarro Rocha Bernal & Zech, P.C.
                      Attn: Scott M. Tschirhart
                      25000 W. William Cannon Drive, Suite 609
                      Austin, Texas 78745

 **2 pgs**    **2019188751**

THE STATE OF TEXAS
County of Travis

**CAUSE NO. D-1-GN-15-003714**

A B S T R A C T   O F   J U D G M E N T

I, **VELVA L. PRICE**, Clerk of the District Court of TRAVIS County, Texas, do hereby certify that in the District Court of Travis County, Texas, in a certain suit pending in the 419TH JUDICIAL DISTRICT COURT.

D-1-GN-15-003714, wherein

DAVID MCINTYRE AND MADELEINE CONNOR , Plaintiff(s)
and
ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWARD, CHARLES MCCORMICK, , Defendant(s)
TOM CLARK AND JANE/JOHN DOE 1, 2, AND 3, WHOSE BIRTH DATES, SOCIAL SECURITY
NUMBERS AND DRIVER'S LICENSE ARE NOT AVAILABLE TO THE CLERK

the said
     ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH CHARLES MCCORMICK AND JANE/JOHN DOE 1, 2,
     AND 3
     BY AND THROUGH THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
     C/O DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
     2500 W. WILLIAM CANNON, STE. 609
     AUSTIN, TEXAS 78745

recovered judgment against the said
     DAVID MCINTYRE
     6208 AUGUSTA NATIONAL DRIVE
     AUSTIN, TEXAS 78746

     AND

     **MADELEINE CONNOR**
     **6208 OLYMPIC OVERLOOK**
     **AUSTIN, TEXAS 78746**

     **AND**

     **6308 WHITEMARSH VLY WALK**
     **AUSTIN, TEXAS 78746**

in the JUNE 23, 2017 JOINTLY AND SEVERALLY for the sum of **TWENTY-SEVEN THOUSAND SEVEN HUNDRED AND 67/100 DOLLARS ($27,700.67)**.

Said judgment is entitled to following credits, to-wit: NONE.

There is now still due on said judgment **$27,700.67**, with interest as hereinabove set out.

Given under my hand and seal of office at Austin, Texas, December 02, 2019.

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

D-1-GN-15-003714                                                                              P46 - 000001176
⬭ Original          ⬭ File Copy

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS



Dana DeBeauvoir, County Clerk
Travis County, Texas

**2019188751**

Dec 02, 2019 02:13 PM
Fee: $30.00          MEDINAE

**IIIIIIIIIIIIIIIIIIIII** 21 pgs    2020021481

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MADELEINE CONNOR, | § |
| | § |
| Plaintiff, | § |
| | § |
| v | § 1 17-CV-827-RP |
| | § |
| LEAH STEWART, | § |
| ERIC CASTRO, and | § |
| CHUCK MCCORMICK, | § |
| | § |
| Defendants | § |

## ORDER

Before the Court are Defendants Leah Stewart, Eric Castro, and Chuck McCormick's
(collectively, "Defendants") Amended Motion for Attorneys' Fees, (Dkt 59), and Motion for
Additional Sanctions, (Dkt 60) Having considered the parties' briefing, the record, and the relevant
law, the Court will grant both motions

### I. BACKGROUND

Plaintiff Madeleine Connor ("Connor") lives in the Lost Creek Municipal Utility District
("Lost Creek") and Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively,
"Defendants") are all directors of Lost Creek (Compl, Dkt 1, at 1–2) Connor has now sued
Defendants three times in this Court for the same cause of action *See McIntyre v. Castro*, No 1-15-
CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir
2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v Castro*, No 1 16-CV-490 RP, 2017 WL
1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th
Cir 2018) ("*McIntyre II*"), *Connor v Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D
Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In all three cases, the Court determined

1

that Connor's claims were not well-grounded in law or fact and dismissed Connor's lawsuits for failure to state a plausible claim for relief *See id.*

In *McIntyre I*, Connor alleged that Defendants sent a "pejorative" email with "evil intent" to Lost Creek residents "purporting to be an 'update' about" a lawsuit she filed against Defendants (*McIntyre I*, Compl , Dkt 5, at 1) Upon reviewing the email, the Court determined that it was not pejorative, but rather that it "simply state[d] the basis of Plaintiffs" claims and that Defendants rebut them." *McIntyre I*, 2016 WL 1714919, at *4 The Court dismissed Connor's claim, holding that her allegations fell "well short of supporting a claim for First Amendment retaliation." *Id* Connor appealed. The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") affirmed the Court's opinion, specifically finding that Connor's allegations did "not constitute retaliation " *McIntyre v. Castro*, 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016)

One week after the Court issued its order in *McIntyre I*, and while her appeal remained pending, Connor sued Defendants again (*See McIntyre II*, Notice of Removal, Dkt 1, at 3) Connor's *McIntyre II* complaint—her seventh amended petition in state court—alleged a First Amendment retaliation claim "nearly identical" to her claim in *McIntyre I McIntyre II*, 2017 WL 1483572, at *4 The Court again dismissed the claim. *Id* Connor then moved to amend her complaint to add another First Amendment retaliation claim, the Court denied her motion *Id* at *6 Connor appealed that decision *Connor v. Castro*, 719 F App'x 376, 379 (5th Cir 2018) The Court of Appeals affirmed this Court's decision, agreeing that it would have been futile to permit her to add the claim *Id* at 380

In *McIntyre II*, the Court found that the record gave "the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants

---

[1] There were two named plaintiffs in *McIntyre I* and *McIntyre II*—Madeleine Connor and David McIntyre *See McIntyre I*, 2016 WL 1714919, *McIntyre II*, 2017 WL 1483572

than any legally cognizable injury Plaintiffs may have suffered " *McIntyre II*, 2017 WL 1483572, at *6
The Court stated that Connor's conduct, which included her "presentation of an objectively benign
e-update as defamatory," was troubling  *Id*  In continuing "to engage in motion practice to add
allegations that [were] plainly insufficient"—particularly in light of this Court's prior order, which
was subsequently affirmed by the Court of Appeals—this Court found that her conduct fell "well
short of what this Court expects of its officers " *Id*  While the Court declined to sanction Connor at
that time, it warned her it would "not hesitate to consider sanctions—whether on motion or on its
own initiative" should Connor continue to litigate this issue in the future  *Id*

Despite that warning, Connor filed a third lawsuit in this Court, again alleging a First
Amendment retaliation claim on the basis of an objectively benign litigation update (Am Compl,
Dkt 8, at 2)  In doing so, she repeated a claim that had been twice rejected by this Court and once
by the Court of Appeals  *McIntyre I*, 2016 WL 1714919, at *4, *McIntyre II*, 2017 WL 1483572, at *4,
*McIntyre v Castro*, 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016)  Her only new
theory of retaliation—that Defendants intended to punish her by filing a valid defensive motion in a
lawsuit that she brought against them—was one the Court determined Connor, a lawyer, should
understand to be frivolous (Order, Dkt 31, at 10)  Again, this Court dismissed Connor's action as
meritless  (*Id*)

In dismissing Connor's third baseless lawsuit, this Court recited her history of vexatious
litigation and found that Connor filed the action for "the improper purpose of harassing and
imposing litigation costs on Defendants " (*Id*)  The Court determined that the appropriate Rule 11
sanction was to require Connor to pay Defendants' reasonable attorneys' fees and expenses related
to this action (*Id* at 11)  The Court then ordered Defendants to submit a motion for reasonable
attorneys' fees and expenses (*Id* at 12)  Concluding that a pre-filing injunction might be appropriate
to deter Connor from using the courts "as a weapon of harassment" against the Defendants, the

3

**Exhibit "A"**

Court also ordered the parties to attend a hearing to consider the proper scope of a pre-filing injunction (*Id.* at 8, 12)

Pursuant to the Court's order, Defendants filed a motion requesting $16,235 16 in reasonable attorneys' fees and expenses (Mot Att'y Fees, Dkt 32, at ¶ 18) The Court ultimately denied Defendants' motion because they failed to comply with Rule 11's safe harbor provision (Order, Dkt 42, at 3) However, after giving Connor the required notice and hearing, (Dkt. 31, 40), the Court imposed a pre-filing injunction against Connor sua sponte, barring her from filing any civil action "against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district " (Order, Dkt 42, at 9).

Connor appealed that order (Dkt 44) Her appeal was dismissed because she didn't timely file her brief (Dkt 47) The Fifth Circuit subsequently reinstated her appeal (Dkt 48) The Fifth Circuit then affirmed this Court's order without an opinion (Dkt 50, Ex S) She petitioned for rehearing by the panel. (*Id.* at Ex T) After nearly a year of defending the appeal, Defendants then filed a motion for appellate sanctions (*Id.* at Ex U) In that motion, Defendants expressly argued that Connor's entire appeal was frivolous and sought sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U S C § 1912. (Dkt 50, at 1 ("Now come Appellees, Leah Stewart, Eric Castro and Chuck McCormick and file their Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38" , "The current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court", "[T]his Court [should] remand this case to the district court 'to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912 '"))

The Court of Appeals granted Defendants' motion and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C

4

**Exhibit "A"**

§ 1912 " (Dkt 49 at 1) The Court of Appeals further cautioned Connor, "a lawyer representing herself pro se," that "any further prolongation of this case will likely result in additional sanctions " (*Id* at 2) Except for "the determination of costs and sanctions by the district court on remand," the Court of Appeals stated, in all caps, "THIS CASE IS OVER " (*Id*)

On remand, Defendants filed two motions for attorneys' fees and costs, (Dkt 50, 53), neither of which complied with this Court's Local Rules W D Tex Loc. R CV-7(j)(1) The Court ordered Defendants to properly confer with Connor and file an amended motion for attorneys' fees, costs, and sanctions that adhered to the local rules (Order, Dkt 56, at 2) The Court further ordered the parties to "advise the Court what other sanctions, if any, they believe to be appropriate " (*Id* at 1) Defendants then filed an Amended Motion for Attorneys' Fees, (Dkt. 59), and a Motion for Additional Sanctions, (Dkt 60) Those motions are now before the Court, (Mot Att'y Fees, Dkt 59, Mot. Sanctions, Dkt 60) First, the Court will turn to Defendants' Motion for Attorneys' Fees, (Dkt 59), which requests attorneys' fees, costs, and expenses incurred defending against Connor's appeal Second, the Court will address Defendants' Motion for Additional Sanctions, (Dkt. 60), which requests sanctions in the form of attorneys' fees incurred defending this lawsuit before this Court

## II. DISCUSSION

### A. Motion for Attorneys' Fees, Costs, Expenses

Pursuant to the Court of Appeals' mandate, Defendants seek $13,636 50 in attorneys' fees, $276 27 in expenses, and double costs in the amount of $58 00 for damages incurred in defending against Connor's appeal from October 1, 2018, the date Connor filed her Notice of Appeal, (Dkt 44), and June 21, 2019, the date the Court of Appeals granted Defendants' motion for sanctions and remanded to the District Court for a determination of the amount of costs and damages, (Dkt 49) (Mot Att'y Fees, Dkt 59, at 4–5)

5

**Exhibit "A"**

Connor contends that the Court should deny Defendants' request for attorneys' fees and costs because it "does not comply with this District's rule concerning the form, content, timeframe, or conference provisions of a request for attorney's fees " (Pl 's Resp , Dkt 61, at 2 (citing W D Tex Loc R CV-7(j)(1)-(3) ) Alternatively, Connor asks that the Court limit Defendants' fees and costs to those associated with the delay caused by her filing a motion for rehearing rather than awarding Defendants the fees and costs accrued in defending against the appeal as a whole (*Id* at 12) The Court finds both of these arguments lacking and discusses each of them in turn below

1   Defendants' Motion Complies with the Local Rules

Connor contends that Defendants' motion for attorneys' fees should be denied—"save perhaps double costs, which 28 U S C § 1912 permits, presumably without any form of motion being timely and compliantly filed"— because it does not comply with Local Rule CV-7(j) On this point, Connor makes three arguments First, she contends that Defendants did not satisfy the "meet and confer" requirement under the local rules because "Defendants' counsel refused to have any substantive discussions with Plaintiff regarding their request for fees and sanctions and walked out of the conference after the passage of only fifteen minutes " (Dkt 61 at 3–5) Second, she argues that Defendants' motion did not certify her specific objections to Defendants' requested attorneys' fees, objections she alleges she could not specifically articulate "because only an oral number was proposed, with no detail " (Dkt 61 at 6) Third, Connor contends that while Defendants' motion includes a billing document, it does not comply with the drafting and certification requirements, specifically, she argues that attaching a 22-page billing statement without "a more easily readable table" skirts the simplicity the local rules "seem to encourage " (*Id*)

The Court concludes that Defendants' motion properly complies with the local rules *See* W D Tex Loc R CV-7(j) It is undisputed that Defendants' counsel met in person with Connor on July 30, 2019 to discuss their intention to seek attorneys' fees (*See* Pl 's Resp , Dkt 61, at 4) During

6

**Exhibit "A"**

that meeting, Defendants "repeatedly asked" for Connor's objections to the fee amount, but Connor only offered a specific objection to one eight-hour billing entry (Defs' Reply, Dkt 59, at 6) Defendants noted this objection in their motion and properly "certified the reason why the matter could not be resolved by agreement." W D Tex Loc R CV-7(j), (*see also* Mot Att'y Fees, Dkt 59, at 5–7 ("The parties could not reach an agreement because Plaintiff offered [an amount] inconsistent with Defense counsel's authority")) And Rule 7(j) imposes no time requirement for a conference *See* W D Tex. Loc R CV-7(j) From the Court's perspective, fifteen minutes is sufficient to entertain that single objection

Moreover, Connor's contention that she "could not articulate a specific objection" to "an oral request for $40,000" because Defendants tendered the fee-bill to her "only 30 minutes before the meeting convened" is a flagrant misrepresentation of the facts (Pl's Resp, Dkt 61, at 5) Defendants provided statements and draft bills with their Motion for Attorneys' Fees and Costs pursuant to the order from the Court of Appeals, (Dkt 49), on June 25, 2019 (Orig Mot Att'y Fees, Dkt. 50) Defendants emailed Connor with an updated set of statements on July 24, 2019, a full six days before the conference (Email, Dkt 63-1, at 1) In that same email, Defendants' counsel expressly indicated that Defendants intended to seek attorneys' fees and costs incurred for the entire appeal and additional sanctions in the form of attorneys' fees and costs related to the rest of the case (*Id* at 1) Connor had the time and the information necessary to formulate her objections ahead of the conference and did not do so She cannot now misrepresent the record to manufacture noncompliance with the local rules in an attempt to evade sanctions.

Connor's argument that Defendants' motion should be denied because it "does not comply with the drafting and certification requirements of the rule" is likewise baseless (Pl's Resp, Dkt 61, at 6) Defendants' motion contains the requisite chronological billing activity, affidavit, and memorandum setting forth the method by which fees were computed W D Tex. Loc R CV-

7

**Exhibit "A"**

7(j) There is no requirement that a movant for reasonable attorneys' fees include "a more easily readable table," (Pl 's Resp, Dkt 61, at 6), billing records provide sufficient support for the legal services rendered by Defendants in defending this action. *People's Capital & Leasing Corp. v McClung,* No 5 17-CV-484-OLG, 2018 WL 7291447, at *2 (W.D Tex Aug 20, 2018) ("Plaintiff's attorney's fees request is properly supported by copies of the invoices for legal services ") Moreover, Defendant's counsel attested to the reasonableness of these rates in an affidavit attached to the motion (Tschirhart Aff, Dkt. 59-2, at 1–2), W D Tex Loc. R CV-7(j)

Thus, the Court concludes that Defendants' Motion for Attorneys' Fees complies with the local rules and Connor's arguments to the contrary are, predictably, without merit The Court will now turn to Connor's next argument pertaining to the scope of the Court of Appeals' mandate

2. Defendants are Entitled to Fees and Costs for the Entire Appeal

Connor contends that Defendants' request for attorneys' fees and costs incurred for the entire appeal should be denied because the Court of Appeals "rejected" Defendants' "repeated requests in the appellate court to award fees and sanctions for frivolous appeal " (Pl 's Resp , Dkt 61, at 8) In support of this argument, Connor cites to the text of the Court of Appeals' order, which she notes omits the words "frivolous" and "Rule 38" and cites only to 28 U S C § 1912 *Id* Connor interprets these omissions to mean the Court of Appeals denied Defendants' request for sanctions pursuant to Rule 38 and instead limited the scope of sanctions on remand to the delay associated with Connor's decision to file a motion for panel rehearing *(Id)*

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee " Meanwhile, 28 U S C § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and

8

single or double costs " 28 U S C § 1912 Importantly, the rule—unlike the statute—allows a court to order damages and costs for a frivolous appeal without finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee notes to 1967 adoption, *see also State of Tex. v. Gulf Water Benefaction Co*, 679 F 2d 85, 87 n 1 (5th Cir 1982), *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay ") An award of damages and double costs as sanctions for the filing of a frivolous appeal "may be made against an appellant under 28 U S C § 1912 and Fed R App P 38 " *Olympia Co v. Celotex Corp.*, 771 F 2d 888, 893 (5th Cir 1985) Thus, if a frivolous appeal results in delay, courts may use Rule 38 and 28 U S C § 1912 interchangeably *See Exhibitors Poster Exch, Inc. v Nat'l Screen Serv Corp.*, 78 F R.D 192, 195 (E D La 1978)

Having reviewed the Court of Appeals' order and the appellate record as a whole, the Court concludes that it may determine costs and damages related to the entire appeal; that is, the Court of Appeals' mandate does not limit apportionable damages to the delay associated with Connor's motion for panel rehearing As an initial matter, the Court of Appeals *granted* Defendants' motion for appellate sanctions (*See* Fifth Cir Order, Dkt 49, at 1 ("**IT IS ORDERED** that appellees' motion for sanctions, attorney fees, and costs is **GRANTED** ")) Defendants based their appellate motion for sanctions on the frivolousness of Connor's entire appeal, not on the delay associated with her filing a motion for panel rehearing (Defs ' App Mot Sanctions, Dkt 50, Ex U, at 2 ("[T]he current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court") Throughout the motion, Defendants specifically argued for sanctions pursuant to Rule 38, cited cases pertaining to frivolous appeals within the purview of Rule 38, and sought relief pursuant to Rule 38 (*See id* ("Sanctions under Rule 38 are appropriate"), *id.* (citing cases pertaining to sanctions imposed pursuant to Rule

9

38), *id* at 6 ("For the foregoing reasons, this Court should find that Appellant's arguments are frivolous, that sanctions under Fed R App P 38 are warranted, that Appellees have incurred attorneys' fees and expenses as a result of Appellant's frivolous litigation ") Even Connor concedes that the appellate motion "largely" "requests sanctions and damages pursuant to Rule of Appellate Procedure 38, and only requests relief under 28 U S C § 1912 on the final page " (Resp , Dkt 61, at 7) Thus, granting Defendants' motion *was* a finding that Connor's appeal was frivolous

Connor's textual argument is therefore unavailing While the Court of Appeals' order does "remand this case to the district court to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912," courts often use Rule 38 and 28 U S C § 1912 interchangeably when the appeal is frivolous and resulted in delay *Exhibitors Poster Exch , Inc v Nat'l Screen Serv. Corp.*, 78 F R D 192, 195 (E D La 1978) ("Various courts have referred to and utilized F R A P 38 and 28 U S C § 1912 interchangeably", *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv Corp* , 543 F 2d 1106, 1107 (5th Cir 1976) ("The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F R A P The motion is well taken   We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U S C. § 1912 "); *Olympia Co. v. Celotex Corp* , 771 F 2d 888, 892–93 (5th Cir 1985) (noting that an award of damages and double costs for the filing of a frivolous appeal "may be made against an appellant under 28 U S C. § 1912 and Fed R App P 38 ") This is especially so when the appeal has resulted in delay, indeed, the only reason to distinguish between the statutory basis for sanctions and the rule would be if the Court of Appeals intended to award sanctions for a frivolous appeal without making a finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee's note to 1967 adoption

Finally, in citing to § 1912, the Court of Appeals did not limit the scope of sanctions to the delay associated with Connor's filing of a motion for panel rehearing, as she contends Nothing in

10

Defendants' motion for appellate sanctions, which the Court of Appeals granted, limits the requested relief to the delay associated with one portion of Connor's appeal and nothing in the Court of Appeals' order imposes such a limitation either (*See* Defs' Mot App Sanctions, Dkt 50, Ex. U, 5th Cir Order, Dkt 49, at 1–2) For nearly a year, Connor prosecuted a meritless appeal with no legitimate prospect of success After filing her Notice of Appeal, (Dkt 44), she ignored the transcript order deadline, (Dkt 50, Ex A), waited six days after the Clerk sent her an email about missing the deadline to request more time, (*id* at Ex. C), delayed ordering the transcript again, (*id* at Ex D), moved for a fifteen-day extension to file her appellate brief, (Dkt 50, Ex F), and then filed for another extension the day before her brief was due, (Dkt 50 at Ex G) When the Court of Appeals denied Connor's motion for an extension, (Dkt 50 at Ex I), Connor filed a motion to reconsider arguing that "in seventeen years of practice, she had never personally been denied an extension of time to file an opening brief   " (Dkt 50, Ex J) The Court of Appeals denied her motion and dismissed her appeal for want of prosecution shortly after (Dkt 50, Ex K, L) Then, Connor filed two additional motions, which the Court of Appeals took no action on because it had dismissed her appeal (Mot Attorneys' Fees, Dkt 50, at 4) Connor then filed a motion to reopen the appeal (Dkt 50, Ex O)

The Court of Appeals granted her motion and reinstated her appeal (Dkt 50, Ex Q) After considering Connor's arguments on appeal, the Court of Appeals then affirmed this Court's order without an opinion (Dkt 50, Ex S) In an attempt to further prolong meritless litigation, Connor filed a petition for panel rehearing (Dkt 50, Ex T) At this point, after almost a year of investing time and resources into defending against Connor's various delay tactics, Defendants filed a motion for appellate sanctions, which the Court of Appeals granted. (Dkt 50, Ex. U)

Because Connor's frivolous appeal resulted in nearly a year of delay, the Court of Appeals remanded to the District Court for a determination of costs and damages pursuant to § 1912. *See*

11

Fed R App P 38 advisory committee's note (explaining that Rule 38 and § 1912 can be used interchangeably, the only difference being that § 1912 requires a showing of delay) And the appellate record makes clear that Connor delayed prompt adjudication of this dispute throughout the entire appeal

Finding no reason to limit the scope of sanctions to the attorneys' fees and costs associated with Connor's motion for panel rehearing, the Court will assess against Connor the attorneys' fees and costs incurred by Defendants in defending against the entire frivolous appeal.

### *i.  Attorneys' Fees*

Defendants contend that from October 1, 2018 (the date Connor filed her Notice of Appeal) through June 21, 2019 (the date the Court of Appeals issued its mandate) they incurred $13,636 50 in reasonable and necessary attorneys' fees and $276 27 in expenses defending against Connor's frivolous appeal (Mot Sanctions, Dkt 59, at 5) As supporting documentation, Defendants submit an affidavit from Defendants' counsel of record and detailed billing records (Tschirhart, Dkt 59-2, at 1–2, Invoices, Dkt. 59-3, at 1–18) Defendants' request for attorneys' fees is based on the following rates $195 (later $210) per hour for Partners, $175 (later $180) per hour for Senior Associates, and $75 (later $85) for paralegal time (Tschirhart Aff, Dkt 59-2, at 1) Defendants' memorandum notes that these fees "are based upon a bargained-for agreement" and represent "the same fees commonly charged for this kind of work by our Firm all over the State of Texas " (Defs' Fee Calculation Memo, Dkt. 59-4, at 2)

12

**Exhibit "A"**

The Court finds that the attorneys' fees requested are reasonable in light of the well-known *Johnson* factors [2] *Johnson v. Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989) In defending against Connor's appeal,  Defendants' counsel spent nearly a year reviewing and drafting responses to Connor's various requests for extensions of time and other obstinate efforts to deny Defendants a prompt resolution of the dispute (*See e.g.* Invoice, Dkt. 59-3, at 8–17) Upon examining Defendants' detailed records, the Court finds the time and labor documented to be reasonable in light of the issues involved and the skill required *See id* Moreover, the fees charged for the services are consistent with fees charged for such services in the geographic area amongst lawyers with similar experience, reputation, and ability *See id* Finally, Connor has not challenged the requested rates and fees; her response to Defendants' attorney's fees motion only contests compliance with W D Tex Loc R CV-7(j) and the scope of the Court of Appeals' mandate [3] While she proffers her own attorneys' fee offer— $525 00—she does not explain why Defendants' requested rates and fees, supported by invoices, affidavits, and memorandum, are unreasonable. Thus, the Court concludes that Defendants are entitled to the $13,636 50 in requested attorneys' fees and $276 27 in requested expenses

---

[2] The *Johnson* factors are (1) the time and labor required to represent the client or clients, (2) the novelty and difficulty of the issues in the case, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee charged for those services in the relevant community, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases *Johnson v Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989)

[3] While Connor objected to one billing entry when the parties met to confer, Defendants "adjusted that particular entry, in response to [Connor's] objection, by reducing it accordingly," (Defs' Reply, Dkt 63, at 4), and Connor's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs, (Dkt 61), does not raise objections with respect to the requested rates and fees, only to the manner in which these rates and fees were discussed *See* Pl's Resp, Dkt 61, at 3–4 (objecting to Defendants' "global request for $40,000" as noncompliant with the meet and confer requirements under W D Tex Loc R CV-7(j), but raising no other specific objections to the rates and fees incurred)

13

### n.   Costs

The Court of Appeals also remanded this case for a determination of costs (*See* Fifth Cir,
Mandate, Dkt 49, at 1) "Where a judgment is affirmed by the Supreme Court or a court of appeals,
the court in its discretion may adjudge to the prevailing party just damages for his delay, and single
or double costs " 28 U S C § 1912 Federal Rule of Appellate Procedure 38 likewise allows for "just
damages and single and double costs to the appellee" when an appeal is frivolous *Garza v. Westergren*,
908 F 2d 27, 29 (5th Cir 1990) ("[A]n award of attorney's fees and double costs pursuant to Federal
Rule of Appellate Procedure 38 is proper, because this appeal is frivolous ") Defendants submitted
a Bill of Costs to the Court of Appeals in the amount of $29 40 in taxable costs, (Bill of Costs, Dkt
50, Ex W, at 166), and ask the Court to award double costs in the amount of $58 00 (Mot Att'y
Fees, Dkt 59, at 3–5)

The Court concludes that this case is a textbook example of a scenario where double costs
are warranted Here, Connor's appeal was not only frivolous, but also resulted in significant delay
For nearly a year, Connor prolonged unmeritorious litigation, with no legitimate prospect of
success In continuing to litigate a meritless appeal and leaving no delay tactic unturned, Connor
"imposed an unnecessary burden on [the Court of Appeals] and has infringed on the rights of the
appellees who are entitled to a prompt adjudication of this dispute." *Hagerty v. Succession of Clement*,
749 F 2d 217, 222 (5th Cir 1984) Accordingly, the Court determines that Defendants' request for
double costs in the amount of $58 00 is warranted (*See* Dkt 59, at 5)

### B.   Motion for Additional Sanctions

In response to this Court's order, (Dkt 56), Defendants filed a motion requesting additional
sanctions in the form of "all of the attorneys' fees and costs incurred by Defendants in the
proceedings before this honorable court" (Mot Add. Sanctions, Dkt 60, at 2) In the alternative,
Defendants ask the Court to sanction Connor by "entering an Order temporarily disbarring [her]

14

from the practice of law before the Courts in the Western District of Texas for a period of not less than six (6) months" (*Id.* at 2-3) Ultimately, Defendants just want the Court to "fashion a sanction that would deter [Connor] from continuing to use the [c]ourts as a weapon of harassment against them and those who are connected with them." (*Id.* at 2) Defendants provide two possible bases for additional sanctions First, Defendants contend that Connor, a licensed attorney, could be sanctioned pursuant to 28 U S C § 1927 Second, Defendants contend the Court can sanction Connor pursuant to its inherent authority

Connor argues that this Court lacks the authority to issue additional sanctions because the Court of Appeals' remand order only allows for an assessment of fees for delay under 28 U S C § 1912, which Connor isolates to fees accrued by the Defendants after she filed a motion for panel rehearing (Pl's Resp, Dkt 62, at 2) She argues that on remand a trial court cannot deviate from the mandate of the appellate court and that the Court of Appeals' mandate requires this Court to assess fees only for delay under 28 U S.C § 1912 (*Id.*)

As previously discussed, the Court finds nothing in the text of the Court of Appeals' remand order that limits sanctions to the delay associated with Connor's motion for panel rehearing *See infra* Part II A 2 Moreover, the Court of Appeals' mandate covers appellate sanctions and says nothing about this Court's power to sanction Connor for her unreasonable and vexatious conduct before this Court Because the pre-filing injunction imposed by this Court, (Order, Dkt 42, at 9), has not deterred Connor from continuing to harass Defendants with unmeritorious litigation—both in this Court and others—the Court will assess additional monetary sanctions against Connor

### 1    Sanctions pursuant to 28 U S C § 1927

Under 28 U S C § 1927, "[a]ny attorney     who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" To impose sanctions

15

**Exhibit "A"**

pursuant to this provision, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Morrison v Walker*, 939 F 3d 633, 637–38 (5th Cir 2019) "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owed to the court '" *Id.* "An attorney acts with "reckless disregard" of [her] duty to the court when [s]he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining [her] factual contentions." *Id* at 638

In support of § 1927 sanctions, district courts often rely on "repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions " *Procter & Gamble Co v Amway Corp.*, 280 F 3d 519, 525 (5th Cir 2002) Before imposing such sanctions, the court must "make detailed factual findings," including "(1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction " *Morrison*, 939 F 3d at 638 "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every fact* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial " *Procter & Gamble Co.*, 280 F 3d at 526 (emphasis in original)

For the reasons stated below, the Court concludes that Connor's conduct in filing and persistently litigating this lawsuit unreasonably and vexatiously multiplied the proceedings against Defendants and sanctions are thus warranted under § 1927

### *i   Reasonableness*

This is Connor's third, meritless First Amendment retaliation lawsuit before this Court In bringing this latest lawsuit, Connor knew that this Court had twice dismissed—and the Court of Appeals had previously affirmed dismissal of—Connor's nearly identical claims *See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250

16

(5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*") By filing this third lawsuit, Connor persistently prosecuted a meritless claim and thus unreasonably multiplied proceedings that should have concluded with the resolution of *McIntyre I*

## ii. *Vexatiousness*

To impose sanctions pursuant to § 1927, counsel's multiplication of proceedings must be not only unreasonable, but also vexatious *See Morrison*, 939 F.3d at 637–38 The Court concludes that Connor vexatiously multiplied the proceedings in reckless disregard of the duty owed to this Court *See id* This Court's dismissal of *McIntyre I* put Connor on notice that claims for First Amendment retaliation based on a benign litigation status update were meritless *See McIntyre* I, 2016 WL 1714919, at *4 *McIntyre II* did not remedy these deficiencies and this Court admonished Connor's decision to continue to assert a claim nearly identical to the one previously dismissed, questioned her motivation, and warned of possible future sanctions if she continued to exhibit conduct that "falls short of what this Court expects of its officers " *McIntyre II*, 2017 WL 1483572, at *6 Connor was not deterred Instead, she filed a nearly identical lawsuit, indifferent to this Court's warnings (Compl , Dkt 1) In light of the record as a whole, the Court concludes that Connor pursued this third lawsuit in bad faith and for the improper purpose of harassing and annoying Defendants Such conduct constitutes a reckless disregard of the duty owed to this Court

As noted in this Court's previous order, "Connor's extensive and meritless litigation history against Defendants and other Lost Creek directors indicates a commitment to use the courts as a weapon of harassment against them " (Order, Dkt 42, at 8–9). Despite this Court's two prior dismissals of nearly identical First Amendment retaliation claims against Defendants, she filed a third lawsuit alleging First Amendment retaliation on the basis of the same benign litigation update

17

*See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec. 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom Connor v. Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"), *Connor v. Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In doing so, she advanced a "baseless claim despite clear evidence undermining her factual contentions," namely, two prior dismissals and an affirmance by the Court of Appeals *See id* Throughout the litigation, Connor made claims that were "not merely meritless" but also made in bad faith for the purpose of harassing Defendants (*See* Order, Dkt 42, at 7) Given Connor's repeated efforts to advance allegations against Defendants in bad faith at every step of the litigation, shifting the entire burden of defending this lawsuit onto Connor is not only appropriate, but necessary to deter Connor from harassing Defendants with more meritless litigation in the future

Moreover, the monetary sanctions issued by state courts in similar litigation have not deterred Connor from filing this action, indicating the need for additional monetary sanctions (*See* Orders, Dkt 38-2) Even more troubling, Connor recently misrepresented the record in this case in a related state court action, attesting to a state court judge that this Court had dismissed her state law claims, when in fact this Court had merely declined to exercise supplemental jurisdiction over them and remanded them back to Texas state court (*See* Advisory to the Court, Dkt 67, at 1–5), *compare McIntyre* II, 2017WL 1483572, at *5 ("In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction Accordingly, the state law claims against Defendants are properly remanded back to Texas state court") *with* Connor's Request for Abstract Judgment, Dkt 67-1, at 1 ("[T]he record clearly indicates that the claims dismissed by the Hon Karin Crump had already been dismissed by the Western District of Texas, and therefore, the order is subject to collateral attack and injunctive relief") As this Court has already admonished, "Connor

18

has the legal training and experience to understand that     the state-law portion of Defendants' motion was not adjudicated by this Court, which remanded Connor's state-law claims " (Dkt 31 at 7) Therefore, Defendants' requested sanctions are also appropriate to deter Connor from misrepresenting this Court's record for the purpose of harassing defendants in an alternate forum.

Finally, Connor's frivolous filings have needlessly diverted this Court's time and resources away from the hundreds of meritorious cases and controversies on its docket (*See* Order, Dkt 42, at 8 (discussing the burden that Connor's high volume of motions in this action and previous actions have had on this Court)) Thus, in continuing to prosecute her claims in bad faith, Connor not only saddled Defendants with the burden of defending against frivolous claims, but she also impeded this Court's ability to direct its attention to the meritorious plaintiffs on its docket in need of relief Connor has imposed a similar burden on the Texas state court system *See id* (discussing the burden Connor's litigation tactics have placed on the state court system, particularly the five-hundred-page state court record in *McIntyre II*) Repeated admonitions and the threat of sanctions both by this Court and the Court of Appeals have not deterred Connor from continuing to litigate in bad faith *McIntyre II*, 2017 WL 1483572, at *6 ("In short, the Court is troubled by Connor's conduct in this litigation     the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative "), (*see also* Fifth Cir Mandate, Dkt 49, at 2 ("[A]ppellant, a lawyer representing herself pro se, is cautioned that any further prolongation of this case will likely result in additional sanctions ") The Court concludes that severe monetary sanctions are necessary to send the message to Connor that bad faith litigation brought for the purpose of harassment will not be tolerated, especially by an officer of the Court Thus, this Court will assess the full cost of defending this suit against Connor

19

**Exhibit "A"**

In defending against Connor's baseless claims before this Court, Defendants incurred a total of $28,646.50 in reasonable and necessary attorneys' fees and $435.98 in expenses (Mot. Add. Sanctions, Dkt. 60, at 6). In reviewing the submitted invoices, affidavit, and memorandum in support of this figure, the Court determines that both the work expended and the rates assessed are reasonable for the geographic area. Because Connor has not disputed the reasonableness of these sums and because the record demonstrates that "every facet" of Connor's third lawsuit was "patently meritless" and brought in bad faith for the improper purpose of harassing Defendants, (*see* Order, Dkt. 42, at 4–9), the Court concludes shifting the entire cost of the defense to Connor is appropriate pursuant to 28 U.S.C. § 1927.[4] *See Procter & Gamble Co.*, 280 F.3d at 526. In addition to these monetary sanctions, the Court reminds Connor that a pre-filing injunction remains in place.

> Connor may not file a civil action against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district. Any future complaint against Defendants or other officers of the Lost Creek Municipal Utility District in this district shall be accompanied by a motion for leave, and no summons shall issue unless leave is granted.

(Dkt. 42 at 9)

To echo the Court of Appeals, "[t]his case is over."

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs, (Dkt. 59), is **GRANTED**.

---

[4] To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.")

**Exhibit "A"**

**IT IS FURTHER ORDERED** that Defendants' Motion for Additional Sanctions, (Dkt 60), is **GRANTED**

Defendants are entitled to an award of **$13,636.50 in attorneys' fees, $276.27 in expenses**, and double costs in the amount of **$58.00** for the damages incurred in defending against Connor's frivolous appeal

Defendants are further entitled to **$28,646.50 attorneys' fees and $435.98 in expenses** incurred in defending this matter before this Court

   **SIGNED** on January 27, 2020



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE
A true copy of the original, I certify.
Clerk, U.S. District Court

Deputy Clerk

Recorders Memorandum–At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded

## RETURN

DENTON NAVRRO ROCHA BERNAL & ZECH,
P
2500 W WILLIAM CANNON DRIVE
SUITE 609
AUSTIN, TX 78746



**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir

**Dana DeBeauvoir, County Clerk**
**Travis County, Texas**

**2020021481**   Feb 10, 2020 02:08 PM

Fee: $106.00          WELLINB

21

**Exhibit "A"**

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID | 108378 | Legal Description: | LOT 14 BLK 4 LOST CREEK SEC I |
| Geographic ID | 0109280314 | Zoning. | |
| Type | Real | Agent Code: | |
| Property Use Code | | | |
| Property Use Description | | | |

## Protest

Protest Status
Informal Date:
Formal Date

## Location

| Access: | 6203 OLYMPIC OVERLOOK AUSTIN, TX 78746 | Mapsco | |
|---|---|---|---|
| Neighborhood | N5200 | Map ID: | 011037 |
| Neighborhood CD | N5200 | | |

## Owner

| Name | CONNOR MADELEINE B | Owner ID: | 1739060 |
|---|---|---|---|
| Mailing Address: | 6703 OLYMPIC OVERLOOK AUSTIN TX 78746 7229 | % Ownership, | 100.0000000000% |
| | | Exemptions: | HS |

| | | | | |
|---|---|---|---|---|
| (+) Improvement Homesite Value: | + | N/A | | |
| (+) Improvement Non-Homesite Value | + | N/A | | |
| (+) Land Homesite Value: | + | N/A | | |
| (+) Land Non-Homesite Value: | + | N/A | Ag / Timber Use Value | |
| (+) Agricultural Market Valuation | + | N/A | | N/A |
| (+) Timber Market Valuation: | + | N/A | | N/A |
| (=) Market Value: | = | N/A | | |
| (-) Ag or Timber Use Value Reduction: | − | N/A | | |
| (=) Appraised Value | = | N/A | | |
| (−) HS Cap: | − | N/A | | |
| (=) Assessed Value | = | N/A | | |

Owner:      **CONNOR MADELEINE B**

% Ownership:   100.0000000000%

Travis CAD - Property Details

Total Value: N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|--------|-------------|----------|-----------------|---------------|---------------|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate | N/A | | | |

Taxes w/Current Exemptions: N/A
Taxes w/o Exemptions: N/A

Improvement #1: 1 FAM DWELLING   State Code: A1   Living Area: 2692.0 sqft   Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|------|-------------|----------|---------------|------------|------|
| 41 | 1st Floor | WW 5 | | 1976 | 1239.0 |
| 5U | 2nd Floor | WW 5 | | 1976 | 923.0 |
| 11 | PORCH OPEN 1St FL | | | 1976 | 310.0 |
| 51 | GARAGE ATT 1St FL | WW 3 | | 1976 | 591.0 |
| 119 | HVAC RESIDENTIAL | | | 1976 | 2692.0 |
| 51 | BACKYARD M | | | 1976 | 1.0 |
| 117 | DECK WOOD OPEN FEET | 5 | | 1976 | 110.0 |
| 537 | FIREPLACE | 5 | | 1976 | 1.0 |
| 257 | SPRINKLER SYS | | | 1976 | 4.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|------|-------------|-------|------|-----------|-----------|--------------|-------------|
| 1 | LAND | Land | 0.3076 | 13400.00 | 0.00 | 0.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|------|--------------|-------------|--------------|-----------|--------|----------|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $761,000 | $420,000 | 0 | 681,000 | $100 | $680,900 |
| 2018 | $199,000 | $420,000 | 0 | 619,000 | $0 | $619,000 |
| 2017 | $260,000 | $360,000 | 0 | 620,000 | $0 | $620,000 |
| 2016 | $435,374 | $210,000 | 0 | 645,374 | $11,677 | $633,697 |
| 2015 | $449,122 | $180,000 | 0 | 629,122 | $53,034 | $576,088 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|-----------|------|-------------|---------|---------|--------|------|-------------|
| 1 | 10/3/2017 | WD | WARRANTY DEED | VANWISSE DEWITT | CONNOR MADELEINE B | | | 2017160495 |
| 2 | 3/1/2013 | WD | WARRANTY DEED | NCM ACQUISITIONS LLC | VANWISSE DEWITT | | | 2013037759TR |
| 3 | 12/4/2012 | MS | MISCELLANEOUS | BAE KUM YEO | NCM | | | 2012209519TR |

& KYEONG J    ACQUISITIONS
LLC

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID | 111538 | Legal Description | LOT 5 BLK 7 LOST CREEK SEC 2 |
| Geographic ID | 0111280117 | Zoning | |
| Type | Real | Agent Code | |
| Property Use Code | | | |
| Property Use Description | | | |

## Protest

Protest Status
Informal Date
Formal Date

## Location

| | | | |
|---|---|---|---|
| Address | 6304 WHITEMARSH VLY WALK TX 78746 | Mapsco | |
| Neighborhood | N5700 | Map ID | 011037 |
| Neighborhood CD | N5700 | | |

## Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELINE G | Owner ID | 1485600 |
| Mailing Address | 6203 OLYMPIC OVERLOOK AUSTIN , TX 78746-7229 | % Ownership | 100.0000000000% |
| | | Exemptions | |

| | | | | |
|---|---|---|---|---|
| (+) Improvement Homesite Value | + | N/A | | |
| (+) Improvement Non-Homesite Value | + | N/A | | |
| (+) Land Homesite Value: | + | N/A | | |
| (+) Land Non Homesite Value: | + | N/A | Ag / Timber Use Value | |
| (+) Agricultural Market Valuation | + | N/A | | N/A |
| (+) Timber Market Valuation: | + | N/A | | N/A |
| | | --------------------------- | | |
| (=) Market Value: | = | N/A | | |
| (−) Ag or Timber Use Value Reduction: | − | N/A | | |
| | | ----------------- | | |
| (=) Appraised Value: | = | N/A | | |
| (−) HS Cap: | − | N/A | | |
| | | ----------------- | | |
| (=) Assessed Value | = | N/A | | |

Owner:        CONNOR MADELINE G
% Ownership:  100.0000000000%

Travis CAD - Property Details

Total Value: N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6F | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate: | N/A | | | |

Taxes w/Current Exemptions: N/A
Taxes w/o Exemptions: N/A

Improvement #1: 1 FAM DWELLING   State Code:   A1   Living Area: 2152 0 sqft   Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| 1F | 1st Floor | WW 2 | | 1981 | 2152.0 |
| 11 | PORCH OPEN 1ST | 5 | | 1981 | 28.0 |
| 11 | GARAGE AT 1ST | WW | | 1981 | 573.0 |
| | HVAC RESIDENTIAL | | | 1981 | 2152.0 |
| 61 | BATHROOM | | | 1981 | 2.3 |
| 12 | DECK UNCOVRED | | | 1981 | 123.0 |
| 12 | DECK UNCOVRED | | | 1981 | 20.0 |
| 22 | FIREPLACE | 5 | | 1981 | 1.0 |
| 46 | MASONRY TRIM M | AVG | | 1981 | 405.0 |
| 32 | TERRACE UNCOVERED | 5 | | 1981 | 130.0 |
| 32 | DECK UNCOVRED | 5 | | 1981 | 223.0 |
| 32 | DECK UNCOVRED | 5 | | 1981 | 20.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3595 | 15660 00 | 116.00 | 135.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $210,200 | $367,500 | 0 | 577,700 | $0 | $577,700 |
| 2018 | $238,597 | $367,500 | 0 | 606,097 | $0 | $606,097 |
| 2017 | $281,174 | $283,500 | 0 | 564,674 | $225,996 | $338,678 |
| 2016 | $331,818 | $165,375 | 0 | 497,193 | $189,304 | $307,889 |
| 2015 | $342,296 | $141,750 | 0 | 484,046 | $204,147 | $279,899 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/26/2007 | DV | DIVORCE | CONNOR CABRACH J & | CONNOR MADELINE G | | | DV#D-1-FM-06-003296 |

MADELEINE G

| 2 | 8/2/2002 | WD | WARRANTY DEED | ORTMAN THOMAS E | CONNOR CABRACH J & MADELEINE G | 00000 | 00000 | 2002143357TR |
| 3 | 3/15/1989 | AD | ASSUMPTION DEED | ORTMAN THOMAS E & DANIEL ORTMA | ORTMAN THOMAS E | 10942 | 00027 | |

Exhibit "B"

**ELVA L. PRICE**

istrict Clerk, Travis County
O. Box 679003
ustin, Texas 78767-9003
2-854-9457

ceived From: Madeleine B. Conner

f. Cause No.: D - 1 - GN-15- 003714

ceived For: Passport [ ] Photo [ ] Other [X]

f. Other: Supersedeas Bond

ceived By
puty District Clerk: Sandy Capelo

RECEIPT No. 00303

Date: 08 | 28 | 2020

Amount: 30,000

Payment Type:
Cash [ ] Check [✓] M.O. [ ] Credit [ ]

CASH : Amount of change returned _____

CHECK or M.O. #: 92308 20 220

Check or M.O.     D/L # _____
Information:      D.O.B. _____
                 Phone # _____

CREDIT CARD REF. # _____

Exhibit "C"

> Legals (/tx/legals/search)

# NOTICE OF SALE OF REAL ESTATE-COUNTY OF TRAVIS-STATE OF TEXAS

By virtue of a certain WRIT OF EXECUTION issued by the 419TH DISTRICT COURT of Travis County, Texas, on the 24TH day of JUNE, 2020 in certain causes numbered D-1-GN-15-003714 and 1:17-CV-00827, respectively, wherein ERIC CASTRO AND NANCY NAEVE AND GARY SERTICH AND LEAH STEWART AND CHARLES MCCORMICK is Defendant and DAVID MCINTYRE AND MADELEINE CONNOR is Plaintiff, found in favor of said Defendant for the sum of: - For cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS ($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, For cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS) - That being the amount of the judgment recovered by said Plaintiff, in the 419th District Court of Travis County, Texas on the 23th day of JUNE, 2017, and the United States District Court for the Western District of Texas Austin Division, Texas, on the 27th day of JANUARY, 2020, respectively. - I, DEPUTY JUAN ARISPE #327 on the 29TH day of JULY, 2020 have levied upon, and will on the 1ST day of SEPTEMBER, 2020 between the hours of 10:00 a.m. and 4:00 p.m. on said day, at the courthouse steps of said county, offer for sale at public auction for cash to the highest bidder, all the right, title and interest of Defendant in and to the following described property, levied upon as the property of Defendant, to wit: - LOT 5 BLK 7 LOST CREEK SEC 2; - COMMONLY KNOWN AS 6304 WHITEMARSH VLY WALK, AUSTIN, TEXAS 78746 - Note: On the property sold there are no warranties, expressed or implied, including but not limited to the implied warranties of merchantability and fitness for a particular purpose. You have bought the property "as is". Buyers are further advised that the purchase of the property at the Constable's sale may not extinguish any liens or security interest on or in the property. You have simply purchased whatever interest the defendant had in the property. If you have any questions, you should consult the counsel of your choice. - The purchaser will be required to produce an unexpired written statement from the Tax-assessor-collector of the County in which the sale is conducted that there are no delinquent ad valorem taxes owed to the county, school district or municipality. - The above sale to be made by me to satisfy the above-described judgment for: - Cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS

($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN THE COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, Cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS). . Proceeds applied to the satisfaction thereof. - /S _____ - Stacy Suits, Constable - Travis County, Pct 3 - 8656 B Hwy. 71 West, Ste., 132, Austin, TX 78735 - 512-854-2107 - Posted this 5th day of August, 2020 - By: _____ - Deputy Juan Arispe #327

Viewed 56 times          Posted August 03, 2020

## Share

tom/share/qphp?%9t     %3A%2F%2F

knsteklis.chrn%26m%23Tfegist2f%2f%2Flegals%2Fnotice-

tyoofanlysi%fntavesanity-of-travis-state-of-

22F54C725F533F46428246368&Dsr2334646&

REACE-OFF-REAL-CONTROD+HS-TXWSE-CORANTY-+OF+TRAVIS-

:+OF+TEXAS)

### Make Your Ad Shine!

(https://austinchronicle.adperfect.com)

CONTACT (http://www.austinchronicle.com/contact/)

PRIVACY POLICY (http://www.austinchronicle.com/privacy-policy/)

ADVERTISE WITH US (http://www.austinchronicle.com/advertise-with-us/)

SITE MAP (http://www.austinchronicle.com/site-map/)

Copyright © 2020 by Austin Chronicle (https://www.austinchronicle.com). All rights reserved.

POWERED BY adperfect

Exhibit "D"

| | | |
|---|---|---|
| **DAVID McINTYRE, et al.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs** | § | |
| **vs.** | § | |
| | § | **419TH JUDICIAL DISTRICT OF** |
| **ERIC CASTRO, et al.,** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## MOTION FOR STAY OF EXECUTION

TO THE HONORABLE SENIOR DISTRICT JUDGE W.C. KIRKENDALL:

COMES NOW, Plaintiff and Madeleine Connor, and files this her request for a stay of the writ of execution issued in this case.

On August 27, 2020, Plaintiff first became aware of a notice of sale of her non-exempt real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746. On the same day, August 27, 2020, the District Clerk file-stamped a supersedeas bond,[1] and on the following day, accepted a cash payment of $30,000.00 for issuance of the bond.[2]

The unserved notice of sale indicates that Connor's non-exempt real property described above will be sold at auction on September 1, 2020.[3]

Connor immediately took action to avoid the sale by requesting that the Travis County District Clerk accept her supersedeas to satisfy immediately the judgment, which the Clerk did. Connor also filed a request that the Court make findings under Tex. Prop. Code § 51.0011 and filed it with the clerk. Connor's lead counsel, Mr. David Rogers, also filed an endorsement and ratification of the motion and supersedeas filed and tendered by Ms. Connor.

Although Connor still maintains various irregularities exist, and intends to exercise those legal remedies to overturn the judgment and the Abstract of Judgment rendered by the Travis

---

[1] Exhibit A, Supersedeas Bond file-stamped September 27, 2020
[2] Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
[3] Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.

County District Clerk and issuance of the writ of execution upon which the sale of the property purportedly rests, Connor files this request for stay of execution by emergency hearing or submission to halt the execution on her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020.

## PRAYER

Plaintiff prays that the Court grant Plaintiff's request for a stay of execution sufficient to avoid a sale of her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020. Connor prays for general relief.

Respectfully submitted,

/s/ David Rogers
David Rogers
State Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681
Phone: (512) 923-1836
Fax: (512) 685-1144
***Attorney for Madeleine Connor***

**Exhibits**

Exhibit A, Supersedeas Bond file-stamped September 27, 2020
Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.

[Remainder of Page intentionally Left Blank]

## <u>CERTIFICATE OF SERVICE</u>

I certify that this instrument was served on the following persons on the 31st day of August, 2020: Lowell Denton and Scott M. Tschirhart, in accordance with Rule 21a, Texas Rules of Civil Procedure.

SCOTT M. TSCHIRHART
State Bar No. 24013655
Scott.Tschirhart@rampage-aus.com
SMTschirhart@rampagelaw.com
LOWELL F. DENTON
State Bar No. 05764700
lowell.denton@rampage-sa.com
LFDenton@rampagelaw.com
DENTON NAVARRO ROCHA BERNAL & ZECH
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 Facsimile

ATTORNEYS FOR SUBROGEE
TEXAS MUNICIPAL LEAGUE
INTERGOVERNMETAL RISK POOL

*/s/ David Rogers*
David Rogers
***Attorney for Madeleine Connor***

No. D-1-GN-15-003714

| DAVID McINTYRE, et al., | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| vs. | § | |
| | § | 419TH JUDICIAL DISTRICT OF |
| ERIC CASTRO, et al., | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## STAY OF EXECUTION

Before the Court on emergency hearing, is Madeleine Connor's Application for a Stay of Execution.

The Court grants the stay, as she has posted security to suspend execution of the Final Judgment in the amount of $30,000.

Accordingly, the execution of the judgment by writ, and/or enforcement and sale of Madeleine Connor's property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, is hereby STAYED.

The Court further orders that delivery of this Order to the Travis County Constable Precinct #3 by email or other means shall be sufficient notice to effectuate this stay of execution.

Signed this _____ day of _____, 2020

_____
The Honorable Senior District Judge W.C. Kirkendall

Exhibit "A"

Filed In The District Court
of Travis County, Texas

AUG 2 7 2020 DF
At ____ 1:23 ____ M.
Velva L. Price, District Clerk

COPY

No. D-1-GN-15-003714

| | | |
|---|---|---|
| **DAVID McINTYRE, et al.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs** | § | |
| **vs.** | § | |
| | § | **419TH JUDICIAL DISTRICT OF** |
| **ERIC CASTRO, et al.,** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

### SUPERSEDEAS

COMES NOW, Plaintiff Madeleine Connor, and files this her Supersedeas.

Pursuant to Texas Rule of Appellate Procedure 24 and Civil Practice & Remedies Code Chapter 52, Plaintiff Madeleine Connor, herewith files this deposit in lieu of bond.

1.  The Western District of Texas signed an order on January 27, 2020, in cause number 1:17-cv-00827-RP [Dkt. 70];

2.  The Defendants recorded the order referenced above on February 10, 2020;

3.  On February 26, 2020, Plaintiff filed a notice of appeal to the order, which was an award of attorney's fees and sanctions;

4.  The trial court's order awarded no compensatory damages or interest thereon; therefore, the amount of supersedeas required is $ 0. *See In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2014); *Shook v. Walden*, 304 S.W.3d 910 (Tex. App.—Austin 2010), *overruled on other grounds*, 451 S.W.3d 385 (Tex. 2014);

5.  Connor filed a supersedeas on February 26, 2020, but was unable to post a bond before the courthouse closed due to covid, and;

6.  This document is resubmitted with the Travis County Clerk, with the sum of thirty-thousand dollars ($30,000.00), as a deposit in lieu of bond. This amount should be sufficient to supersede all costs and amounts finally determined by appeal. *See*

attached.  Ms. Connor intends to challenge this payment and the abstract of judgment

that purports to allow execution on her non-exempt property by collateral attack.

Respectfully submitted,

/s/ *Madeleine Connor*
Madeleine Connor
SBOT # 24031897
P.O. Box 161962
Austin, Texas 78716-1962
(512) 289-2424
(512) 329-5229 (fax)
mgbconnor@yahoo.com

## CERTIFICATE OF SERVICE

I certify that this instrument was served on the following persons on the 27th day of August, 2020:
Lowell Denton and Scott M. Tschirhart, at the following email addresses:
lowell.denton@rampage-sa.com, Scott.Tschirhart@rampage-aus.com.

/s/ David Rogers
David Rogers
*Attorney for Madeleine Connor*



San Antonio I Austin I Rio Grande Valley I Texas Gulf Coast
2500 W. William Cannon Drive, Suite 609 I Austin, Texas 78745-5320
V 512-279-6431 I F 512-279-6438

June 5, 2020

Velva L. Price                                    **E-FILE NOTIFICATION**
Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Re:     *In Re David McIntyre*
        Cause No. D-1-GN-15-003714, in the 419th Judicial District Court, Travis County, Texas
        **Request to Writ of Execution**

Dear Ms. Price:

Please process this request for re-issuance of a Writ of Execution by the Clerk. The Office of Travis County Constable, Precinct No. 3 was unable to serve the original Writ prior to its expiration as their office was closed due to COVID-19. Therefore, re-issuance is required.

The information below is to be stated on the writ:

CAUSE NO. D-1-GN-15-003714

| | |
|---|---|
| | § IN THE DISTRICT COURT OF |
| In re DAVID McINTYRE, | § |
| Petitioner, | § |
| | § 419th JUDICIAL DISTRICT |
| | § |
| | § TRAVIS COUNTY, TEXAS |

Attached is a copy of the *Order Granting Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code* issued by the Honorable Judge Karin Crump on June 23, 2017 and file-stamped by your office on June 26, 2017. In the Order, Judge Crump awarded the following for the Defendants against Plaintiff Madeleine Connor, (jointly and severally with Plaintiff David McIntyre):

---

| Attorney's Fees: | $ 2,124.00 |
|---|---|
| Costs: | $    76.67 |
| Sanctions: | $   500.00 |
| Thirteenth Court of Appeals (unsuccessful) | $15,000.00 |
| Thirteenth Court of Appeals Costs | $    20.00 |
| Texas Supreme Court (unsuccessful) | $10,000.00 |
| **TOTAL:** | **$27,720.67** |

Attached is a copy of the filed and recorded Abstract of Judgment for the aforementioned amount.

On January 27, 2020, United States District Judge Robert Pitman issued an Order in Cause No. 1:17-cv-00827; styled *Madeleine Connor v. Leah Stewart, Eric Castro and Chuck McCormick*, in the Western District of Texas-Austin Division. In his Order, Judge Pitman granted Defendants' their attorneys' fees, costs and additional sanctions against Plaintiff. The award is as follows:

| Attorney's Fees for Appeal: | $13,636.50 |
|---|---|
| Costs for Appeal: | $   276.27 |
| Double Costs (in Appeal costs) | $    58.00 |
| Attorney's Fees for District lawsuit (sanctions): | $28,646.50 |
| Costs for District lawsuit (sanctions): | $   435.98 |
| **TOTAL:** | **$43,053.25** |

Attached is copy of the filed and recorded Order (Abstract of Judgment).

Plaintiff Madeleine Connor, individually, owes Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") by and through former Defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Charles McCormick the **total sum of $70,773.92**.

Creditor to be listed in the Writ of Execution is:

Texas Municipal League Intergovernmental Risk Pool by and through Defendants Eric Castro; Nancy Naeve; Gary Sertich; Leah Stewart; and Charles McCormick, as Subrogee.

Address:
Texas Municipal League Intergovernmental Risk Pool
c/o Denton Navarro Rocha Bernal & Zech, P.C.
2500 W. William Cannon, Suite 609
Austin, Texas 78745

Debtor to be listed in the Writ of Execution is:

**Madeleine Connor**
Mailing Address: P.O. Box 161962
Physical Addresses: 6203 Olympic Overlook, Austin, Texas 78746 and 6304 Whitemarsh Vly Walk, Austin, Texas 78746.
Driver's License Number: Unknown
Social Security Number: Unknown
Date of Birth: Unknown

Attached are Travis County CAD records for the properties at 6203 Olympic Overlook and 6304 Whitemarsh Vly Walk in Austin, Travis County, Texas.   Debtor claims a homestead exemption on Olympic Overlook property.

Payment of the fee for the re-issuance of this Writ will be paid electronically with this request.

If additional information is needed, please contact our office at (512) 279-6431.

. Very truly yours,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com

SCOTT M. TSCHIRHART
smtschirhart@rampagelaw.com

SMT/ha
Enclosures: As stated

cc:    David Rogers                          **E-FILE NOTIFICATION**
       Law Office of David Rogers
       595 Round Rock West Drive, Suite #102
       Round Rock, Texas 78681

RETURN TO:        Denton Navarro Rocha Bernal & Zech, P.C.
                  Attn: Scott M. Tschirhart
                  25000 W. William Cannon Drive, Suite 609
                  Austin, Texas 78745

THE STATE OF TEXAS                                      **CAUSE NO. D-1-GN-15-003714**
County of Travis

A B S T R A C T   O F   J U D G M E N T

I, **VELVA L. PRICE**, Clerk of the District Court of TRAVIS County, Texas, do hereby certify that in the District Court of Travis County, Texas, in a certain suit pending in the 419TH JUDICIAL DISTRICT COURT.

D-1-GN-15-003714, wherein

DAVID MCINTYRE AND MADELEINE CONNOR                                    , Plaintiff(s)
and
ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWARD, CHARLES MCCORMICK,    , Defendant(s)
TOM CLARK AND JANE/JOHN DOE 1, 2, AND 3, WHOSE BIRTH DATES, SOCIAL SECURITY
NUMBERS AND DRIVER'S LICENSE ARE NOT AVAILABLE TO THE CLERK

the said
    ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH CHARLES MCCORMICK AND JANE/JOHN DOE 1, 2,
    AND 3
    BY AND THROUGH THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
    C/O DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
    2500 W. WILLIAM CANNON, STE. 609
    AUSTIN, TEXAS 78745

recovered judgment against the said
    DAVID MCINTYRE
    620 AUGUSTA NATIONAL DRIVE
    AUSTIN, TEXAS 78746

    AND

    **MADELEINE CONNOR**
    **6203 OLYMPIC OVERLOOK**
    **AUSTIN, TEXAS 78746**

    **AND**

    **6304 WHITEMARSH VLY WALK**
    **AUSTIN, TEXAS 78746**

in the **JUNE 23, 2017 JOINTLY AND SEVERALLY** for the sum of **TWENTY-SEVEN THOUSAND SEVEN HUNDRED AND 67/100 DOLLARS ($27,700.67)**.

Said judgment is entitled to following credits, to-wit; NONE.

There is now still due on said judgment **$27,700.67**, with interest as hereinabove set out.

Given under my hand and seal of office at Austin, Texas, December 02, 2019.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: CARRISA ESCALANTE

D-1-GN-15-003714                                                  P46 - 000001176
☐ Original        ☐ File Copy

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS



Dana DeBeauvoir

Dana DeBeauvoir, County Clerk
Travis County, Texas

2019188751          Dec 02, 2019 02:13 PM
Fee: $30.00          MEDINAE

|||| ||| ||||||||||||||||||| ||| 21 pgs          2020021481

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MADELEINE CONNOR, | § |
| | § |
| Plaintiff, | § |
| | § |
| v | § 1 17-CV-827-RP |
| | § |
| LEAH STEWART, | § |
| ERIC CASTRO, and | § |
| CHUCK MCCORMICK, | § |
| | § |
| Defendants | § |

## ORDER

Before the Court are Defendants Leah Stewart, Eric Castro, and Chuck McCormick's

(collectively, "Defendants") Amended Motion for Attorneys' Fees, (Dkt 59), and Motion for

Additional Sanctions, (Dkt 60) Having considered the parties' briefing, the record, and the relevant

law, the Court will grant both motions

## I. BACKGROUND

Plaintiff Madeleine Connor ("Connor") lives in the Lost Creek Municipal Utility District

("Lost Creek") and Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively,

"Defendants") are all directors of Lost Creek (Compl , Dkt 1, at 1–2) Connor has now sued

Defendants three times in this Court for the same cause of action *See McIntyre v. Castro*, No 1-15-

CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir

2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v Castro*, No 1 16-CV-490 RP, 2017 WL

1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th

Cir 2018) ("*McIntyre II*"), *Connor v Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D

Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In all three cases, the Court determined

1

that Connor's claims were not well-grounded in law or fact and dismissed Connor's lawsuits for failure to state a plausible claim for relief *See id.*

In *McIntyre I,* Connor alleged that Defendants sent a "pejorative" email with "evil intent" to Lost Creek residents "purporting to be an 'update' about" a lawsuit she filed against Defendants (*McIntyre I,* Compl , Dkt 5, at 1) Upon reviewing the email, the Court determined that it was not pejorative, but rather that it "simply state[d] the basis of Plaintiffs'[1] claims and that Defendants rebut them." *McIntyre I,* 2016 WL 1714919, at *4  The Court dismissed Connor's claim, holding that her allegations fell "well short of supporting a claim for First Amendment retaliation." *Id.* Connor appealed. The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") affirmed the Court's opinion, specifically finding that Connor's allegations did "not constitute retaliation " *McIntyre v. Castro,* 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016)

One week after the Court issued its order in *McIntyre I,* and while her appeal remained pending, Connor sued Defendants again (*See McIntyre II,* Notice of Removal, Dkt 1, at 3)  Connor's *McIntyre II* complaint—her seventh amended petition in state court—alleged a First Amendment retaliation claim "nearly identical" to her claim in *McIntyre I  McIntyre II,* 2017 WL 1483572, at *4 The Court again dismissed the claim. *Id.* Connor then moved to amend her complaint to add another First Amendment retaliation claim, the Court denied her motion  *Id* at *6  Connor appealed that decision *Connor v. Castro,* 719 F App'x 376, 379 (5th Cir 2018)  The Court of Appeals affirmed this Court's decision, agreeing that it would have been futile to permit her to add the claim  *Id* at 380

In *McIntyre II,* the Court found that the record gave "the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants

---

[1] There were two named plaintiffs in *McIntyre I* and *McIntyre II*—Madeleine Connor and David McIntyre  *See McIntyre I,* 2016 WL 1714919, *McIntyre II,* 2017 WL 1483572

than any legally cognizable injury Plaintiffs may have suffered " *McIntyre II*, 2017 WL 1483572, at *6
The Court stated that Connor's conduct, which included her "presentation of an objectively benign
e-update as defamatory," was troubling *Id* In continuing "to engage in motion practice to add
allegations that [were] plainly insufficient"—particularly in light of this Court's prior order, which
was subsequently affirmed by the Court of Appeals—this Court found that her conduct fell "well
short of what this Court expects of its officers " *Id* While the Court declined to sanction Connor at
that time, it warned her it would "not hesitate to consider sanctions—whether on motion or on its
own initiative" should Connor continue to litigate this issue in the future *Id*

   Despite that warning, Connor filed a third lawsuit in this Court, again alleging a First
Amendment retaliation claim on the basis of an objectively benign litigation update (Am Compl ,
Dkt 8, at 2) In doing so, she repeated a claim that had been twice rejected by this Court and once
by the Court of Appeals *McIntyre I*, 2016 WL 1714919, at *4, *McIntyre II*, 2017 WL 1483572, at *4,
*McIntyre v Castro*, 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016) Her only new
theory of retaliation—that Defendants intended to punish her by filing a valid defensive motion in a
lawsuit that she brought against them—was one the Court determined Connor, a lawyer, should
understand to be frivolous (Order, Dkt 31, at 10) Again, this Court dismissed Connor's action as
meritless (*Id*)

   In dismissing Connor's third baseless lawsuit, this Court recited her history of vexatious
litigation and found that Connor filed the action for "the improper purpose of harassing and
imposing litigation costs on Defendants " (*Id*) The Court determined that the appropriate Rule 11
sanction was to require Connor to pay Defendants' reasonable attorneys' fees and expenses related
to this action (*Id* at 11) The Court then ordered Defendants to submit a motion for reasonable
attorneys' fees and expenses (*Id* at 12) Concluding that a pre-filing injunction might be appropriate
to deter Connor from using the courts "as a weapon of harassment" against the Defendants, the

3

**Exhibit "A"**

Court also ordered the parties to attend a hearing to consider the proper scope of a pre-filing injunction (*Id.* at 8, 12)

Pursuant to the Court's order, Defendants filed a motion requesting $16,235 16 in reasonable attorneys' fees and expenses (Mot Att'y Fees, Dkt 32, at ¶ 18) The Court ultimately denied Defendants' motion because they failed to comply with Rule 11's safe harbor provision (Order, Dkt 42, at 3) However, after giving Connor the required notice and hearing, (Dkt. 31, 40), the Court imposed a pre-filing injunction against Connor sua sponte, barring her from filing any civil action "against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district " (Order, Dkt 42, at 9).

Connor appealed that order (Dkt 44) Her appeal was dismissed because she didn't timely file her brief (Dkt 47) The Fifth Circuit subsequently reinstated her appeal (Dkt 48) The Fifth Circuit then affirmed this Court's order without an opinion (Dkt 50, Ex S) She petitioned for rehearing by the panel. (*Id.* at Ex T) After nearly a year of defending the appeal, Defendants then filed a motion for appellate sanctions (*Id.* at Ex U) In that motion, Defendants expressly argued that Connor's entire appeal was frivolous and sought sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U S C § 1912. (Dkt 50, at 1 ("Now come Appellees, Leah Stewart, Eric Castro and Chuck McCormick and file their Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38" , "The current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court", "[T]his Court [should] remand this case to the district court 'to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912 '"))

The Court of Appeals granted Defendants' motion and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C

4

**Exhibit "A"**

§ 1912 " (Dkt 49 at 1) The Court of Appeals further cautioned Connor, "a lawyer representing herself pro se," that "any further prolongation of this case will likely result in additional sanctions " (*Id.* at 2) Except for "the determination of costs and sanctions by the district court on remand," the Court of Appeals stated, in all caps, "THIS CASE IS OVER " (*Id*)

On remand, Defendants filed two motions for attorneys' fees and costs, (Dkt 50, 53), neither of which complied with this Court's Local Rules W D Tex Loc. R CV-7(j)(1) The Court ordered Defendants to properly confer with Connor and file an amended motion for attorneys' fees, costs, and sanctions that adhered to the local rules (Order, Dkt 56, at 2) The Court further ordered the parties to "advise the Court what other sanctions, if any, they believe to be appropriate " (*Id* at 1) Defendants then filed an Amended Motion for Attorneys' Fees, (Dkt. 59), and a Motion for Additional Sanctions, (Dkt 60) Those motions are now before the Court, (Mot Att'y Fees, Dkt 59, Mot. Sanctions, Dkt 60) First, the Court will turn to Defendants' Motion for Attorneys' Fees, (Dkt 59), which requests attorneys' fees, costs, and expenses incurred defending against Connor's appeal Second, the Court will address Defendants' Motion for Additional Sanctions, (Dkt. 60), which requests sanctions in the form of attorneys' fees incurred defending this lawsuit before this Court

## II. DISCUSSION

### A. Motion for Attorneys' Fees, Costs, Expenses

Pursuant to the Court of Appeals' mandate, Defendants seek $13,636 50 in attorneys' fees, $276 27 in expenses, and double costs in the amount of $58 00 for damages incurred in defending against Connor's appeal from October 1, 2018, the date Connor filed her Notice of Appeal, (Dkt 44), and June 21, 2019, the date the Court of Appeals granted Defendants' motion for sanctions and remanded to the District Court for a determination of the amount of costs and damages, (Dkt 49) (Mot Att'y Fees, Dkt 59, at 4–5)

5

Connor contends that the Court should deny Defendants' request for attorneys' fees and costs because it "does not comply with this District's rule concerning the form, content, timeframe, or conference provisions of a request for attorney's fees " (Pl 's Resp , Dkt 61, at 2 (citing W D Tex Loc R CV-7(j)(1)-(3) ) Alternatively, Connor asks that the Court limit Defendants' fees and costs to those associated with the delay caused by her filing a motion for rehearing rather than awarding Defendants the fees and costs accrued in defending against the appeal as a whole (*Id* at 12) The Court finds both of these arguments lacking and discusses each of them in turn below

### 1 Defendants' Motion Complies with the Local Rules

Connor contends that Defendants' motion for attorneys' fees should be denied—"save perhaps double costs, which 28 U S C § 1912 permits, presumably without any form of motion being timely and compliantly filed"— because it does not comply with Local Rule CV-7(j) On this point, Connor makes three arguments First, she contends that Defendants did not satisfy the "meet and confer" requirement under the local rules because "Defendants' counsel refused to have any substantive discussions with Plaintiff regarding their request for fees and sanctions and walked out of the conference after the passage of only fifteen minutes " (Dkt 61 at 3–5) Second, she argues that Defendants' motion did not certify her specific objections to Defendants' requested attorneys' fees, objections she alleges she could not specifically articulate "because only an oral number was proposed, with no detail " (Dkt 61 at 6) Third, Connor contends that while Defendants' motion includes a billing document, it does not comply with the drafting and certification requirements, specifically, she argues that attaching a 22-page billing statement without "a more easily readable table" skirts the simplicity the local rules "seem to encourage " (*Id*)

The Court concludes that Defendants' motion properly complies with the local rules *See* W D Tex Loc R CV-7(j) It is undisputed that Defendants' counsel met in person with Connor on July 30, 2019 to discuss their intention to seek attorneys' fees (*See* Pl 's Resp , Dkt 61, at 4) During

6

**Exhibit "A"**

that meeting, Defendants "repeatedly asked" for Connor's objections to the fee amount, but Connor only offered a specific objection to one eight-hour billing entry (Defs' Reply, Dkt 59, at 6) Defendants noted this objection in their motion and properly "certified the reason why the matter could not be resolved by agreement." W D Tex Loc R CV-7(j), (*see also* Mot Att'y Fees, Dkt 59, at 5–7 ("The parties could not reach an agreement because Plaintiff offered [an amount] inconsistent with Defense counsel's authority")) And Rule 7(j) imposes no time requirement for a conference *See* W D Tex. Loc R CV-7(j) From the Court's perspective, fifteen minutes is sufficient to entertain that single objection

Moreover, Connor's contention that she "could not articulate a specific objection" to "an oral request for $40,000" because Defendants tendered the fee-bill to her "only 30 minutes before the meeting convened" is a flagrant misrepresentation of the facts (Pl's Resp, Dkt 61, at 5) Defendants provided statements and draft bills with their Motion for Attorneys' Fees and Costs pursuant to the order from the Court of Appeals, (Dkt 49), on June 25, 2019 (Orig Mot Att'y Fees, Dkt. 50) Defendants emailed Connor with an updated set of statements on July 24, 2019, a full six days before the conference (Email, Dkt 63-1, at 1) In that same email, Defendants' counsel expressly indicated that Defendants intended to seek attorneys' fees and costs incurred for the entire appeal and additional sanctions in the form of attorneys' fees and costs related to the rest of the case (*Id* at 1) Connor had the time and the information necessary to formulate her objections ahead of the conference and did not do so She cannot now misrepresent the record to manufacture noncompliance with the local rules in an attempt to evade sanctions.

Connor's argument that Defendants' motion should be denied because it "does not comply with the drafting and certification requirements of the rule" is likewise baseless (Pl's Resp, Dkt 61, at 6) Defendants' motion contains the requisite chronological billing activity, affidavit, and memorandum setting forth the method by which fees were computed W D Tex. Loc R CV-

7

7(j) There is no requirement that a movant for reasonable attorneys' fees include "a more easily readable table," (Pl 's Resp, Dkt 61, at 6), billing records provide sufficient support for the legal services rendered by Defendants in defending this action. *People's Capital & Leasing Corp. v McClung*, No 5 17-CV-484-OLG, 2018 WL 7291447, at \*2 (W.D Tex Aug 20, 2018) ("Plaintiff's attorney's fees request is properly supported by copies of the invoices for legal services ") Moreover, Defendant's counsel attested to the reasonableness of these rates in an affidavit attached to the motion (Tschirhart Aff, Dkt. 59-2, at 1–2), W D Tex Loc. R CV-7(j)

Thus, the Court concludes that Defendants' Motion for Attorneys' Fees complies with the local rules and Connor's arguments to the contrary are, predictably, without merit The Court will now turn to Connor's next argument pertaining to the scope of the Court of Appeals' mandate

2. Defendants are Entitled to Fees and Costs for the Entire Appeal

Connor contends that Defendants' request for attorneys' fees and costs incurred for the entire appeal should be denied because the Court of Appeals "rejected" Defendants' "repeated requests in the appellate court to award fees and sanctions for frivolous appeal " (Pl 's Resp , Dkt 61, at 8) In support of this argument, Connor cites to the text of the Court of Appeals' order, which she notes omits the words "frivolous" and "Rule 38" and cites only to 28 U S C § 1912 *Id* Connor interprets these omissions to mean the Court of Appeals denied Defendants' request for sanctions pursuant to Rule 38 and instead limited the scope of sanctions on remand to the delay associated with Connor's decision to file a motion for panel rehearing (*Id*)

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee " Meanwhile, 28 U S C § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and

8

**Exhibit "A"**

single or double costs " 28 U S C § 1912 Importantly, the rule—unlike the statute—allows a court to order damages and costs for a frivolous appeal without finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee notes to 1967 adoption, *see also State of Tex. v. Gulf Water Benefaction Co*, 679 F 2d 85, 87 n 1 (5th Cir 1982), *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay ") An award of damages and double costs as sanctions for the filing of a frivolous appeal "may be made against an appellant under 28 U S C § 1912 and Fed R App P 38 " *Olympia Co v. Celotex Corp.*, 771 F 2d 888, 893 (5th Cir 1985) Thus, if a frivolous appeal results in delay, courts may use Rule 38 and 28 U S C § 1912 interchangeably *See Exhibitors Poster Exch, Inc. v Nat'l Screen Serv Corp.*, 78 F R.D 192, 195 (E D La 1978)

Having reviewed the Court of Appeals' order and the appellate record as a whole, the Court concludes that it may determine costs and damages related to the entire appeal; that is, the Court of Appeals' mandate does not limit apportionable damages to the delay associated with Connor's motion for panel rehearing As an initial matter, the Court of Appeals *granted* Defendants' motion for appellate sanctions (*See* Fifth Cir Order, Dkt 49, at 1 ("**IT IS ORDERED** that appellees' motion for sanctions, attorney fees, and costs    is **GRANTED** ")) Defendants based their appellate motion for sanctions on the frivolousness of Connor's entire appeal, not on the delay associated with her filing a motion for panel rehearing (Defs ' App Mot Sanctions, Dkt 50, Ex U, at 2 ("[T]he current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court") Throughout the motion, Defendants specifically argued for sanctions pursuant to Rule 38, cited cases pertaining to frivolous appeals within the purview of Rule 38, and sought relief pursuant to Rule 38 (*See id.* ("Sanctions under Rule 38 are appropriate"), *id.* (citing cases pertaining to sanctions imposed pursuant to Rule

**Exhibit "A"**

38), *id* at 6 ("For the foregoing reasons, this Court should find that Appellant's arguments are frivolous, that sanctions under Fed R App P 38 are warranted, that Appellees have incurred attorneys' fees and expenses as a result of Appellant's frivolous litigation ") Even Connor concedes that the appellate motion "largely" "requests sanctions and damages pursuant to Rule of Appellate Procedure 38, and only requests relief under 28 U S C § 1912 on the final page " (Resp , Dkt 61, at 7) Thus, granting Defendants' motion *was* a finding that Connor's appeal was frivolous

Connor's textual argument is therefore unavailing While the Court of Appeals' order does "remand this case to the district court to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912," courts often use Rule 38 and 28 U S C § 1912 interchangeably when the appeal is frivolous and resulted in delay *Exhibitors Poster Exch , Inc v Nat'l Screen Serv. Corp.*, 78 F R D 192, 195 (E D La 1978) ("Various courts have referred to and utilized F R A P 38 and 28 U S C § 1912 interchangeably", *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv Corp*, 543 F 2d 1106, 1107 (5th Cir 1976) ("The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F R A P  The motion is well taken   We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U S C. § 1912 "); *Olympia Co. v. Celotex Corp*, 771 F 2d 888, 892–93 (5th Cir 1985) (noting that an award of damages and double costs for the filing of a frivolous appeal "may be made against an appellant under 28 U S C. § 1912 and Fed R App P 38 ") This is especially so when the appeal has resulted in delay, indeed, the only reason to distinguish between the statutory basis for sanctions and the rule would be if the Court of Appeals intended to award sanctions for a frivolous appeal without making a finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee's note to 1967 adoption

Finally, in citing to § 1912, the Court of Appeals did not limit the scope of sanctions to the delay associated with Connor's filing of a motion for panel rehearing, as she contends  Nothing in

10

Defendants' motion for appellate sanctions, which the Court of Appeals granted, limits the requested relief to the delay associated with one portion of Connor's appeal and nothing in the Court of Appeals' order imposes such a limitation either *(See* Defs' Mot App Sanctions, Dkt 50, Ex. U, 5th Cir Order, Dkt 49, at 1–2) For nearly a year, Connor prosecuted a meritless appeal with no legitimate prospect of success After filing her Notice of Appeal, (Dkt 44), she ignored the transcript order deadline, (Dkt 50, Ex A), waited six days after the Clerk sent her an email about missing the deadline to request more time, *(id* at Ex. C), delayed ordering the transcript again, *(id* at Ex D), moved for a fifteen-day extension to file her appellate brief, (Dkt 50, Ex F), and then filed for another extension the day before her brief was due, (Dkt 50 at Ex G) When the Court of Appeals denied Connor's motion for an extension, (Dkt 50 at Ex I), Connor filed a motion to reconsider arguing that "in seventeen years of practice, she had never personally been denied an extension of time to file an opening brief     " (Dkt 50, Ex J) The Court of Appeals denied her motion and dismissed her appeal for want of prosecution shortly after (Dkt 50, Ex K, L) Then, Connor filed two additional motions, which the Court of Appeals took no action on because it had dismissed her appeal (Mot Attorneys' Fees, Dkt 50, at 4) Connor then filed a motion to reopen the appeal (Dkt 50, Ex O)

The Court of Appeals granted her motion and reinstated her appeal (Dkt 50, Ex Q) After considering Connor's arguments on appeal, the Court of Appeals then affirmed this Court's order without an opinion (Dkt 50, Ex S) In an attempt to further prolong meritless litigation, Connor filed a petition for panel rehearing (Dkt 50, Ex T) At this point, after almost a year of investing time and resources into defending against Connor's various delay tactics, Defendants filed a motion for appellate sanctions, which the Court of Appeals granted. (Dkt 50, Ex. U)

Because Connor's frivolous appeal resulted in nearly a year of delay, the Court of Appeals remanded to the District Court for a determination of costs and damages pursuant to § 1912. *See*

11

**Exhibit "A"**

Fed R App P 38 advisory committee's note (explaining that Rule 38 and § 1912 can be used interchangeably, the only difference being that § 1912 requires a showing of delay) And the appellate record makes clear that Connor delayed prompt adjudication of this dispute throughout the entire appeal

Finding no reason to limit the scope of sanctions to the attorneys' fees and costs associated with Connor's motion for panel rehearing, the Court will assess against Connor the attorneys' fees and costs incurred by Defendants in defending against the entire frivolous appeal.

### *i. Attorneys' Fees*

Defendants contend that from October 1, 2018 (the date Connor filed her Notice of Appeal) through June 21, 2019 (the date the Court of Appeals issued its mandate) they incurred $13,636 50 in reasonable and necessary attorneys' fees and $276 27 in expenses defending against Connor's frivolous appeal (Mot Sanctions, Dkt 59, at 5) As supporting documentation, Defendants submit an affidavit from Defendants' counsel of record and detailed billing records (Tschirhart, Dkt 59-2, at 1–2, Invoices, Dkt. 59-3, at 1–18) Defendants' request for attorneys' fees is based on the following rates $195 (later $210) per hour for Partners, $175 (later $180) per hour for Senior Associates, and $75 (later $85) for paralegal time (Tschirhart Aff, Dkt 59-2, at 1) Defendants' memorandum notes that these fees "are based upon a bargained-for agreement" and represent "the same fees commonly charged for this kind of work by our Firm all over the State of Texas " (Defs ' Fee Calculation Memo, Dkt 59-4, at 2)

12

**Exhibit "A"**

The Court finds that the attorneys' fees requested are reasonable in light of the well-known *Johnson* factors [2] *Johnson v. Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989) In defending against Connor's appeal, · Defendants' counsel spent nearly a year reviewing and drafting responses to Connor's various requests for extensions of time and other obstinate efforts to deny Defendants a prompt resolution of the dispute (*See e.g.* Invoice, Dkt. 59-3, at 8–17) Upon examining Defendants' detailed records, the Court finds the time and labor documented to be reasonable in light of the issues involved and the skill required *See id.* Moreover, the fees charged for the services are consistent with fees charged for such services in the geographic area amongst lawyers with similar experience, reputation, and ability *See id* Finally, Connor has not challenged the requested rates and fees; her response to Defendants' attorney's fees motion only contests compliance with W D Tex Loc R CV-7(j) and the scope of the Court of Appeals' mandate [3] While she proffers her own attorneys' fee offer—$525 00—she does not explain why Defendants' requested rates and fees, supported by invoices, affidavits, and memorandum, are unreasonable. Thus, the Court concludes that Defendants are entitled to the $13,636 50 in requested attorneys' fees and $276 27 in requested expenses

---

[2] The *Johnson* factors are (1) the time and labor required to represent the client or clients, (2) the novelty and difficulty of the issues in the case, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee charged for those services in the relevant community, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases *Johnson v Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989)

[3] While Connor objected to one billing entry when the parties met to confer, Defendants "adjusted that particular entry, in response to [Connor's] objection, by reducing it accordingly," (Defs ' Reply, Dkt 63, at 4), and Connor's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs, (Dkt 61), does not raise objections with respect to the requested rates and fees, only to the manner in which these rates and fees were discussed *See* Pl 's Resp , Dkt 61, at 3–4 (objecting to Defendants' "global request for $40,000" as noncompliant with the meet and confer requirements under W D Tex Loc R CV-7(j), but raising no other specific objections to the rates and fees incurred)

13

Exhibit "A"

### n.  Costs

The Court of Appeals also remanded this case for a determination of costs (*See* Fifth Cir, Mandate, Dkt 49, at 1) "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs " 28 U S C § 1912 Federal Rule of Appellate Procedure 38 likewise allows for "just damages and single and double costs to the appellee" when an appeal is frivolous *Garza v. Westergren*, 908 F 2d 27, 29 (5th Cir 1990) ("[A]n award of attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38 is proper, because this appeal is frivolous ") Defendants submitted a Bill of Costs to the Court of Appeals in the amount of $29 40 in taxable costs, (Bill of Costs, Dkt 50, Ex W, at 166), and ask the Court to award double costs in the amount of $58 00 (Mot Att'y Fees, Dkt 59, at 3–5)

The Court concludes that this case is a textbook example of a scenario where double costs are warranted Here, Connor's appeal was not only frivolous, but also resulted in significant delay For nearly a year, Connor prolonged unmeritorious litigation, with no legitimate prospect of success In continuing to litigate a meritless appeal and leaving no delay tactic unturned, Connor "imposed an unnecessary burden on [the Court of Appeals] and has infringed on the rights of the appellees who are entitled to a prompt adjudication of this dispute." *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) Accordingly, the Court determines that Defendants' request for double costs in the amount of $58 00 is warranted (*See* Dkt 59, at 5)

### B.  Motion for Additional Sanctions

In response to this Court's order, (Dkt 56), Defendants filed a motion requesting additional sanctions in the form of "all of the attorneys' fees and costs incurred by Defendants in the proceedings before this honorable court " (Mot Add. Sanctions, Dkt 60, at 2) In the alternative, Defendants ask the Court to sanction Connor by "entering an Order temporarily disbarring [her]

14

from the practice of law before the Courts in the Western District of Texas for a period of not less than six (6) months " (*Id.* at 2–3) Ultimately, Defendants just want the Court to "fashion a sanction that would deter [Connor] from continuing to use the [c]ourts as a weapon of harassment against them and those who are connected with them." (*Id.* at 2) Defendants provide two possible bases for additional sanctions First, Defendants contend that Connor, a licensed attorney, could be sanctioned pursuant to 28 U S C § 1927 Second, Defendants contend the Court can sanction Connor pursuant to its inherent authority

Connor argues that this Court lacks the authority to issue additional sanctions because the Court of Appeals' remand order only allows for an assessment of fees for delay under 28 U S C § 1912, which Connor isolates to fees accrued by the Defendants after she filed a motion for panel rehearing (Pl 's Resp , Dkt 62, at 2) She argues that on remand a trial court cannot deviate from the mandate of the appellate court and that the Court of Appeals' mandate requires this Court to assess fees only for delay under 28 U S C § 1912 (*Id.*)

As previously discussed, the Court finds nothing in the text of the Court of Appeals' remand order that limits sanctions to the delay associated with Connor's motion for panel rehearing *See infra* Part II A 2 Moreover, the Court of Appeals' mandate covers appellate sanctions and says nothing about this Court's power to sanction Connor for her unreasonable and vexatious conduct before this Court Because the pre-filing injunction imposed by this Court, (Order, Dkt 42, at 9), has not deterred Connor from continuing to harass Defendants with unmeritorious litigation—both in this Court and others—the Court will assess additional monetary sanctions against Connor

### 1   Sanctions pursuant to 28 U S C § 1927

Under 28 U S C § 1927, "[a]ny attorney     who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct " To impose sanctions

Exhibit "A"

pursuant to this provision, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Morrison v Walker*, 939 F 3d 633, 637–38 (5th Cir 2019) "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owed to the court '" *Id.* "An attorney acts with "reckless disregard" of [her] duty to the court when [s]he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining [her] factual contentions." *Id* at 638

In support of § 1927 sanctions, district courts often rely on "repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions " *Procter & Gamble Co v Amway Corp.*, 280 F 3d 519, 525 (5th Cir 2002) Before imposing such sanctions, the court must "make detailed factual findings," including "(1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction" *Morrison*, 939 F 3d at 638 "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial " *Procter & Gamble Co.*, 280 F 3d at 526 (emphasis in original)

For the reasons stated below, the Court concludes that Connor's conduct in filing and persistently litigating this lawsuit unreasonably and vexatiously multiplied the proceedings against Defendants and sanctions are thus warranted under § 1927

#### *i   Reasonableness*

This is Connor's third, meritless First Amendment retaliation lawsuit before this Court  In bringing this latest lawsuit, Connor knew that this Court had twice dismissed—and the Court of Appeals had previously affirmed dismissal of—Connor's nearly identical claims  *See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D  Tex  Apr  8, 2016), *aff'd*, 670 F  App'x 250

16

(5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*") By filing this third lawsuit, Connor persistently prosecuted a meritless claim and thus unreasonably multiplied proceedings that should have concluded with the resolution of *McIntyre I*

### ii. *Vexatiousness*

To impose sanctions pursuant to § 1927, counsel's multiplication of proceedings must be not only unreasonable, but also vexatious *See Morrison*, 939 F.3d at 637–38 The Court concludes that Connor vexatiously multiplied the proceedings in reckless disregard of the duty owed to this Court *See id* This Court's dismissal of *McIntyre I* put Connor on notice that claims for First Amendment retaliation based on a benign litigation status update were meritless *See McIntyre* I, 2016 WL 1714919, at *4 *McIntyre II* did not remedy these deficiencies and this Court admonished Connor's decision to continue to assert a claim nearly identical to the one previously dismissed, questioned her motivation, and warned of possible future sanctions if she continued to exhibit conduct that "falls short of what this Court expects of its officers " *McIntyre II*, 2017 WL 1483572, at *6 Connor was not deterred Instead, she filed a nearly identical lawsuit, indifferent to this Court's warnings (Compl , Dkt 1) In light of the record as a whole, the Court concludes that Connor pursued this third lawsuit in bad faith and for the improper purpose of harassing and annoying Defendants Such conduct constitutes a reckless disregard of the duty owed to this Court

As noted in this Court's previous order, "Connor's extensive and meritless litigation history against Defendants and other Lost Creek directors indicates a commitment to use the courts as a weapon of harassment against them " (Order, Dkt 42, at 8–9). Despite this Court's two prior dismissals of nearly identical First Amendment retaliation claims against Defendants, she filed a third lawsuit alleging First Amendment retaliation on the basis of the same benign litigation update

17

*See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec. 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom  Connor v. Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"), *Connor v. Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In doing so, she advanced a "baseless claim despite clear evidence undermining her factual contentions," namely, two prior dismissals and an affirmance by the Court of Appeals *See id*  Throughout the litigation, Connor made claims that were "not merely meritless" but also made in bad faith for the purpose of harassing Defendants (*See* Order, Dkt 42, at 7)  Given Connor's repeated efforts to advance allegations against Defendants in bad faith at every step of the litigation, shifting the entire burden of defending this lawsuit onto Connor is not only appropriate, but necessary to deter Connor from harassing Defendants with more meritless litigation in the future

Moreover, the monetary sanctions issued by state courts in similar litigation have not deterred Connor from filing this action, indicating the need for additional monetary sanctions (*See* Orders, Dkt 38-2)  Even more troubling, Connor recently misrepresented the record in this case in a related state court action, attesting to a state court judge that this Court had dismissed her state law claims, when in fact this Court had merely declined to exercise supplemental jurisdiction over them and remanded them back to Texas state court (*See* Advisory to the Court, Dkt 67, at 1–5), *compare McIntyre* II, 2017 WL 1483572, at *5 ("In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction  Accordingly, the state law claims against Defendants are properly remanded back to Texas state court ") *with* Connor's Request for Abstract Judgment, Dkt 67-1, at 1 ("[T]he record clearly indicates that the claims dismissed by the Hon Karin Crump had already been dismissed by the Western District of Texas, and therefore, the order is subject to collateral attack and injunctive relief ")  As this Court has already admonished, "Connor

18

has the legal training and experience to understand that      the state-law portion of Defendants' motion was not adjudicated by this Court, which remanded Connor's state-law claims " (Dkt 31 at 7) Therefore, Defendants' requested sanctions are also appropriate to deter Connor from misrepresenting this Court's record for the purpose of harassing defendants in an alternate forum.

Finally, Connor's frivolous filings have needlessly diverted this Court's time and resources away from the hundreds of meritorious cases and controversies on its docket (*See* Order, Dkt 42, at 8 (discussing the burden that Connor's high volume of motions in this action and previous actions have had on this Court)) Thus, in continuing to prosecute her claims in bad faith, Connor not only saddled Defendants with the burden of defending against frivolous claims, but she also impeded this Court's ability to direct its attention to the meritorious plaintiffs on its docket in need of relief Connor has imposed a similar burden on the Texas state court system *See id* (discussing the burden Connor's litigation tactics have placed on the state court system, particularly the five-hundred-page state court record in *McIntyre II*) Repeated admonitions and the threat of sanctions both by this Court and the Court of Appeals have not deterred Connor from continuing to litigate in bad faith *McIntyre II*, 2017 WL 1483572, at *6 ("In short, the Court is troubled by Connor's conduct in this litigation      the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative "), (*see also* Fifth Cir Mandate, Dkt 49, at 2 ("[A]ppellant, a lawyer representing herself pro se, is cautioned that any further prolongation of this case will likely result in additional sanctions ") The Court concludes that severe monetary sanctions are necessary to send the message to Connor that bad faith litigation brought for the purpose of harassment will not be tolerated, especially by an officer of the Court Thus, this Court will assess the full cost of defending this suit against Connor

19

**Exhibit "A"**

In defending against Connor's baseless claims before this Court, Defendants incurred a total of $28,646 50 in reasonable and necessary attorneys' fees and $435 98 in expenses (Mot Add Sanctions, Dkt 60, at 6) In reviewing the submitted invoices, affidavit, and memorandum in support of this figure, the Court determines that both the work expended and the rates assessed are reasonable for the geographic area  Because Connor has not disputed the reasonableness of these sums and because the record demonstrates that "every facet" of Connor's third lawsuit was "patently meritless" and brought in bad faith for the improper purpose of harassing Defendants, (see Order, Dkt 42, at 4–9), the Court concludes shifting the entire cost of the defense to Connor is appropriate pursuant to 28 U S C § 1927 [4]  See Procter & Gamble Co, 280 F 3d at 526  In addition to these monetary sanctions, the Court reminds Connor that a pre-filing injunction remains in place

> Connor may not file a civil action against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district  Any future complaint against Defendants or other officers of the Lost Creek Municipal Utility District in this district shall be accompanied by a motion for leave, and no summons shall issue unless leave is granted

(Dkt 42 at 9)

To echo the Court of Appeals, "[t]his case is over"

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs, (Dkt 59), is **GRANTED**

---

[4] To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct  See Chambers v NASCO, Inc, 501 U S 32, 50 (1991) ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct  This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions  But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules ")

**Exhibit "A"**

**IT IS FURTHER ORDERED** that Defendants' Motion for Additional Sanctions, (Dkt 60), is **GRANTED**

Defendants are entitled to an award of **$13,636.50 in attorneys' fees, $276.27 in expenses,** and **double costs in the amount of $58.00** for the damages incurred in defending against Connor's frivolous appeal

Defendants are further entitled to **$28,646.50 attorneys' fees and $435.98 in expenses** incurred in defending this matter before this Court

      **SIGNED** on January 27, 2020



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

A true copy of the original, I certify.
Clerk, U.S. District Court

Deputy Clerk

**Recorders Memorandum**—At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc All blockouts, additions and changes were present at the time the instrument was filed and recorded

## RETURN

DENTON NAVRRO ROCHA BERNAL & ZECH,
P
2500 W WILLIAM CANNON DRIVE
SUITE 609
AUSTIN, TX 78746



**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

**Dana DeBeauvoir, County Clerk**
**Travis County, Texas**

**2020021481**       Feb 10, 2020 02:08 PM
Fee: $106.00          WELLINS

21

**Exhibit "A"**

2020 · Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID | 108378 | Legal Description: | LOT 14 BLK 4 LOST CREEK SEC 1 |
| Geographic ID | 0109280314 | Zoning: | |
| Type | Real | Agent Code: | |
| Property Use Code | | | |
| Property Use Description | | | |

## Protest

Protest Status
Informal Date:
Formal Date

## Location

| | | | |
|---|---|---|---|
| Access: | 6203 OLYMPIC OVERLOOK AUSTIN, TX 78746 | Mapsco | |
| Neighborhood | N5200 | Map ID: | 011037 |
| Neighborhood CD | N5200 | | |

## Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELEINE B | Owner ID: | 1739060 |
| Mailing Address: | 6203 OLYMPIC OVERLOOK AUSTIN TX 78746 7229 | % Ownership: | 100.0000000000% |
| | | Exemptions: | HS |

| | | | | |
|---|---|---|---|---|
| (+) Improvement Homesite Value: | + | N/A | | |
| (+) Improvement Non-Homesite Value | + | N/A | | |
| (+) Land Homesite Value: | + | N/A | | |
| (+) Land Non-Homesite Value: | + | N/A | Ag / Timber Use Value | |
| (+) Agricultural Market Valuation | + | N/A | | N/A |
| (+) Timber Market Valuation: | = | N/A | | N/A |
| (=) Market Value: | = | N/A | | |
| (-) Ag or Timber Use Value Reduction | – | N/A | | |
| (=) Appraised Value | = | N/A | | |
| (-) HS Cap: | – | N/A | | |
| (=) Assessed Value | = | N/A | | |

Owner:      CONNOR MADELEINE B
% Ownership:   100.0000000000%

Total Value: N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate | N/A | | | |
| | | | | Taxes w/Current Exemptions | N/A |
| | | | | Taxes w/o Exemptions | N/A |

Improvement #1: 1 FAM DWELLING; State Code: A1 Living Area: 2592.0 sqft Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| 41 | 1st FLOOR | WV 5 | | 1976 | 1259.0 |
| 3rd | 2nd FLOOR | WW 5 | | 1976 | 923.0 |
| J11 | PATIO COVERED 1st F | | | 1976 | 310.0 |
| 41 | GARAGE ATTACHED F | WV 3 | | 1976 | 591.0 |
| 1P9 | RES2 RESIDENTIAL | | | 1976 | 352.0 |
| 5th | BACH ROOM | | | 1976 | 30 |
| 4th | OPEN PATIO COVERED | 5 | | 1978 | 418.0 |
| 532 | FIREPLACE | 5 | | 1976 | 1.0 |
| 257 | REST ROOMS | | | 1976 | 4.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3076 | 13400.00 | 0.00 | 0.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $761,000 | $420,000 | 0 | 681,000 | $100 | $680,900 |
| 2018 | $199,000 | $420,000 | 0 | 619,000 | $0 | $619,000 |
| 2017 | $260,000 | $360,000 | 0 | 620,000 | $0 | $620,000 |
| 2016 | $435,374 | $210,000 | 0 | 645,374 | $11,677 | $633,697 |
| 2015 | $449,122 | $180,000 | 0 | 629,122 | $53,034 | $576,088 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/3/2017 | WD | WARRANTY DEED | VANWISSE DEWITT | CONNOR MADELEINE B | | | 2017160495 |
| 2 | 3/1/2013 | WD | WARRANTY DEED | NCM ACQUISITIONS LLC | VANWISSE DEWITT | | | 2013037759TR |
| 3 | 12/4/2012 | MS | MISCELLANEOUS | BAE KUM YEO | NCM | | | 2012209519TR |

& KYEONG J    ACQUISITIONS
LLC

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID. | 111538 | Legal Description | LOT 5 BLK 7 LOST CREEK SEC 2 |
| Geographic ID | 0111280112 | Zoning: | |
| Type | Real | Agent Code | |
| Property Use Code | | | |
| Property Use Description | | | |

## Protest

Protest Status
Informal Date:
Formal Date.

## Location

| | | | |
|---|---|---|---|
| Address: | 6304 WHITEMARSH VLY WALK TX 78746 | Mapsco. | |
| Neighborhood | N5700 | Map ID | 011037 |
| Neighborhood CD. | N5J00 | | |

## Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELINE G | Owner ID | 1484600 |
| Mailing Address | 6203 OLYMPIC OVERLOOK AUSTIN , TX 78746-7229 | % Ownership: | 100.0000000000% |
| | | Exemption: | |

| | | | | |
|---|---|---|---|---|
| (+) Improvement Homesite Value | + | N/A | | |
| (+) Improvement Non-Homesite Value: | + | N/A | | |
| (+) Land Homesite Value: | + | N/A | | |
| (+) Land Non Homesite Value: | + | N/A | Ag / Timber Use Value | |
| (+) Agricultural Market Valuation | + | N/A | | N/A |
| (+) Timber Market Valuation: | + | N/A | | N/A |
| (=) Market Value: | = | N/A | | |
| (−) Ag or Timber Use Value Reduction: | − | N/A | | |
| (=) Appraised Value: | = | N/A | | |
| (−) HS Cap: | − | N/A | | |
| (=) Assessed Value | = | N/A | | |

Owner:         CONNOR MADELINE G
% Ownership:  100.0000000000%

Total Value:    N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate: | N/A | | | |

Taxes w/Current Exemptions:    N/A

Taxes w/o Exemptions:    N/A

Improvement #1:   1 FAM DWELLING   State Code:   A1   Living Area:   2152.0 sqft   Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| 1F | 1st Floor | WW 2 | | 1981 | 2152.0 |
| 11 | PORCH OPEN 1ST | L | 1981 | 28.0 |
| 11 | GARAGE AT 1ST | WW | 1981 | 573.0 |
| | HVAC RESIDENTIAL | | 1981 | 2152.0 |
| P1 | BATH-FULL | | 1981 | 2.7 |
| 12 | DECK UNCOVRED | | 1981 | 123.0 |
| 12 | DECK UNCOVRED | | 1981 | 40.0 |
| 22 | FIREPLACE | | 1981 | 1.0 |
| 41 | MASONRY TRIM M | AVG | 1981 | 405.0 |
| B12 | TERRACE UNCOV.10 | S | 1981 | 130.0 |
| 502 | DECK UNCOVRED | G | 1981 | 223.0 |
| 502 | DECK UNCOVRED | S | 1981 | 20.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3595 | 15660.00 | 116.00 | 135.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $210,200 | $367,500 | 0 | 577,700 | $0 | $577,700 |
| 2018 | $238,597 | $367,500 | 0 | 606,097 | $0 | $606,097 |
| 2017 | $281,174 | $283,500 | 0 | 564,674 | $225,996 | $338,678 |
| 2016 | $331,818 | $165,375 | 0 | 497,193 | $189,304 | $307,889 |
| 2015 | $342,296 | $141,750 | 0 | 484,046 | $204,147 | $279,899 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/26/2007 | DV | DIVORCE | CONNOR CABRACH J & | CONNOR MADELINE G | | | DV#D-1-FM-06-003296 |

| | | | | MADELEINE G | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | 8/2/2002 | WD | WARRANTY DEED | ORTMAN THOMAS E | CONNOR CABRACH J & MADELEINE G | 00000 | 00000 | 2002143357TR |
| 3 | 3/15/1989 | AD | ASSUMPTION DEED | ORTMAN THOMAS E & DANIEL ORTMA | ORTMAN THOMAS E | 10942 | 00027 | |

Exhibit "B"

ELVA L. PRICE

District Clerk, Travis County

P.O. Box 679003

Austin, Texas 78767-9003

512-854-9457

RECEIPT No. 00303

Received From: Madeleine B. Connor

Ref. Cause No.: D-1- GN-15- 003714

Received For: Passport [ ] Photo [ ] Other [X]

Ref. Other: Supersedeas Bond

Received By

Deputy District Clerk: Sandy Capelo

Date: 08/28/2020

Amount: $30,000

Payment Type: Cash [ ] Check [X] M.O. [ ] Credit [ ]

CASH : Amount of change returned _____

CHECK or M.O. #: 92308202220

Check or M.O.      D/L # _____
Information:        D.O.B. _____
                   Phone # _____

CREDIT CARD REF. # _____

8/27/2020 10:59 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-003714
Alexus Rodriguez

No. D-1-GN-15-003714

| | | |
|---|---|---|
| DAVID McINTYRE, et al., | § | **IN THE DISTRICT COURT** |
| **Plaintiffs** | § | |
| vs. | § | |
| | § | **419TH JUDICIAL DISTRICT OF** |
| ERIC CASTRO, et al., | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

### SUPERSEDEAS

COMES NOW, Plaintiff Madeleine Connor, and files this her Supersedeas.

Pursuant to Texas Rule of Appellate Procedure 24 and Civil Practice & Remedies Code

Chapter 52, Plaintiff Madeleine Connor, herewith files this deposit in lieu of bond.

1. The Western District of Texas signed an order on January 27, 2020, in cause number 1:17-cv-00827-RP [Dkt. 70];

2. The Defendants recorded the order referenced above on February 10, 2020;

3. On February 26, 2020, Plaintiff filed a notice of appeal to the order, which was an award of attorney's fees and sanctions;

4. The trial court's order awarded no compensatory damages or interest thereon; therefore, the amount of supersedeas required is $ 0. *See In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2014); *Shook v. Walden*, 304 S.W.3d 910 (Tex. App.—Austin 2010), *overruled on other grounds*, 451 S.W.3d 385 (Tex. 2014);

5. Connor filed a supersedeas on February 26, 2020, but was unable to post a bond before the courthouse closed due to covid, and;

6. This document is resubmitted with the Travis County Clerk, with the sum of thirty-thousand dollars ($30,000.00), as a deposit in lieu of bond. This amount should be sufficient to supersede all costs and amounts finally determined by appeal. See

attached. Ms. Connor intends to challenge this payment and the abstract of judgment

that purports to allow execution on her non-exempt property by collateral attack.

Respectfully submitted,

/s/ *Madeleine Connor*
Madeleine Connor
SBOT # 24031897
P.O. Box 161962
Austin, Texas 78716-1962
(512) 289-2424
(512) 329-5229 (fax)
mgbconnor@yahoo.com


## CERTIFICATE OF SERVICE

I certify that this instrument was served on the following persons on the 27th day of August, 2020: Lowell Denton and Scott M. Tschirhart, at the following email addresses: lowell.denton@rampage-sa.com, Scott.Tschirhart@rampage-aus.com.

/s/ David Rogers
David Rogers
*Attorney for Madeleine Connor*





Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
San Antonio | Austin | Rio Grande Valley | Texas Gulf Coast
2500 W. William Cannon Drive, Suite 609 | Austin, Texas 78745-5320
V 512-279-6431 | F 512-279-6438

June 5, 2020

Velva L. Price
Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

**E-FILE NOTIFICATION**

Re:  *In Re David McIntyre*
Cause No. D-1-GN-15-003714, in the 419th Judicial District Court, Travis County, Texas
**Request to Writ of Execution**

Dear Ms. Price:

Please process this request for re-issuance of a Writ of Execution by the Clerk. The Office of Travis County Constable, Precinct No. 3 was unable to serve the original Writ prior to its expiration as their office was closed due to COVID-19. Therefore, re-issuance is required.

The information below is to be stated on the writ:

CAUSE NO. D-1-GN-15-003714

| | | |
|---|---|---|
| In re DAVID McINTYRE, | § | IN THE DISTRICT COURT OF |
| Petitioner, | § | |
| | § | |
| | § | 419th JUDICIAL DISTRICT |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |

Attached is a copy of the *Order Granting Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code* issued by the Honorable Judge Karin Crump on June 23, 2017 and file-stamped by your office on June 26, 2017. In the Order, Judge Crump awarded the following for the Defendants against Plaintiff Madeleine Connor, (jointly and severally with Plaintiff David McIntyre):



| | |
|---|---|
| Attorney's Fees: | $ 2,124.00 |
| Costs: | $ 76.67 |
| Sanctions: | $ 500.00 |
| Thirteenth Court of Appeals (unsuccessful) | $15,000.00 |
| Thirteenth Court of Appeals Costs | $ 20.00 |
| Texas Supreme Court (unsuccessful) | $10,000.00 |
| **TOTAL:** | **$27,720.67** |

Attached is a copy of the filed and recorded Abstract of Judgment for the aforementioned amount.

On January 27, 2020, United States District Judge Robert Pitman issued an Order in Cause No. 1:17-cv-00827; styled *Madeleine Connor v. Leah Stewart, Eric Castro and Chuck McCormick*, in the Western District of Texas-Austin Division. In his Order, Judge Pitman granted Defendants' their attorneys' fees, costs and additional sanctions against Plaintiff. The award is as follows:

| | |
|---|---|
| Attorney's Fees for Appeal: | $13.636.50 |
| Costs for Appeal: | $ 276.27 |
| Double Costs (in Appeal costs) | $ 58.00 |
| Attorney's Fees for District lawsuit (sanctions): | $28,646.50 |
| Costs for District lawsuit (sanctions): | $ 435.98 |
| **TOTAL:** | **$43,053.25** |

Attached is copy of the filed and recorded Order (Abstract of Judgment).

Plaintiff Madeleine Connor, individually, owes Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") by and through former Defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Charles McCormick the **total sum of $70,773.92**.

Creditor to be listed in the Writ of Execution is:

Texas Municipal League Intergovernmental Risk Pool by and through Defendants Eric Castro; Nancy Naeve; Gary Sertich; Leah Stewart; and Charles McCormick, as Subrogee.

Address:
Texas Municipal League Intergovernmental Risk Pool
c/o Denton Navarro Rocha Bernal & Zech, P.C.
2500 W. William Cannon, Suite 609
Austin, Texas 78745



Debtor to be listed in the Writ of Execution is:

**Madeleine Connor**
Mailing Address: P.O. Box 161962
Physical Addresses: 6203 Olympic Overlook, Austin, Texas 78746 and 6304 Whitemarsh Vly Walk, Austin, Texas 78746.
Driver's License Number: Unknown
Social Security Number: Unknown
Date of Birth: Unknown

Attached are Travis County CAD records for the properties at 6203 Olympic Overlook and 6304 Whitemarsh Vly Walk in Austin, Travis County, Texas. Debtor claims a homestead exemption on Olympic Overlook property.

Payment of the fee for the re-issuance of this Writ will be paid electronically with this request.

If additional information is needed, please contact our office at (512) 279-6431.

Very truly yours,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com

SCOTT M. TSCHIRHART
smtschirhart@rampagelaw.com

SMT/ha
Enclosures: As stated

cc:     David Rogers
        Law Office of David Rogers          **E-FILE NOTIFICATION**
        595 Round Rock West Drive, Suite #102
        Round Rock, Texas 78681

RETURN TO:      Denton Navarro Rocha Bernal & Zech, P.C.
                Attn: Scott M. Tschirhart
                25000 W. William Cannon Drive, Suite 609
                Austin, Texas 78745



THE STATE OF TEXAS
County of Travis

**CAUSE NO. D-1-GN-15-003714**

A B S T R A C T   O F   J U D G M E N T

I, **VELVA L. PRICE**, Clerk of the District Court of TRAVIS County, Texas, do hereby certify that in the District Court of Travis County, Texas, in a certain suit pending in the 419TH JUDICIAL DISTRICT COURT.

D-1-GN-15-003714, wherein

DAVID MCINTYRE AND MADELEINE CONNOR
and                                                                    , Plaintiff(s)
ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWARD, CHARLES MCCORMICK,    , Defendant(s)
TOM CLARK AND JANE/JOHN DOE 1, 2, AND 3, WHOSE BIRTH DATES, SOCIAL SECURITY
NUMBERS AND DRIVER'S LICENSE ARE NOT AVAILABLE TO THE CLERK

the said
    ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH CHARLES MCCORMICK AND JANE/JOHN DOE 1, 2,
    AND 3
    BY AND THROUGH THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
    C/O DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
    2500 W. WILLIAM CANNON, STE. 609
    AUSTIN, TEXAS 78745

recovered judgment against the said
    DAVID MCINTYRE
    6201 AUGUSTA NATIONAL DRIVE
    AUSTIN, TEXAS 78746

    AND

    MADELEINE CONNOR
    6203 OLYMPIC OVERLOOK
    AUSTIN, TEXAS 78746

    AND

    6304 WHITEMARSH VLY WALK
    AUSTIN, TEXAS 78746

on the <u>JUNE 23, 2017</u> JOINTLY AND SEVERALLY for the sum of TWENTY-SEVEN THOUSAND SEVEN HUNDRED AND 67/100 DOLLARS (**$27,700.67**).

Said judgment is entitled to following credits, to-wit: NONE.

There is now still due on said judgment **$27,700.67**, with interest as hereinabove set out.

Given under my hand and seal of office at Austin, Texas, <u>December 30, 2019</u>.



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: CARRISA ESCALANTE

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS



Dana DeBeauvoir, County Clerk
Travis County, Texas

2019188751

Dec 02, 2019 02:13 PM
Fee: $30.00          MEDINAE



‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 21 pgs    2020021481

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MADELEINE CONNOR,                         §
                                          §
            Plaintiff,                    §
                                          §
v                                         §         1 17-CV-827-RP
                                          §
LEAH STEWART,                             §
ERIC CASTRO, and                          §
CHUCK MCCORMICK,                          §
                                          §
            Defendants                    §

## ORDER

Before the Court are Defendants Leah Stewart, Eric Castro, and Chuck McCormick's

(collectively, "Defendants") Amended Motion for Attorneys' Fees, (Dkt 59), and Motion for

Additional Sanctions, (Dkt 60) Having considered the parties' briefing, the record, and the relevant

law, the Court will grant both motions

## I. BACKGROUND

Plaintiff Madeleine Connor ("Connor") lives in the Lost Creek Municipal Utility District

("Lost Creek") and Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively,

"Defendants") are all directors of Lost Creek (Compl, Dkt 1, at 1–2) Connor has now sued

Defendants three times in this Court for the same cause of action *See McIntyre v. Castro*, No 1-15-

CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir

2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v Castro*, No 1 16-CV-490 RP, 2017 WL

1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th

Cir 2018) ("*McIntyre II*"), *Connor v Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D

Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In all three cases, the Court determined



that Connor's claims were not well-grounded in law or fact and dismissed Connor's lawsuits for failure to state a plausible claim for relief *See id.*

In *McIntyre I,* Connor alleged that Defendants sent a "pejorative" email with "evil intent" to Lost Creek residents "purporting to be an 'update' about" a lawsuit she filed against Defendants (*McIntyre I*, Compl , Dkt 5, at 1) Upon reviewing the email, the Court determined that it was not pejorative, but rather that it "simply state[d] the basis of Plaintiffs'' claims and that Defendants rebut them." *McIntyre I,* 2016 WL 1714919, at *4 The Court dismissed Connor's claim, holding that her allegations fell "well short of supporting a claim for First Amendment retaliation." *Id.* Connor appealed. The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") affirmed the Court's opinion, specifically finding that Connor's allegations did "not constitute retaliation " *McIntyre v. Castro,* 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016)

One week after the Court issued its order in *McIntyre I,* and while her appeal remained pending, Connor sued Defendants again (*See McIntyre II,* Notice of Removal, Dkt 1, at 3) Connor's *McIntyre II* complaint—her seventh amended petition in state court—alleged a First Amendment retaliation claim "nearly identical" to her claim in *McIntyre I McIntyre II,* 2017 WL 1483572, at *4 The Court again dismissed the claim. *Id.* Connor then moved to amend her complaint to add another First Amendment retaliation claim, the Court denied her motion *Id* at *6 Connor appealed that decision *Connor v. Castro,* 719 F App'x 376, 379 (5th Cir 2018) The Court of Appeals affirmed this Court's decision, agreeing that it would have been futile to permit her to add the claim *Id* at 380

In *McIntyre II,* the Court found that the record gave "the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants

---

[1] There were two named plaintiffs in *McIntyre I* and *McIntyre II*—Madeleine Connor and David McIntyre *See McIntyre I,* 2016 WL 1714919, *McIntyre II,* 2017 WL 1483572



**Exhibit "A"**

than any legally cognizable injury Plaintiffs may have suffered." *McIntyre II*, 2017 WL 1483572, at *6 The Court stated that Connor's conduct, which included her "presentation of an objectively benign e-update as defamatory," was troubling. *Id.* In continuing "to engage in motion practice to add allegations that [were] plainly insufficient"—particularly in light of this Court's prior order, which was subsequently affirmed by the Court of Appeals—this Court found that her conduct fell "well short of what this Court expects of its officers." *Id.* While the Court declined to sanction Connor at that time, it warned her it would "not hesitate to consider sanctions—whether on motion or on its own initiative" should Connor continue to litigate this issue in the future. *Id.*

Despite that warning, Connor filed a third lawsuit in this Court, again alleging a First Amendment retaliation claim on the basis of an objectively benign litigation update. (Am. Compl., Dkt. 8, at 2) In doing so, she repeated a claim that had been twice rejected by this Court and once by the Court of Appeals. *McIntyre I*, 2016 WL 1714919, at *4, *McIntyre II*, 2017 WL 1483572, at *4, *McIntyre v. Castro*, 670 F. App'x 250, 251 (5th Cir. 2016), *reh'g denied* (Dec. 9, 2016) Her only new theory of retaliation—that Defendants intended to punish her by filing a valid defensive motion in a lawsuit that she brought against them—was one the Court determined Connor, a lawyer, should understand to be frivolous (Order, Dkt. 31, at 10) Again, this Court dismissed Connor's action as meritless. (*Id.*)

In dismissing Connor's third baseless lawsuit, this Court recited her history of vexatious litigation and found that Connor filed the action for "the improper purpose of harassing and imposing litigation costs on Defendants." (*Id.*) The Court determined that the appropriate Rule 11 sanction was to require Connor to pay Defendants' reasonable attorneys' fees and expenses related to this action (*Id.* at 11) The Court then ordered Defendants to submit a motion for reasonable attorneys' fees and expenses (*Id.* at 12) Concluding that a pre-filing injunction might be appropriate to deter Connor from using the courts "as a weapon of harassment" against the Defendants, the



3

**Exhibit "A"**

Court also ordered the parties to attend a hearing to consider the proper scope of a pre-filing injunction (*Id.* at 8, 12)

Pursuant to the Court's order, Defendants filed a motion requesting $16,235 16 in reasonable attorneys' fees and expenses (Mot Att'y Fees, Dkt 32, at ¶ 18) The Court ultimately denied Defendants' motion because they failed to comply with Rule 11's safe harbor provision (Order, Dkt 42, at 3) However, after giving Connor the required notice and hearing, (Dkt. 31, 40), the Court imposed a pre-filing injunction against Connor sua sponte, barring her from filing any civil action "against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district " (Order, Dkt 42, at 9).

Connor appealed that order (Dkt 44) Her appeal was dismissed because she didn't timely file her brief (Dkt 47) The Fifth Circuit subsequently reinstated her appeal (Dkt 48) The Fifth Circuit then affirmed this Court's order without an opinion (Dkt 50, Ex S) She petitioned for rehearing by the panel. (*Id.* at Ex T) After nearly a year of defending the appeal, Defendants then filed a motion for appellate sanctions (*Id.* at Ex U) In that motion, Defendants expressly argued that Connor's entire appeal was frivolous and sought sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U S C § 1912. (Dkt 50, at 1 ("Now come Appellees, Leah Stewart, Eric Castro and Chuck McCormick and file their Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38" , "The current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court", "[T]his Court [should] remand this case to the district court 'to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912 '"))

The Court of Appeals granted Defendants' motion and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C

4

**Exhibit "A"**



§ 1912 " (Dkt 49 at 1)  The Court of Appeals further cautioned Connor, "a lawyer representing herself pro se," that "any further prolongation of this case will likely result in additional sanctions " (*Id* at 2)  Except for "the determination of costs and sanctions by the district court on remand," the Court of Appeals stated, in all caps, "THIS CASE IS OVER " (*Id*)

On remand, Defendants filed two motions for attorneys' fees and costs, (Dkt 50, 53), neither of which complied with this Court's Local Rules  W D  Tex  Loc. R  CV-7(j)(1)  The Court ordered Defendants to properly confer with Connor and file an amended motion for attorneys' fees, costs, and sanctions that adhered to the local rules  (Order, Dkt 56, at 2)  The Court further ordered the parties to "advise the Court what other sanctions, if any, they believe to be appropriate " (*Id* at 1)  Defendants then filed an Amended Motion for Attorneys' Fees, (Dkt. 59), and a Motion for Additional Sanctions, (Dkt 60)  Those motions are now before the Court, (Mot  Att'y Fees, Dkt 59, Mot. Sanctions, Dkt 60)  First, the Court will turn to Defendants' Motion for Attorneys' Fees, (Dkt 59), which requests attorneys' fees, costs, and expenses incurred defending against Connor's appeal  Second, the Court will address Defendants' Motion for Additional Sanctions, (Dkt. 60), which requests sanctions in the form of attorneys' fees incurred defending this lawsuit before this Court

## II.  DISCUSSION

### A.  Motion for Attorneys' Fees, Costs, Expenses

Pursuant to the Court of Appeals' mandate, Defendants seek $13,636 50 in attorneys' fees, $276 27 in expenses, and double costs in the amount of $58 00 for damages incurred in defending against Connor's appeal from October 1, 2018, the date Connor filed her Notice of Appeal, (Dkt 44), and June 21, 2019, the date the Court of Appeals granted Defendants' motion for sanctions and remanded to the District Court for a determination of the amount of costs and damages, (Dkt 49) (Mot  Att'y Fees, Dkt 59, at 4–5)

5



**Exhibit "A"**

Connor contends that the Court should deny Defendants' request for attorneys' fees and costs because it "does not comply with this District's rule concerning the form, content, timeframe, or conference provisions of a request for attorney's fees " (Pl 's Resp , Dkt 61, at 2 (citing W D Tex Loc R  CV-7(j)(1)-(3) )  Alternatively, Connor asks that the Court limit Defendants' fees and costs to those associated with the delay caused by her filing a motion for rehearing rather than awarding Defendants the fees and costs accrued in defending against the appeal as a whole  (*Id* at 12)  The Court finds both of these arguments lacking and discusses each of them in turn below

### 1    Defendants' Motion Complies with the Local Rules

Connor contends that Defendants' motion for attorneys' fees should be denied—"save perhaps double costs, which 28 U S C § 1912 permits, presumably without any form of motion being timely and compliantly filed"— because it does not comply with Local Rule CV-7(j)  On this point, Connor makes three arguments  First, she contends that Defendants did not satisfy the "meet and confer" requirement under the local rules because "Defendants' counsel refused to have any substantive discussions with Plaintiff regarding their request for fees and sanctions and walked out of the conference after the passage of only fifteen minutes " (Dkt 61 at 3–5)  Second, she argues that Defendants' motion did not certify her specific objections to Defendants' requested attorneys' fees, objections she alleges she could not specifically articulate "because only an oral number was proposed, with no detail " (Dkt 61 at 6)  Third, Connor contends that while Defendants' motion includes a billing document, it does not comply with the drafting and certification requirements, specifically, she argues that attaching a 22-page billing statement without "a more easily readable table" skirts the simplicity the local rules "seem to encourage " (*Id*)

The Court concludes that Defendants' motion properly complies with the local rules  *See* W D Tex Loc R  CV-7(j)  It is undisputed that Defendants' counsel met in person with Connor on July 30, 2019 to discuss their intention to seek attorneys' fees  (*See* Pl 's Resp , Dkt 61, at 4)  During

6



**Exhibit "A"**

that meeting, Defendants "repeatedly asked" for Connor's objections to the fee amount, but Connor only offered a specific objection to one eight-hour billing entry (Defs' Reply, Dkt 59, at 6) Defendants noted this objection in their motion and properly "certified the reason why the matter could not be resolved by agreement " W D Tex Loc R CV-7(j), (*see also* Mot Att'y Fees, Dkt 59, at 5–7 ("The parties could not reach an agreement because Plaintiff offered [an amount] inconsistent with Defense counsel's authority ")) And Rule 7(j) imposes no time requirement for a conference *See* W D Tex. Loc R CV-7(j) From the Court's perspective, fifteen minutes is sufficient to entertain that single objection

Moreover, Connor's contention that she "could not articulate a specific objection" to "an oral request for $40,000" because Defendants tendered the fee-bill to her "only 30 minutes before the meeting convened" is a flagrant misrepresentation of the facts (Pl 's Resp , Dkt 61, at 5) Defendants provided statements and draft bills with their Motion for Attorneys' Fees and Costs pursuant to the order from the Court of Appeals, (Dkt 49), on June 25, 2019 (Orig Mot Att'y Fees, Dkt. 50) Defendants emailed Connor with an updated set of statements on July 24, 2019, a full six days before the conference (Email, Dkt 63-1, at 1) In that same email, Defendants' counsel expressly indicated that Defendants intended to seek attorneys' fees and costs incurred for the entire appeal and additional sanctions in the form of attorneys' fees and costs related to the rest of the case (*Id* at 1) Connor had the time and the information necessary to formulate her objections ahead of the conference and did not do so She cannot now misrepresent the record to manufacture noncompliance with the local rules in an attempt to evade sanctions.

Connor's argument that Defendants' motion should be denied because it "does not comply with the drafting and certification requirements of the rule" is likewise baseless (Pl 's Resp , Dkt 61, at 6) Defendants' motion contains the requisite chronological billing activity, affidavit, and memorandum setting forth the method by which fees were computed W D Tex. Loc R CV-

7



**Exhibit "A"**

7(j) There is no requirement that a movant for reasonable attorneys' fees include "a more easily readable table," (Pl's Resp, Dkt 61, at 6), billing records provide sufficient support for the legal services rendered by Defendants in defending this action. *People's Capital & Leasing Corp. v McClung*, No 3 17-CV-484-OLG, 2018 WL 7291447, at *2 (W.D Tex Aug 20, 2018) ("Plaintiff's attorney's fees request is properly supported by copies of the invoices for legal services") Moreover, Defendant's counsel attested to the reasonableness of these rates in an affidavit attached to the motion (Tschirhart Aff, Dkt. 59-2, at 1–2), W D Tex Loc. R CV-7(j)

Thus, the Court concludes that Defendants' Motion for Attorneys' Fees complies with the local rules and Connor's arguments to the contrary are, predictably, without merit The Court will now turn to Connor's next argument pertaining to the scope of the Court of Appeals' mandate

### 2. Defendants are Entitled to Fees and Costs for the Entire Appeal

Connor contends that Defendants' request for attorneys' fees and costs incurred for the entire appeal should be denied because the Court of Appeals "rejected" Defendants' "repeated requests in the appellate court to award fees and sanctions for frivolous appeal" (Pl's Resp, Dkt 61, at 8) In support of this argument, Connor cites to the text of the Court of Appeals' order, which she notes omits the words "frivolous" and "Rule 38" and cites only to 28 U S C § 1912 *Id* Connor interprets these omissions to mean the Court of Appeals denied Defendants' request for sanctions pursuant to Rule 38 and instead limited the scope of sanctions on remand to the delay associated with Connor's decision to file a motion for panel rehearing *(Id)*

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee" Meanwhile, 28 U S C § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and

8



**Exhibit "A"**

single or double costs " 28 U S C § 1912  Importantly, the rule—unlike the statute—allows a court to order damages and costs for a frivolous appeal without finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee notes to 1967 adoption, *see also State of Tex. v. Gulf Water Benefaction Co* , 679 F 2d 85, 87 n 1 (5th Cir 1982), *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay ")  An award of damages and double costs as sanctions for the filing of a frivolous appeal "may be made against an appellant under 28 U S C § 1912 and Fed R App P 38 " *Olympia Co v. Celotex Corp.*, 771 F 2d 888, 893 (5th Cir 1985)  Thus, if a frivolous appeal results in delay, courts may use Rule 38 and 28 U S C § 1912 interchangeably  *See Exhibitors Poster Exch , Inc. v Nat'l Screen Serv Corp.*, 78 F R.D 192, 195 (E D La 1978)

Having reviewed the Court of Appeals' order and the appellate record as a whole, the Court concludes that it may determine costs and damages related to the entire appeal; that is, the Court of Appeals' mandate does not limit apportionable damages to the delay associated with Connor's motion for panel rehearing  As an initial matter, the Court of Appeals *granted* Defendants' motion for appellate sanctions (*See* Fifth Cir Order, Dkt 49, at 1 ("**IT IS ORDERED** that appellees' motion for sanctions, attorney fees, and costs     is **GRANTED** "))  Defendants based their appellate motion for sanctions on the frivolousness of Connor's entire appeal, not on the delay associated with her filing a motion for panel rehearing (Defs ' App Mot Sanctions, Dkt 50, Ex U, at 2 ("[T]he current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court")  Throughout the motion, Defendants specifically argued for sanctions pursuant to Rule 38, cited cases pertaining to frivolous appeals within the purview of Rule 38, and sought relief pursuant to Rule 38  (*See id.* ("Sanctions under Rule 38 are appropriate"), *id.* (citing cases pertaining to sanctions imposed pursuant to Rule

9

**Exhibit "A"**

38), *id* at 6 ("For the foregoing reasons, this Court should find that Appellant's arguments are frivolous, that sanctions under Fed R App P 38 are warranted, that Appellees have incurred attorneys' fees and expenses as a result of Appellant's frivolous litigation ") Even Connor concedes that the appellate motion "largely" "requests sanctions and damages pursuant to Rule of Appellate Procedure 38, and only requests relief under 28 U S C § 1912 on the final page " (Resp , Dkt 61, at 7) Thus, granting Defendants' motion *was* a finding that Connor's appeal was frivolous

Connor's textual argument is therefore unavailing While the Court of Appeals' order does "remand this case to the district court to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912," courts often use Rule 38 and 28 U S C § 1912 interchangeably when the appeal is frivolous and resulted in delay *Exhibitors Poster Exch , Inc v Nat'l Screen Serv. Corp.*, 78 F R D 192, 195 (E D La 1978) ("Various courts have referred to and utilized F R A P 38 and 28 U S C § 1912 interchangeably", *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv Corp* , 543 F 2d 1106, 1107 (5th Cir 1976) ("The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F R A P The motion is well taken    We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U S C. § 1912 "); *Olympia Co. v. Celotex Corp* , 771 F 2d 888, 892–93 (5th Cir 1985) (noting that an award of damages and double costs for the filing of a frivolous appeal "may be made against an appellant under 28 U S C. § 1912 and Fed R App P 38 ") This is especially so when the appeal has resulted in delay, indeed, the only reason to distinguish between the statutory basis for sanctions and the rule would be if the Court of Appeals intended to award sanctions for a frivolous appeal without making a finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee's note to 1967 adoption

Finally, in citing to § 1912, the Court of Appeals did not limit the scope of sanctions to the delay associated with Connor's filing of a motion for panel rehearing, as she contends Nothing in

10

**Exhibit "A"**

Defendants' motion for appellate sanctions, which the Court of Appeals granted, limits the requested relief to the delay associated with one portion of Connor's appeal and nothing in the Court of Appeals' order imposes such a limitation either (*See* Defs' Mot App Sanctions, Dkt 50, Ex. U, 5th Cir Order, Dkt 49, at 1–2) For nearly a year, Connor prosecuted a meritless appeal with no legitimate prospect of success After filing her Notice of Appeal, (Dkt 44), she ignored the transcript order deadline, (Dkt 50, Ex A), waited six days after the Clerk sent her an email about missing the deadline to request more time, (*id.* at Ex. C), delayed ordering the transcript again, (*id.* at Ex D), moved for a fifteen-day extension to file her appellate brief, (Dkt 50, Ex F), and then filed for another extension the day before her brief was due, (Dkt 50 at Ex G) When the Court of Appeals denied Connor's motion for an extension, (Dkt 50 at Ex I), Connor filed a motion to reconsider arguing that "in seventeen years of practice, she had never personally been denied an extension of time to file an opening brief     " (Dkt 50, Ex J) The Court of Appeals denied her motion and dismissed her appeal for want of prosecution shortly after (Dkt 50, Ex K, L) Then, Connor filed two additional motions, which the Court of Appeals took no action on because it had dismissed her appeal (Mot Attorneys' Fees, Dkt 50, at 4) Connor then filed a motion to reopen the appeal (Dkt 50, Ex O)

The Court of Appeals granted her motion and reinstated her appeal (Dkt 50, Ex Q) After considering Connor's arguments on appeal, the Court of Appeals then affirmed this Court's order without an opinion (Dkt 50, Ex S) In an attempt to further prolong meritless litigation, Connor filed a petition for panel rehearing (Dkt 50, Ex T) At this point, after almost a year of investing time and resources into defending against Connor's various delay tactics, Defendants filed a motion for appellate sanctions, which the Court of Appeals granted. (Dkt 50, Ex. U)

Because Connor's frivolous appeal resulted in nearly a year of delay, the Court of Appeals remanded to the District Court for a determination of costs and damages pursuant to § 1912. *See*

**Exhibit "A"**

Fed R App P 38 advisory committee's note (explaining that Rule 38 and § 1912 can be used interchangeably, the only difference being that § 1912 requires a showing of delay) And the appellate record makes clear that Connor delayed prompt adjudication of this dispute throughout the entire appeal

Finding no reason to limit the scope of sanctions to the attorneys' fees and costs associated with Connor's motion for panel rehearing, the Court will assess against Connor the attorneys' fees and costs incurred by Defendants in defending against the entire frivolous appeal.

### *i. Attorneys' Fees*

Defendants contend that from October 1, 2018 (the date Connor filed her Notice of Appeal) through June 21, 2019 (the date the Court of Appeals issued its mandate) they incurred $13,636 50 in reasonable and necessary attorneys' fees and $276 27 in expenses defending against Connor's frivolous appeal (Mot Sanctions, Dkt 59, at 5) As supporting documentation, Defendants submit an affidavit from Defendants' counsel of record and detailed billing records (Tschirhart, Dkt 59-2, at 1–2, Invoices, Dkt. 59-3, at 1–18) Defendants' request for attorneys' fees is based on the following rates $195 (later $210) per hour for Partners, $175 (later $180) per hour for Senior Associates, and $75 (later $85) for paralegal time (Tshirhart Aff, Dkt 59-2, at 1) Defendants' memorandum notes that these fees "are based upon a bargained-for agreement" and represent "the same fees commonly charged for this kind of work by our Firm all over the State of Texas " (Defs' Fee Calculation Memo, Dkt 59-4, at 2)



**Exhibit "A"**

The Court finds that the attorneys' fees requested are reasonable in light of the well-known *Johnson* factors [2] *Johnson v. Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron,* 489 U S 87 (1989) In defending against Connor's appeal, Defendants' counsel spent nearly a year reviewing and drafting responses to Connor's various requests for extensions of time and other obstinate efforts to deny Defendants a prompt resolution of the dispute (*See e.g.* Invoice, Dkt. 59-3, at 8–17) Upon examining Defendants' detailed records, the Court finds the time and labor documented to be reasonable in light of the issues involved and the skill required *See id.* Moreover, the fees charged for the services are consistent with fees charged for such services in the geographic area amongst lawyers with similar experience, reputation, and ability *See id* Finally, Connor has not challenged the requested rates and fees; her response to Defendants' attorney's fees motion only contests compliance with W D Tex R CV-7(j) and the scope of the Court of Appeals' mandate [3] While she proffers her own attorneys' fee offer— $525 00—she does not explain why Defendants' requested rates and fees, supported by invoices, affidavits, and memorandum, are unreasonable. Thus, the Court concludes that Defendants are entitled to the $13,636 50 in requested attorneys' fees and $276 27 in requested expenses

---

[2] The *Johnson* factors are (1) the time and labor required to represent the client or clients, (2) the novelty and difficulty of the issues in the case, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee charged for those services in the relevant community, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases *Johnson v Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron,* 489 U S 87 (1989)

[3] While Connor objected to one billing entry when the parties met to confer, Defendants "adjusted that particular entry, in response to [Connor's] objection, by reducing it accordingly," (Defs ' Reply, Dkt 63, at 4), and Connor's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs, (Dkt 61), does not raise objections with respect to the requested rates and fees, only to the manner in which these rates and fees were discussed *See* Pl 's Resp , Dkt 61, at 3–4 (objecting to Defendants' "global request for $40,000" as noncompliant with the meet and confer requirements under W D Tex Loc R CV-7(j), but raising no other specific objections to the rates and fees incurred)

**Exhibit "A"**

*n.   Costs*

The Court of Appeals also remanded this case for a determination of costs (*See* Fifth Cir, Mandate, Dkt 49, at 1) "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs" 28 U S C § 1912 Federal Rule of Appellate Procedure 38 likewise allows for "just damages and single and double costs to the appellee" when an appeal is frivolous *Garza v. Westergren,* 908 F 2d 27, 29 (5th Cir 1990) ("[A]n award of attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38 is proper, because this appeal is frivolous ") Defendants submitted a Bill of Costs to the Court of Appeals in the amount of $29 40 in taxable costs, (Bill of Costs, Dkt 50, Ex W, at 166), and ask the Court to award double costs in the amount of $58 00 (Mot Att'y Fees, Dkt 59, at 3–5)

The Court concludes that this case is a textbook example of a scenario where double costs are warranted Here, Connor's appeal was not only frivolous, but also resulted in significant delay For nearly a year, Connor prolonged unmeritorious litigation, with no legitimate prospect of success In continuing to litigate a meritless appeal and leaving no delay tactic unturned, Connor "imposed an unnecessary burden on [the Court of Appeals] and has infringed on the rights of the appellees who are entitled to a prompt adjudication of this dispute." *Hagerty v. Succession of Clement,* 749 F 2d 217, 222 (5th Cir 1984) Accordingly, the Court determines that Defendants' request for double costs in the amount of $58 00 is warranted (*See* Dkt 59, at 5)

## B. Motion for Additional Sanctions

In response to this Court's order, (Dkt 56), Defendants filed a motion requesting additional sanctions in the form of "all of the attorneys' fees and costs incurred by Defendants in the proceedings before this honorable court " (Mot Add. Sanctions, Dkt 60, at 2) In the alternative, Defendants ask the Court to sanction Connor by "entering an Order temporarily disbarring [her]

14

**Exhibit "A"**



from the practice of law before the Courts in the Western District of Texas for a period of not less than six (6) months." (*Id.* at 2–3) Ultimately, Defendants just want the Court to "fashion a sanction that would deter [Connor] from continuing to use the [c]ourts as a weapon of harassment against them and those who are connected with them." (*Id.* at 2) Defendants provide two possible bases for additional sanctions. First, Defendants contend that Connor, a licensed attorney, could be sanctioned pursuant to 28 U.S.C. § 1927. Second, Defendants contend the Court can sanction Connor pursuant to its inherent authority.

Connor argues that this Court lacks the authority to issue additional sanctions because the Court of Appeals' remand order only allows for an assessment of fees for delay under 28 U.S.C. § 1912, which Connor isolates to fees accrued by the Defendants after she filed a motion for panel rehearing. (Pl.'s Resp., Dkt. 62, at 2) She argues that on remand a trial court cannot deviate from the mandate of the appellate court and that the Court of Appeals' mandate requires this Court to assess fees only for delay under 28 U.S.C. § 1912. (*Id.*)

As previously discussed, the Court finds nothing in the text of the Court of Appeals' remand order that limits sanctions to the delay associated with Connor's motion for panel rehearing. *See infra* Part II.A.2. Moreover, the Court of Appeals' mandate covers appellate sanctions and says nothing about this Court's power to sanction Connor for her unreasonable and vexatious conduct before this Court. Because the pre-filing injunction imposed by this Court, (Order, Dkt. 42, at 9), has not deterred Connor from continuing to harass Defendants with unmeritorious litigation—both in this Court and others—the Court will assess additional monetary sanctions against Connor.

1.   Sanctions pursuant to 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To impose sanctions



**Exhibit "A"**

pursuant to this provision, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019). "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owed to the court.'" *Id.* "An attorney acts with "reckless disregard" of [her] duty to the court when [s]he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining [her] factual contentions." *Id.* at 638.

In support of § 1927 sanctions, district courts often rely on "repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). Before imposing such sanctions, the court must "make detailed factual findings," including "(1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction." *Morrison*, 939 F.3d at 638. "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Procter & Gamble Co.*, 280 F.3d at 526 (emphasis in original).

For the reasons stated below, the Court concludes that Connor's conduct in filing and persistently litigating this lawsuit unreasonably and vexatiously multiplied the proceedings against Defendants and sanctions are thus warranted under § 1927.

### i.  Reasonableness

This is Connor's third, meritless First Amendment retaliation lawsuit before this Court. In bringing this latest lawsuit, Connor knew that this Court had twice dismissed—and the Court of Appeals had previously affirmed dismissal of—Connor's nearly identical claims. *See McIntyre v. Castro*, No. 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W.D. Tex. Apr. 8, 2016), *aff'd*, 670 F. App'x 250

16

**Exhibit "A"**

(5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*") By filing this third lawsuit, Connor persistently prosecuted a meritless claim and thus unreasonably multiplied proceedings that should have concluded with the resolution of *McIntyre I*

### ii. Vexatiousness

To impose sanctions pursuant to § 1927, counsel's multiplication of proceedings must be not only unreasonable, but also vexatious *See Morrison*, 939 F.3d at 637–38 The Court concludes that Connor vexatiously multiplied the proceedings in reckless disregard of the duty owed to this Court *See id* This Court's dismissal of *McIntyre I* put Connor on notice that claims for First Amendment retaliation based on a benign litigation status update were meritless *See McIntyre* I, 2016 WL 1714919, at *4 *McIntyre II* did not remedy these deficiencies and this Court admonished Connor's decision to continue to assert a claim nearly identical to the one previously dismissed, questioned her motivation, and warned of possible future sanctions if she continued to exhibit conduct that "falls short of what this Court expects of its officers " *McIntyre II*, 2017 WL 1483572, at *6 Connor was not deterred Instead, she filed a nearly identical lawsuit, indifferent to this Court's warnings (Compl , Dkt 1) In light of the record as a whole, the Court concludes that Connor pursued this third lawsuit in bad faith and for the improper purpose of harassing and annoying Defendants Such conduct constitutes a reckless disregard of the duty owed to this Court

As noted in this Court's previous order, "Connor's extensive and meritless litigation history against Defendants and other Lost Creek directors indicates a commitment to use the courts as a weapon of harassment against them " (Order, Dkt 42, at 8–9). Despite this Court's two prior dismissals of nearly identical First Amendment retaliation claims against Defendants, she filed a third lawsuit alleging First Amendment retaliation on the basis of the same benign litigation update

17



**Exhibit "A"**

*See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec. 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom Connor v. Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"). *Connor v. Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In doing so, she advanced a "baseless claim despite clear evidence undermining her factual contentions," namely, two prior dismissals and an affirmance by the Court of Appeals *See id.* Throughout the litigation, Connor made claims that were "not merely meritless" but also made in bad faith for the purpose of harassing Defendants (*See* Order, Dkt 42, at 7) Given Connor's repeated efforts to advance allegations against Defendants in bad faith at every step of the litigation, shifting the entire burden of defending this lawsuit onto Connor is not only appropriate, but necessary to deter Connor from harassing Defendants with more meritless litigation in the future

Moreover, the monetary sanctions issued by state courts in similar litigation have not deterred Connor from filing this action, indicating the need for additional monetary sanctions (*See* Orders, Dkt 38-2) Even more troubling, Connor recently misrepresented the record in this case in a related state court action, attesting to a state court judge that this Court had dismissed her state law claims, when in fact this Court had merely declined to exercise supplemental jurisdiction over them and remanded them back to Texas state court (*See* Advisory to the Court, Dkt 67, at 1–5), *compare McIntyre* II, 2017 WL 1483572, at *5 ("In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction Accordingly, the state law claims against Defendants are properly remanded back to Texas state court ") *with* Connor's Request for Abstract Judgment, Dkt 67-1, at 1 ("[T]he record clearly indicates that the claims dismissed by the Hon Karin Crump had already been dismissed by the Western District of Texas, and therefore, the order is subject to collateral attack and injunctive relief") As this Court has already admonished, "Connor

18

**Exhibit "A"**



has the legal training and experience to understand that    the state-law portion of Defendants' motion was not adjudicated by this Court, which remanded Connor's state-law claims." (Dkt 31 at 7) Therefore, Defendants' requested sanctions are also appropriate to deter Connor from misrepresenting this Court's record for the purpose of harassing defendants in an alternate forum.

Finally, Connor's frivolous filings have needlessly diverted this Court's time and resources away from the hundreds of meritorious cases and controversies on its docket (*See* Order, Dkt 42, at 8 (discussing the burden that Connor's high volume of motions in this action and previous actions have had on this Court)) Thus, in continuing to prosecute her claims in bad faith, Connor not only saddled Defendants with the burden of defending against frivolous claims, but she also impeded this Court's ability to direct its attention to the meritorious plaintiffs on its docket in need of relief Connor has imposed a similar burden on the Texas state court system *See id* (discussing the burden Connor's litigation tactics have placed on the state court system, particularly the five-hundred-page state court record in *McIntyre II*) Repeated admonitions and the threat of sanctions both by this Court and the Court of Appeals have not deterred Connor from continuing to litigate in bad faith *McIntyre II*, 2017 WL 1483572, at *6 ("In short, the Court is troubled by Connor's conduct in this litigation    the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative"), (*see also* Fifth Cir Mandate, Dkt 49, at 2 ("[A]ppellant, a lawyer representing herself pro se, is cautioned that any further prolongation of this case will likely result in additional sanctions") The Court concludes that severe monetary sanctions are necessary to send the message to Connor that bad faith litigation brought for the purpose of harassment will not be tolerated, especially by an officer of the Court Thus, this Court will assess the full cost of defending this suit against Connor

**Exhibit "A"**



In defending against Connor's baseless claims before this Court, Defendants incurred a total of $28,646 50 in reasonable and necessary attorneys' fees and $435 98 in expenses (Mot Add Sanctions, Dkt 60, at 6) In reviewing the submitted invoices, affidavit, and memorandum in support of this figure, the Court determines that both the work expended and the rates assessed are reasonable for the geographic area Because Connor has not disputed the reasonableness of these sums and because the record demonstrates that "every facet" of Connor's third lawsuit was "patently meritless" and brought in bad faith for the improper purpose of harassing Defendants, (*see* Order, Dkt 42, at 4–9), the Court concludes shifting the entire cost of the defense to Connor is appropriate pursuant to 28 U S C § 1927 [4] *See Procter & Gamble Co*, 280 F 3d at 526 In addition to these monetary sanctions, the Court reminds Connor that a pre-filing injunction remains in place

> Connor may not file a civil action against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district Any future complaint against Defendants or other officers of the Lost Creek Municipal Utility District in this district shall be accompanied by a motion for leave, and no summons shall issue unless leave is granted

(Dkt 42 at 9)

To echo the Court of Appeals, "[t]his case is over "

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs, (Dkt 59), is **GRANTED**

---

[4] To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct *See Chambers v NASCO, Inc*, 501 U S 32, 50 (1991) ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules ")



**Exhibit "A"**

**IT IS FURTHER ORDERED** that Defendants' Motion for Additional Sanctions, (Dkt 60), is **GRANTED**

Defendants are entitled to an award of **$13,636.50 in attorneys' fees, $276.27 in expenses,** and **double costs in the amount of $58.00** for the damages incurred in defending against Connor's frivolous appeal

Defendants are further entitled to **$28,646.50 attorneys' fees** and **$435.98 in expenses** incurred in defending this matter before this Court

**SIGNED** on January 27, 2020



_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE
A true copy of the original, I certify.
Clerk, U.S. District Court

By_____
Deputy Clerk

**Recorders Memorandum**-At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc All blockouts, additions and changes were present at the time the instrument was filed and recorded

**RETURN**

DENTON NAVRRO ROCHA BERNAL & ZECH, P
2500 W  WILLIAM CANNON DRIVE
SUITE 609
AUSTIN, TX 78745



**2020021481**

**FILED AND RECORDED**
**OFFICIAL PUBLIC RECORDS**

*Dana DeBeauvoir*

**Dana DeBeauvoir, County Clerk**
**Travis County, Texas**

Feb 10, 2020 02:09 PM
Fee: $106.00        WELLINB



21

**Exhibit "A"**

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID | 108378 | Legal Description | LOT 14 BLK 4 LOST CREEK SEC 1 |
| Geographic ID | 0109280314 | Zoning | |
| Type | Real | Agent Code | |
| Property Use Code | | | |
| Property Use Description | | | |

## Protest

Protest Status
Informal Date:
Formal Date

## Location

| | | | |
|---|---|---|---|
| Address: | 6203 OLYMPIC OVERLOOK AUSTIN, TX 78746 | Mapsco | |
| Neighborhood | NS200 | Map ID: | 011037 |
| Neighborhood CD | N5200 | | |

## Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELEINE B | Owner ID | 1735040 |
| Mailing Address: | 6203 OLYMPIC OVERLOOK AUSTIN, TX 78746-7229 | % Ownership: | 100.0000000000% |
| | | Exemptions | HS |

| | | | |
|---|---|---|---|
| (+) Improvement Homesite Value: | + | N/A | |
| (+) Improvement Non-Homesite Value | + | N/A | |
| (+) Land Homesite Value | + | N/A | |
| (+) Land Non-Homesite value | + | N/A | Ag / Timber Use Value |
| (+) Agricultural Market Valuation | + | N/A | N/A |
| (+) Timber Market Valuation: | + | N/A | N/A |
| (=) Market Value: | = | N/A | |
| (-) Ag or Timber Use Value Reduction | – | N/A | |
| (=) Appraised Value | = | N/A | |
| (-) HS Cap: | – | N/A | |
| (=) Assessed Value | = | N/A | |

Owner:     CONNOR MADELEINE B
% Ownership:   100.0000000000%



3

Total Value:   N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate | N/A | | | |

Taxes w/Current Exemptions:   N/A
Taxes w/o Exemptions:   N/A

Improvement #1:   1 FAM DWELLINGS   State Code:   A1   Living Area:   5322 sqft   Value:   N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| 1st | 1st Floor | WW | | 1976 | 1222.0 |
| 2ND | 2nd Floor | WW | | 1976 | 924.0 |
| OP1 | PORCH OPEN 1st FL | | | 1976 | 110.0 |
| P&1 | GARAGE ATTACHED | | | 1976 | 101.0 |
| G/R | HEAT RESID GOOD | | | 1976 | 2242.0 |
| 357 | BATH ROOM | | | 1976 | 3.0 |
| STF | FLICK ENCLOSED | | | 1976 | 112.0 |
| S32 | FIREPLACE | | | 1976 | 1.0 |
| 2nd | 2nd Floor | | | 1976 | 1.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3076 | 13400.00 | 0.00 | 0.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $261,000 | $420,000 | 0 | 681,000 | $100 | $680,900 |
| 2018 | $199,000 | $420,000 | 0 | 619,000 | $0 | $619,000 |
| 2017 | $260,000 | $360,000 | 0 | 620,000 | $0 | $620,000 |
| 2016 | $435,374 | $210,000 | 0 | 645,374 | $11,677 | $633,697 |
| 2015 | $449,122 | $130,000 | 0 | 629,122 | $53,034 | $576,088 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/3/2017 | WD | WARRANTY DEED | VANWISSE DEWITT | CONNOR MADELEINE B | | | 2017160495 |
| 2 | 3/1/2013 | WD | WARRANTY DEED | NCM ACQUISITIONS LLC | VANWISSE DEWITT | | | 2013037759TR |
| 3 | 12/4/2012 | MS | MISCELLANEOUS | BAE KUM YEO | NCM | | | 2012209519TR |



& KYEONG J ACQUISITIONS
LLC



2020 - Values not available

## Account

Property ID: 111538
Geographic ID: 0111280112
Type: Real
Property Use Code:
Property Use Description:

Legal Description: LOT 5 BLK 7 LOST CREEK SEC 2
Zoning:
Agent Code:

## Protest

Protest Status:
Informal Date:
Formal Date:

## Location

Address: 6304 WHITEMARSH VLY WALK   Mapsco:
TX 78746
Neighborhood: N5200
Neighborhood CD: N5200        Map ID:   011033

## Owner

Name: CONNOR MADELINE G
Mailing Address: 6203 OLYMPIC OVERLOOK      Owner ID:   1485808
AUSTIN, TX 78746-7223          % Ownership:  100.0000000000%

Exemptions:

| | | |
|---|---|---|
| (+) Improvement Homesite Value: | | N/A |
| (+) Improvement Non-Homesite Value: | | N/A |
| (+) Land Homesite Value: | | N/A |
| (+) Land Non Homesite Value: | | N/A |
| (+) Agricultural Market Valuation: | | N/A  Ag / Timber Use Value |
| (+) Timber Market Valuation: | | N/A            N/A |
| | | N/A            N/A |
| (=) Market Value: | = | N/A |
| (-) Ag or Timber Use Value Reduction: | - | N/A |
| (-) Appraised Value: | = | N/A |
| (-) HS Cap: | - | N/A |
| (=) Assessed Value: | = | N/A |

Owner:     CONNOR MADELINE G

% Ownership:  100.0000000000%



Total Value:   N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate: | N/A | | | |

Taxes w/Current Exemptions:   N/A
Taxes w/o Exemptions:   N/A

Improvement #1: 1 FAM DWELLING   State Code: A1   Living Area: 2152 0 sqft   Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| 1ST | 1st Floor | WW + | | 1981 | 2152.0 |
| 011 | PORCH OPEN 1ST | T R | 1981 | 28.0 |
| 011 | GARAGE ATT 1ST | WW | 1981 | 572.0 |
| 0J | HVAC RESIDENTIAL | | 1981 | 2152. |
| 361 | BATHROOM | | 1981 | 1.5 |
| 512 | DECK UNCOVERED | 5 | 1981 | 144.0 |
| 512 | DECK UNCOVERED | S | 1981 | 10.0 |
| 522 | FIREPLACE | T S | 1981 | 1.0 |
| 53 | MASONRY TRIM S. | WS | 1981 | 205.0 |
| 612 | TERRACE UNCOVERED | T S | 1981 | 100.0 |
| 512 | DECK UNCOVERED | T S | 1981 | 235.0 |
| 512 | DECK UNCOVERED | T S | 1981 | 20.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3595 | 15660.00 | 116.00 | 135.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $210,200 | $367,500 | 0 | 577,700 | $0 | $577,700 |
| 2018 | $238,597 | $367,500 | 0 | 606,097 | $0 | $606,097 |
| 2017 | $281,174 | $283,500 | 0 | 564,674 | $225,996 | $338,678 |
| 2016 | $331,818 | $165,375 | 0 | 497,193 | $189,304 | $307,889 |
| 2015 | $342,296 | $141,750 | 0 | 484,046 | $204,147 | $279,899 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/26/2007 | DV | DIVORCE | CONNOR CABRACH I & | CONNOR MADELINE G | | | DV#D-1-FM-06-003296 |



|   |           |    |                 | MADELEINE G                          |                                       |       |       |              |
|---|-----------|----|-----------------|--------------------------------------|---------------------------------------|-------|-------|--------------|
| 2 | 8/2/2002  | WD | WARRANTY DEED   | ORTMAN THOMAS E                      | CONNOR CABRACH J & MADELEINE G        | 00000 | 00000 | 2002143357TR |
| 3 | 3/15/1989 | AD | ASSUMPTION DEED | ORTMAN THOMAS E & DANIEL ORTMA       | ORTMAN THOMAS E                       | 10942 | 00027 |              |



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Madeleine Connor
Bar No. 24031897
mgbconnor@yahoo.com
Envelope ID: 45772537
Status as of 8/31/2020 1:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Clarissa Rodriguez | | clarissa.rodriguez@rampage-sa.com | 8/27/2020 10:59:11 PM | SENT |
| Lowell FrankDenton | | lowell.denton@rampage-sa.com | 8/27/2020 10:59:11 PM | SENT |
| Christy Burke | | christy.burke@rampage-sa.com | 8/27/2020 10:59:11 PM | SENT |
| David Rogers | 24014089 | Firm@DARogersLaw.com | 8/27/2020 10:59:11 PM | SENT |
| Scott M.Tschirhart | | smtschirhart@rampagelaw.com | 8/27/2020 10:59:11 PM | SENT |
| Lowell F.Denton | | lfdenton@rampagelaw.com | 8/27/2020 10:59:11 PM | SENT |
| Christy E.Burke | | ceburke@rampagelaw.com | 8/27/2020 10:59:11 PM | SENT |
| Hope Avila | | havila@rampagelaw.com | 8/27/2020 10:59:11 PM | SENT |
| Madeline Connor | | mgbconnor@yahoo.com | 8/27/2020 10:59:11 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _August 31,2020_

VELVA L. PRICE
DISTRICT CLERK
By Deputy: _David Sims_



**TRAVIS COUNTY DISTRICT CLERK**
CALCULATION AND SUBMISSION OF SUPERSEDEAS BOND FOR JUDGMENT AWARDING A RECOVERY OF MONEY

**If supersedeas amount agreed per T.R.A.P. 24.1(a)(1), check here ____ and attach copy of Rule 11 or agreement. Complete only Sec. B below.**
*To view detailed instructions or explanation, place cursor over any field with a red triangle in the upper right corner*

**SECTION A: CALCULATION OF JUDGMENT**

| | | |
|---|---|---|
| CAUSE #: | D-1-GN-15-003714 | PLTF: MADELEINE CONNOR, DAVID McINTYRE |
| DATE OF JUDGMENT: | | DEF: ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART, CHA |

| | | | |
|---|---|---|---|
| COMPENSATORY DAMAGES | $ | 27,700.67 | Award of attorney's fees subject to bond entered below |
| ATTORNEY'S FEES | | | Include only if awarded as compensatory damages; otherwise, leave blank |
| COSTS OF COURT | | 490.00 | Include only recoverable trial costs; no appellate costs |
| SUB-TOTAL | $ | 28,190.67 | |

| | | | |
|---|---|---|---|
| POST-JUDGMENT INTEREST* | $ | 1,409.53 | Calculated for one year from date of judgment* |
| Interest (per tables - see link): | | 5.00% | Defaults to minimum rate; link to tables: |
| | | | http://www.occc.state.tx.us/pages/int_rates/Index.html |

| | | | |
|---|---|---|---|
| SUPERSEDEAS BOND AMOUNT | $ | 29,600.20 | |

| | | |
|---|---|---|
| ACTUAL BOND AMOUNT ** | 30,000.00 | 50% of Judgment Debtor's net worth( if less than Total Bond Amount) |

**SECTION B: SUBMISSION OF BOND**

The amount of bond must be set by the trial court if:
(1) less than amount required per Rule 24.2(a)(1)(A), T.R.A.P.
(2) the judgment includes non-monetary relief
(3) the judgment includes unspecified future costs or damages

Specify type of bond submitted: (Letter of credit cannot be used)
___ cash, personal check, cashier's check ***
___ negotiable securities (must be surrendered to the Clerk)
___ surety: underwritten (include surety's seal + agent's power of attorney)
___ surety: personal (2 sureties required, oath of surety must be attached)

*Formulas are in conformance with Shook v. Walden, 304 S.W.3d 910. Post judgment interest is presumed to apply to all amounts subject to supersedeas pursuant to the opinion unless the judgment specifies otherwise. If no interest rate is specified, use the link to look up maximum interest rate based on judgment date.
** If total exceeds amount provided in Sec. 52.006(b) Civ. Prac. & Rem. Code; (Rule 24.2(a)(1)(A), T.R.A.P), **include Judgment Debtor's Affidavit** with bond as required per T.R.A.P. Rule 24.2(c)(1)
*** To have cash bonds invested, an order pursuant to Loc. Govt. Code 117.053 (c) is required.



I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _August 31, 2020_

VELVA L. PRICE
**DISTRICT CLERK**
By Deputy: _____

Exhibit "C"

> Legals (/tx/legals/search)

# NOTICE OF SALE OF REAL ESTATE-COUNTY OF TRAVIS-STATE OF TEXAS

By virtue of a certain WRIT OF EXECUTION issued by the 419TH DISTRICT COURT of Travis County, Texas, on the 24TH day of JUNE, 2020 in certain causes numbered D-1-GN-15-003714 and 1:17-CV-00827, respectively, wherein ERIC CASTRO AND NANCY NAEVE AND GARY SERTICH AND LEAH STEWART AND CHARLES MCCORMICK is Defendant and DAVID MCINTYRE AND MADELEINE CONNOR is Plaintiff, found in favor of said Defendant for the sum of: - For cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS ($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, For cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS) - That being the amount of the judgment recovered by said Plaintiff, in the 419th District Court of Travis County, Texas on the 23th day of JUNE, 2017, and the United States District Court for the Western District of Texas Austin Division, Texas, on the 27th day of JANUARY, 2020, respectively. - I, DEPUTY JUAN ARISPE #327 on the 29TH day of JULY, 2020 have levied upon, and will on the 1ST day of SEPTEMBER, 2020 between the hours of 10:00 a.m. and 4:00 p.m. on said day, at the courthouse steps of said county, offer for sale at public auction for cash to the highest bidder, all the right, title and interest of Defendant in and to the following described property, levied upon as the property of Defendant, to wit: - LOT 5 BLK 7 LOST CREEK SEC 2; - COMMONLY KNOWN AS 6304 WHITEMARSH VLY WALK, AUSTIN, TEXAS 78746 - Note: On the property sold there are no warranties, expressed or implied, including but not limited to the implied warranties of merchantability and fitness for a particular purpose. You have bought the property "as is". Buyers are further advised that the purchase of the property at the Constable's sale may not extinguish any liens or security interest on or in the property. You have simply purchased whatever interest the defendant had in the property. If you have any questions, you should consult the counsel of your choice. - The purchaser will be required to produce an unexpired written statement from the Tax-assessor-collector of the County in which the sale is conducted that there are no delinquent ad valorem taxes owed to the county, school district or municipality. - The above sale to be made by me to satisfy the above-described judgment for: - Cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS

($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN THE COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, Cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS). . Proceeds applied to the satisfaction thereof. - /S _____ - Stacy Suits, Constable - Travis County, Pct 3 - 8656 B Hwy. 71 West, Ste., 132, Austin, TX 78735 - 512-854-2107 - Posted this 5th day of August, 2020 - By: _____ - Deputy Juan Arispe #327

Viewed 56 times          Posted August 03, 2020

## Share

Make Your Ad Shine!

(https://austinchronicle.adperfect.com)

CONTACT (http://www.austinchronicle.com/contact/)

PRIVACY POLICY (http://www.austinchronicle.com/privacy-policy/)

ADVERTISE WITH US (http://www.austinchronicle.com/advertise-with-us/)

SITE MAP (http://www.austinchronicle.com/site-map/)

Copyright © 2020 by Austin Chronicle (https://www.austinchronicle.com). All rights reserved.

POWERED BY adperfect

Exhibit "D"

| DAVID McINTYRE, et al., | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiffs | § | |
| vs. | § | |
| | § | 419TH JUDICIAL DISTRICT OF |
| ERIC CASTRO, et al., | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## MOTION FOR STAY OF EXECUTION

TO THE HONORABLE SENIOR DISTRICT JUDGE W.C. KIRKENDALL:

COMES NOW, Plaintiff and Madeleine Connor, and files this her request for a stay of the writ of execution issued in this case.

On August 27, 2020, Plaintiff first became aware of a notice of sale of her non-exempt real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746. On the same day, August 27, 2020, the District Clerk file-stamped a supersedeas bond,[1] and on the following day, accepted a cash payment of $30,000.00 for issuance of the bond.[2]

The unserved notice of sale indicates that Connor's non-exempt real property described above will be sold at auction on September 1, 2020.[3]

Connor immediately took action to avoid the sale by requesting that the Travis County District Clerk accept her supersedeas to satisfy immediately the judgment, which the Clerk did. Connor also filed a request that the Court make findings under Tex. Prop. Code § 51.0011 and filed it with the clerk. Connor's lead counsel, Mr. David Rogers, also filed an endorsement and ratification of the motion and supersedeas filed and tendered by Ms. Connor.

Although Connor still maintains various irregularities exist, and intends to exercise those legal remedies to overturn the judgment and the Abstract of Judgment rendered by the Travis

---

[1] Exhibit A, Supersedeas Bond file-stamped September 27, 2020
[2] Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
[3] Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.

County District Clerk and issuance of the writ of execution upon which the sale of the property purportedly rests, Connor files this request for stay of execution by emergency hearing or submission to halt the execution on her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020.

## PRAYER

Plaintiff prays that the Court grant Plaintiff's request for a stay of execution sufficient to avoid a sale of her real property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, on September 1, 2020. Connor prays for general relief.

Respectfully submitted,

/s/ David Rogers
David Rogers
State Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681
Phone: (512) 923-1836
Fax: (512) 685-1144
***Attorney for Madeleine Connor***

**Exhibits**

Exhibit A, Supersedeas Bond file-stamped September 27, 2020
Exhibit B, Receipt for cash payment of $30,000.00 for issuance of the bond
Exhibit C, Notice of Sale of 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas, 78746.

[Remainder of Page intentionally Left Blank]

<u>**CERTIFICATE OF SERVICE**</u>

I certify that this instrument was served on the following persons on the 31st day of August, 2020: Lowell Denton and Scott M. Tschirhart, in accordance with Rule 21a, Texas Rules of Civil Procedure.

SCOTT M. TSCHIRHART
State Bar No. 24013655
Scott.Tschirhart@rampage-aus.com
SMTschirhart@rampagelaw.com
LOWELL F. DENTON
State Bar No. 05764700
lowell.denton@rampage-sa.com
LFDenton@rampagelaw.com
DENTON NAVARRO ROCHA BERNAL & ZECH
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 Facsimile

ATTORNEYS FOR SUBROGEE
TEXAS MUNICIPAL LEAGUE
INTERGOVERNMETAL RISK POOL

*/s/ David Rogers*
David Rogers
***Attorney for Madeleine Connor***

No. D-1-GN-15-003714

| DAVID McINTYRE, et al., | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| vs. | § | |
| | § | 419TH JUDICIAL DISTRICT OF |
| ERIC CASTRO, et al., | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## STAY OF EXECUTION

Before the Court on emergency hearing, is Madeleine Connor's Application for a Stay of Execution.

The Court grants the stay, as she has posted security to suspend execution of the Final Judgment in the amount of $30,000.

Accordingly, the execution of the judgment by writ, and/or enforcement and sale of Madeleine Connor's property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, is hereby STAYED.

The Court further orders that delivery of this Order to the Travis County Constable Precinct #3 by email or other means shall be sufficient notice to effectuate this stay of execution.


Signed this _____ day of _____, 2020



_____
The Honorable Senior District Judge W.C. Kirkendall

Exhibit "A"

No. D-1-GN-15-003714

| | | |
|---|---|---|
| DAVID McINTYRE, et al., | § | IN THE DISTRICT COURT |
| **Plaintiffs** | § | |
| vs. | § | |
| | § | **419TH JUDICIAL DISTRICT OF** |
| ERIC CASTRO, et al., | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

Filed In The District Court
of Travis County, Texas

AUG 27 2020 DF
At 1:23 P M.
Velva L. Price, District Clerk

COPY

### SUPERSEDEAS

COMES NOW, Plaintiff Madeleine Connor, and files this her Supersedeas.

Pursuant to Texas Rule of Appellate Procedure 24 and Civil Practice & Remedies Code Chapter 52, Plaintiff Madeleine Connor, herewith files this deposit in lieu of bond.

1.  The Western District of Texas signed an order on January 27, 2020, in cause number 1:17-cv-00827-RP [Dkt. 70];

2.  The Defendants recorded the order referenced above on February 10, 2020;

3.  On February 26, 2020, Plaintiff filed a notice of appeal to the order, which was an award of attorney's fees and sanctions;

4.  The trial court's order awarded no compensatory damages or interest thereon; therefore, the amount of supersedeas required is $ 0. *See In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2014); *Shook v. Walden*, 304 S.W.3d 910 (Tex. App.—Austin 2010), *overruled on other grounds*, 451 S.W.3d 385 (Tex. 2014);

5.  Connor filed a supersedeas on February 26, 2020, but was unable to post a bond before the courthouse closed due to covid, and;

6.  This document is resubmitted with the Travis County Clerk, with the sum of thirty-thousand dollars ($30,000.00), as a deposit in lieu of bond. This amount should be sufficient to supersede all costs and amounts finally determined by appeal. *See*

attached. Ms. Connor intends to challenge this payment and the abstract of judgment

that purports to allow execution on her non-exempt property by collateral attack.

Respectfully submitted,

/s/ *Madeleine Connor*
Madeleine Connor
SBOT # 24031897
P.O. Box 161962
Austin, Texas 78716-1962
(512) 289-2424
(512) 329-5229 (fax)
mgbconnor@yahoo.com

## CERTIFICATE OF SERVICE

I certify that this instrument was served on the following persons on the 27th day of August, 2020:
Lowell Denton and Scott M. Tschirhart, at the following email addresses:
lowell.denton@rampage-sa.com, Scott.Tschirhart@rampage-aus.com.

/s/ David Rogers
David Rogers
*Attorney for Madeleine Connor*



San Antonio | Austin | Rio Grande Valley | Texas Gulf Coast
2500 W. William Cannon Drive, Suite 609 | Austin, Texas 78745-5320
V 512-279-6431 | F 512-279-6438

June 5, 2020

Velva L. Price                                          **E-FILE NOTIFICATION**
Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

Re:     *In Re David McIntyre*
        Cause No. D-1-GN-15-003714, in the 419th Judicial District Court, Travis County, Texas
        **Request to Writ of Execution**

Dear Ms. Price:

        Please process this request for re-issuance of a Writ of Execution by the Clerk. The Office of
Travis County Constable, Precinct No. 3 was unable to serve the original Writ prior to its expiration
as their office was closed due to COVID-19. Therefore, re-issuance is required.

The information below is to be stated on the writ:

CAUSE NO. D-1-GN-15-003714

|                                      |                       |                          |
| ------------------------------------ | --------------------- | ------------------------ |
| In re DAVID McINTYRE, Petitioner,    | § § § § § §           | IN THE DISTRICT COURT OF  419th JUDICIAL DISTRICT  TRAVIS COUNTY, TEXAS |

        Attached is a copy of the *Order Granting Defendants' Motion to Dismiss Pursuant to
Chapter 27 of the Texas Civil Practice and Remedies Code* issued by the Honorable Judge Karin
Crump on June 23, 2017 and file-stamped by your office on June 26, 2017. In the Order, Judge
Crump awarded the following for the Defendants against Plaintiff Madeleine Connor, (jointly and
severally with Plaintiff David McIntyre):

| Attorney's Fees: | $ 2,124.00 |
| Costs: | $ 76.67 |
| Sanctions: | $ 500.00 |
| Thirteenth Court of Appeals (unsuccessful) | $15,000.00 |
| Thirteenth Court of Appeals Costs | $ 20.00 |
| Texas Supreme Court (unsuccessful) | $10,000.00 |
| **TOTAL:** | **$27,720.67** |

Attached is a copy of the filed and recorded Abstract of Judgment for the aforementioned amount.

On January 27, 2020, United States District Judge Robert Pitman issued an Order in Cause No. 1:17-cv-00827; styled *Madeleine Connor v. Leah Stewart, Eric Castro and Chuck McCormick*, in the Western District of Texas-Austin Division. In his Order, Judge Pitman granted Defendants' their attorneys' fees, costs and additional sanctions against Plaintiff. The award is as follows:

| Attorney's Fees for Appeal: | $13,636.50 |
| Costs for Appeal: | $ 276.27 |
| Double Costs (in Appeal costs) | $ 58.00 |
| Attorney's Fees for District lawsuit (sanctions): | $28,646.50 |
| Costs for District lawsuit (sanctions): | $ 435.98 |
| **TOTAL:** | **$43,053.25** |

Attached is copy of the filed and recorded Order (Abstract of Judgment).

Plaintiff Madeleine Connor, individually, owes Texas Municipal League Intergovernmental Risk Pool ("TMLIRP") by and through former Defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Charles McCormick the **total sum of $70,773.92**.

Creditor to be listed in the Writ of Execution is:

Texas Municipal League Intergovernmental Risk Pool by and through Defendants Eric Castro; Nancy Naeve; Gary Sertich; Leah Stewart; and Charles McCormick, as Subrogee.

Address:
Texas Municipal League Intergovernmental Risk Pool
c/o Denton Navarro Rocha Bernal & Zech, P.C.
2500 W. William Cannon, Suite 609
Austin, Texas 78745

Debtor to be listed in the Writ of Execution is:

**Madeleine Connor**
Mailing Address: P.O. Box 161962
Physical Addresses: 6203 Olympic Overlook, Austin, Texas 78746 and 6304 Whitemarsh Vly Walk, Austin, Texas 78746.
Driver's License Number: Unknown
Social Security Number: Unknown
Date of Birth: Unknown

Attached are Travis County CAD records for the properties at 6203 Olympic Overlook and 6304 Whitemarsh Vly Walk in Austin, Travis County, Texas. Debtor claims a homestead exemption on Olympic Overlook property.

Payment of the fee for the re-issuance of this Writ will be paid electronically with this request.

If additional information is needed, please contact our office at (512) 279-6431.

Very truly yours,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com

SCOTT M. TSCHIRHART
smtschirhart@rampagelaw.com

SMT/ha
Enclosures: As stated

cc: David Rogers                                          **E-FILE NOTIFICATION**
Law Office of David Rogers
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681

RETURN TO:        Denton Navarro Rocha Bernal & Zech, P.C.
Attn: Scott M. Tschirhart
25000 W. William Cannon Drive, Suite 609
Austin, Texas 78745

||||| |||||||||||||||| |||| ||| 2 pgs  **2019188751**

THE STATE OF TEXAS
County of Travis

**CAUSE NO. D-1-GN-15-003714**

A B S T R A C T  O F  J U D G M E N T

I, **VELVA L. PRICE**, Clerk of the District Court of TRAVIS County, Texas, do hereby certify that in the District Court of Travis County, Texas, in a certain suit pending in the 419TH JUDICIAL DISTRICT COURT.

D-1-GN-15-003714, wherein

DAVID MCINTYRE AND MADELEINE CONNOR                                      , Plaintiff(s)
and
ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWARD, CHARLES MCCORMICK,    , Defendant(s)
TOM CLARK AND JANE/JOHN DOE 1, 2, AND 3, WHOSE BIRTH DATES, SOCIAL SECURITY
NUMBERS AND DRIVER'S LICENSE ARE NOT AVAILABLE TO THE CLERK

the said
       ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH CHARLES MCCORMICK AND JANE/JOHN DOE 1, 2,
       AND 3
       BY AND THROUGH THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL
       C/O DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
       2500 W. WILLIAM CANNON, STE. 609
       AUSTIN, TEXAS 78745

recovered judgment against the said
       DAVID MCINTYRE
       6201 AUGUSTA NATIONAL DRIVE
       AUSTIN, TEXAS 78746

       AND

       **MADELEINE CONNOR**
       **6203 OLYMPIC OVERLOOK**
       **AUSTIN, TEXAS 78746**

       **AND**

       **6304 WHITEMARSH VLY WALK**
       **AUSTIN, TEXAS 78746**

in the JUNE 23, 2017 JOINTLY AND SEVERALLY for the sum of **TWENTY-SEVEN THOUSAND SEVEN HUNDRED AND 67/100 DOLLARS ($27,700.67)**.

Said judgment is entitled to following credits, to-wit: NONE.

There is now still due on said judgment **$27,700.67**, with interest as hereinabove set out.

Given under my hand and seal of office at Austin, Texas, December 02, 2019.

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

D-1-GN-15-003714                                                          P46 - 000001176
Original          File Copy

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS



Dana DeBeauvoir, County Clerk
Travis County, Texas

2019188751

Dec 02, 2019 02:13 PM
Fee: $30.00       MEDINAE

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 21 pgs     2020021481

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v | § | 1 17-CV-827-RP |
| | § | |
| LEAH STEWART, | § | |
| ERIC CASTRO, and | § | |
| CHUCK MCCORMICK, | § | |
| | § | |
| Defendants | § | |

## ORDER

Before the Court are Defendants Leah Stewart, Eric Castro, and Chuck McCormick's (collectively, "Defendants") Amended Motion for Attorneys' Fees, (Dkt 59), and Motion for Additional Sanctions, (Dkt 60) Having considered the parties' briefing, the record, and the relevant law, the Court will grant both motions

### I. BACKGROUND

Plaintiff Madeleine Connor ("Connor") lives in the Lost Creek Municipal Utility District ("Lost Creek") and Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively, "Defendants") are all directors of Lost Creek (Compl, Dkt 1, at 1–2) Connor has now sued Defendants three times in this Court for the same cause of action *See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"), *Connor v Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In all three cases, the Court determined

1

that Connor's claims were not well-grounded in law or fact and dismissed Connor's lawsuits for failure to state a plausible claim for relief *See id.*

In *McIntyre I*, Connor alleged that Defendants sent a "pejorative" email with "evil intent" to Lost Creek residents "purporting to be an 'update' about" a lawsuit she filed against Defendants (*McIntyre I*, Compl , Dkt 5, at 1) Upon reviewing the email, the Court determined that it was not pejorative, but rather that it "simply state[d] the basis of Plaintiffs'[1] claims and that Defendants rebut them." *McIntyre I*, 2016 WL 1714919, at *4 The Court dismissed Connor's claim, holding that her allegations fell "well short of supporting a claim for First Amendment retaliation." *Id.* Connor appealed. The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") affirmed the Court's opinion, specifically finding that Connor's allegations did "not constitute retaliation " *McIntyre v. Castro*, 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016)

One week after the Court issued its order in *McIntyre I*, and while her appeal remained pending, Connor sued Defendants again (*See McIntyre II*, Notice of Removal, Dkt 1, at 3) Connor's *McIntyre II* complaint—her seventh amended petition in state court—alleged a First Amendment retaliation claim "nearly identical" to her claim in *McIntyre I McIntyre II*, 2017 WL 1483572, at *4 The Court again dismissed the claim. *Id.* Connor then moved to amend her complaint to add another First Amendment retaliation claim, the Court denied her motion *Id.* at *6 Connor appealed that decision *Connor v. Castro*, 719 F App'x 376, 379 (5th Cir 2018) The Court of Appeals affirmed this Court's decision, agreeing that it would have been futile to permit her to add the claim *Id.* at 380

In *McIntyre II*, the Court found that the record gave "the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants

---

[1] There were two named plaintiffs in *McIntyre I* and *McIntyre II*—Madeleine Connor and David McIntyre *See McIntyre I*, 2016 WL 1714919, *McIntyre II*, 2017 WL 1483572

2

**Exhibit "A"**

than any legally cognizable injury Plaintiffs may have suffered " *McIntyre II*, 2017 WL 1483572, at *6 The Court stated that Connor's conduct, which included her "presentation of an objectively benign e-update as defamatory," was troubling *Id* In continuing "to engage in motion practice to add allegations that [were] plainly insufficient"—particularly in light of this Court's prior order, which was subsequently affirmed by the Court of Appeals—this Court found that her conduct fell "well short of what this Court expects of its officers " *Id* While the Court declined to sanction Connor at that time, it warned her it would "not hesitate to consider sanctions—whether on motion or on its own initiative" should Connor continue to litigate this issue in the future *Id*

Despite that warning, Connor filed a third lawsuit in this Court, again alleging a First Amendment retaliation claim on the basis of an objectively benign litigation update (Am Compl, Dkt 8, at 2) In doing so, she repeated a claim that had been twice rejected by this Court and once by the Court of Appeals *McIntyre I*, 2016 WL 1714919, at *4, *McIntyre II*, 2017 WL 1483572, at *4, *McIntyre v Castro*, 670 F App'x 250, 251 (5th Cir 2016), *reh'g denied* (Dec 9, 2016) Her only new theory of retaliation—that Defendants intended to punish her by filing a valid defensive motion in a lawsuit that she brought against them—was one the Court determined Connor, a lawyer, should understand to be frivolous (Order, Dkt 31, at 10) Again, this Court dismissed Connor's action as meritless (*Id*)

In dismissing Connor's third baseless lawsuit, this Court recited her history of vexatious litigation and found that Connor filed the action for "the improper purpose of harassing and imposing litigation costs on Defendants " (*Id*) The Court determined that the appropriate Rule 11 sanction was to require Connor to pay Defendants' reasonable attorneys' fees and expenses related to this action (*Id* at 11) The Court then ordered Defendants to submit a motion for reasonable attorneys' fees and expenses (*Id* at 12) Concluding that a pre-filing injunction might be appropriate to deter Connor from using the courts "as a weapon of harassment" against the Defendants, the

**Exhibit "A"**

Court also ordered the parties to attend a hearing to consider the proper scope of a pre-filing injunction (*Id.* at 8, 12)

Pursuant to the Court's order, Defendants filed a motion requesting $16,235 16 in reasonable attorneys' fees and expenses (Mot Att'y Fees, Dkt 32, at ¶ 18) The Court ultimately denied Defendants' motion because they failed to comply with Rule 11's safe harbor provision (Order, Dkt 42, at 3) However, after giving Connor the required notice and hearing, (Dkt. 31, 40), the Court imposed a pre-filing injunction against Connor sua sponte, barring her from filing any civil action "against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district " (Order, Dkt 42, at 9).

Connor appealed that order (Dkt 44) Her appeal was dismissed because she didn't timely file her brief (Dkt 47) The Fifth Circuit subsequently reinstated her appeal (Dkt 48) The Fifth Circuit then affirmed this Court's order without an opinion (Dkt 50, Ex S) She petitioned for rehearing by the panel. (*Id.* at Ex T) After nearly a year of defending the appeal, Defendants then filed a motion for appellate sanctions (*Id.* at Ex U) In that motion, Defendants expressly argued that Connor's entire appeal was frivolous and sought sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U S C § 1912. (Dkt 50, at 1 ("Now come Appellees, Leah Stewart, Eric Castro and Chuck McCormick and file their Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38" , "The current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court", "[T]his Court [should] remand this case to the district court 'to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912 '"))

The Court of Appeals granted Defendants' motion and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C

4

§ 1912 " (Dkt 49 at 1) The Court of Appeals further cautioned Connor, "a lawyer representing herself pro se," that "any further prolongation of this case will likely result in additional sanctions " (Id. at 2) Except for "the determination of costs and sanctions by the district court on remand," the Court of Appeals stated, in all caps, "THIS CASE IS OVER " (Id)

On remand, Defendants filed two motions for attorneys' fees and costs, (Dkt 50, 53), neither of which complied with this Court's Local Rules W D Tex Loc. R CV-7(j)(1) The Court ordered Defendants to properly confer with Connor and file an amended motion for attorneys' fees, costs, and sanctions that adhered to the local rules (Order, Dkt 56, at 2) The Court further ordered the parties to "advise the Court what other sanctions, if any, they believe to be appropriate " (Id at 1) Defendants then filed an Amended Motion for Attorneys' Fees, (Dkt. 59), and a Motion for Additional Sanctions, (Dkt 60) Those motions are now before the Court, (Mot Att'y Fees, Dkt 59, Mot. Sanctions, Dkt 60) First, the Court will turn to Defendants' Motion for Attorneys' Fees, (Dkt 59), which requests attorneys' fees, costs, and expenses incurred defending against Connor's appeal Second, the Court will address Defendants' Motion for Additional Sanctions, (Dkt. 60), which requests sanctions in the form of attorneys' fees incurred defending this lawsuit before this Court

## II.  DISCUSSION

### A.  Motion for Attorneys' Fees, Costs, Expenses

Pursuant to the Court of Appeals' mandate, Defendants seek $13,636 50 in attorneys' fees, $276 27 in expenses, and double costs in the amount of $58 00 for damages incurred in defending against Connor's appeal from October 1, 2018, the date Connor filed her Notice of Appeal, (Dkt 44), and June 21, 2019, the date the Court of Appeals granted Defendants' motion for sanctions and remanded to the District Court for a determination of the amount of costs and damages, (Dkt 49) (Mot Att'y Fees, Dkt 59, at 4–5)

5

Connor contends that the Court should deny Defendants' request for attorneys' fees and costs because it "does not comply with this District's rule concerning the form, content, timeframe, or conference provisions of a request for attorney's fees." (Pl's Resp, Dkt 61, at 2 (citing W D Tex Loc R CV-7(j)(1)-(3) ) Alternatively, Connor asks that the Court limit Defendants' fees and costs to those associated with the delay caused by her filing a motion for rehearing rather than awarding Defendants the fees and costs accrued in defending against the appeal as a whole (*Id* at 12) The Court finds both of these arguments lacking and discusses each of them in turn below

### 1   Defendants' Motion Complies with the Local Rules

Connor contends that Defendants' motion for attorneys' fees should be denied—"save perhaps double costs, which 28 U S C § 1912 permits, presumably without any form of motion being timely and compliantly filed"— because it does not comply with Local Rule CV-7(j) On this point, Connor makes three arguments First, she contends that Defendants did not satisfy the "meet and confer" requirement under the local rules because "Defendants' counsel refused to have any substantive discussions with Plaintiff regarding their request for fees and sanctions and walked out of the conference after the passage of only fifteen minutes " (Dkt 61 at 3–5) Second, she argues that Defendants' motion did not certify her specific objections to Defendants' requested attorneys' fees, objections she alleges she could not specifically articulate "because only an oral number was proposed, with no detail" (Dkt 61 at 6) Third, Connor contends that while Defendants' motion includes a billing document, it does not comply with the drafting and certification requirements, specifically, she argues that attaching a 22-page billing statement without "a more easily readable table" skirts the simplicity the local rules "seem to encourage " (*Id*)

The Court concludes that Defendants' motion properly complies with the local rules *See* W D Tex Loc R CV-7(j) It is undisputed that Defendants' counsel met in person with Connor on July 30, 2019 to discuss their intention to seek attorneys' fees (*See* Pl's Resp, Dkt 61, at 4) During

6

that meeting, Defendants "repeatedly asked" for Connor's objections to the fee amount, but Connor only offered a specific objection to one eight-hour billing entry (Defs' Reply, Dkt 59, at 6) Defendants noted this objection in their motion and properly "certified the reason why the matter could not be resolved by agreement" W D Tex Loc R CV-7(j), (*see also* Mot Att'y Fees, Dkt 59, at 5–7 ("The parties could not reach an agreement because Plaintiff offered [an amount] inconsistent with Defense counsel's authority ")) And Rule 7(j) imposes no time requirement for a conference *See* W D Tex. Loc R CV-7(j) From the Court's perspective, fifteen minutes is sufficient to entertain that single objection

Moreover, Connor's contention that she "could not articulate a specific objection" to "an oral request for $40,000" because Defendants tendered the fee-bill to her "only 30 minutes before the meeting convened" is a flagrant misrepresentation of the facts (Pl's Resp, Dkt 61, at 5) Defendants provided statements and draft bills with their Motion for Attorneys' Fees and Costs pursuant to the order from the Court of Appeals, (Dkt 49), on June 25, 2019 (Orig Mot Att'y Fees, Dkt. 50) Defendants emailed Connor with an updated set of statements on July 24, 2019, a full six days before the conference (Email, Dkt 63-1, at 1) In that same email, Defendants' counsel expressly indicated that Defendants intended to seek attorneys' fees and costs incurred for the entire appeal and additional sanctions in the form of attorneys' fees and costs related to the rest of the case (*Id* at 1) Connor had the time and the information necessary to formulate her objections ahead of the conference and did not do so She cannot now misrepresent the record to manufacture noncompliance with the local rules in an attempt to evade sanctions.

Connor's argument that Defendants' motion should be denied because it "does not comply with the drafting and certification requirements of the rule" is likewise baseless (Pl's Resp, Dkt 61, at 6) Defendants' motion contains the requisite chronological billing activity, affidavit, and memorandum setting forth the method by which fees were computed W D Tex. Loc R CV-

7

**Exhibit "A"**

7(j) There is no requirement that a movant for reasonable attorneys' fees include "a more easily readable table," (Pl's Resp, Dkt 61, at 6), billing records provide sufficient support for the legal services rendered by Defendants in defending this action. *People's Capital & Leasing Corp. v McClung*, No 5 17-CV-484-OLG, 2018 WL 7291447, at *2 (W.D Tex Aug 20, 2018) ("Plaintiff's attorney's fees request is properly supported by copies of the invoices for legal services ") Moreover, Defendant's counsel attested to the reasonableness of these rates in an affidavit attached to the motion (Tschirhart Aff, Dkt. 59-2, at 1–2), W D Tex Loc. R CV-7(j)

Thus, the Court concludes that Defendants' Motion for Attorneys' Fees complies with the local rules and Connor's arguments to the contrary are, predictably, without merit The Court will now turn to Connor's next argument pertaining to the scope of the Court of Appeals' mandate

2. Defendants are Entitled to Fees and Costs for the Entire Appeal

Connor contends that Defendants' request for attorneys' fees and costs incurred for the entire appeal should be denied because the Court of Appeals "rejected" Defendants' "repeated requests in the appellate court to award fees and sanctions for frivolous appeal " (Pl's Resp, Dkt 61, at 8) In support of this argument, Connor cites to the text of the Court of Appeals' order, which she notes omits the words "frivolous" and "Rule 38" and cites only to 28 U S C § 1912 *Id* Connor interprets these omissions to mean the Court of Appeals denied Defendants' request for sanctions pursuant to Rule 38 and instead limited the scope of sanctions on remand to the delay associated with Connor's decision to file a motion for panel rehearing *(Id)*

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee " Meanwhile, 28 U S C § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and

8

single or double costs " 28 U S C § 1912 Importantly, the rule—unlike the statute—allows a court to order damages and costs for a frivolous appeal without finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee notes to 1967 adoption, *see also State of Tex. v. Gulf Water Benefaction Co*, 679 F 2d 85, 87 n 1 (5th Cir 1982), *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay ") An award of damages and double costs as sanctions for the filing of a frivolous appeal "may be made against an appellant under 28 U S C § 1912 and Fed R App P 38 " *Olympia Co v. Celotex Corp.*, 771 F 2d 888, 893 (5th Cir 1985) Thus, if a frivolous appeal results in delay, courts may use Rule 38 and 28 U S C § 1912 interchangeably *See Exhibitors Poster Exch, Inc. v Nat'l Screen Serv Corp.*, 78 F R.D 192, 195 (E D La 1978)

Having reviewed the Court of Appeals' order and the appellate record as a whole, the Court concludes that it may determine costs and damages related to the entire appeal; that is, the Court of Appeals' mandate does not limit apportionable damages to the delay associated with Connor's motion for panel rehearing As an initial matter, the Court of Appeals *granted* Defendants' motion for appellate sanctions (*See* Fifth Cir Order, Dkt 49, at 1 ("**IT IS ORDERED** that appellees' motion for sanctions, attorney fees, and costs    is **GRANTED** ")) Defendants based their appellate motion for sanctions on the frivolousness of Connor's entire appeal, not on the delay associated with her filing a motion for panel rehearing (Defs ' App Mot Sanctions, Dkt 50, Ex U, at 2 ("[T]he current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court") Throughout the motion, Defendants specifically argued for sanctions pursuant to Rule 38, cited cases pertaining to frivolous appeals within the purview of Rule 38, and sought relief pursuant to Rule 38 (*See id.* ("Sanctions under Rule 38 are appropriate"), *id.* (citing cases pertaining to sanctions imposed pursuant to Rule

**Exhibit "A"**

38), *id* at 6 ("For the foregoing reasons, this Court should find that Appellant's arguments are frivolous, that sanctions under Fed R App P 38 are warranted, that Appellees have incurred attorneys' fees and expenses as a result of Appellant's frivolous litigation ") Even Connor concedes that the appellate motion "largely" "requests sanctions and damages pursuant to Rule of Appellate Procedure 38, and only requests relief under 28 U S C § 1912 on the final page " (Resp , Dkt 61, at 7) Thus, granting Defendants' motion *was* a finding that Connor's appeal was frivolous

Connor's textual argument is therefore unavailing While the Court of Appeals' order does "remand this case to the district court to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912," courts often use Rule 38 and 28 U S C § 1912 interchangeably when the appeal is frivolous and resulted in delay *Exhibitors Poster Exch , Inc v Nat'l Screen Serv. Corp.*, 78 F R D 192, 195 (E D La 1978) ("Various courts have referred to and utilized F R A P 38 and 28 U S C § 1912 interchangeably", *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv Corp*, 543 F 2d 1106, 1107 (5th Cir 1976) ("The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F R A P The motion is well taken   We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U S C. § 1912 "); *Olympia Co. v. Celotex Corp*, 771 F 2d 888, 892–93 (5th Cir 1985) (noting that an award of damages and double costs for the filing of a frivolous appeal "may be made against an appellant under 28 U S C. § 1912 and Fed R App P 38 ") This is especially so when the appeal has resulted in delay, indeed, the only reason to distinguish between the statutory basis for sanctions and the rule would be if the Court of Appeals intended to award sanctions for a frivolous appeal without making a finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee's note to 1967 adoption

Finally, in citing to § 1912, the Court of Appeals did not limit the scope of sanctions to the delay associated with Connor's filing of a motion for panel rehearing, as she contends Nothing in

10

Defendants' motion for appellate sanctions, which the Court of Appeals granted, limits the requested relief to the delay associated with one portion of Connor's appeal and nothing in the Court of Appeals' order imposes such a limitation either (*See* Defs' Mot App Sanctions, Dkt 50, Ex. U, 5th Cir Order, Dkt 49, at 1–2) For nearly a year, Connor prosecuted a meritless appeal with no legitimate prospect of success After filing her Notice of Appeal, (Dkt 44), she ignored the transcript order deadline, (Dkt 50, Ex A), waited six days after the Clerk sent her an email about missing the deadline to request more time, (*id* at Ex. C), delayed ordering the transcript again, (*id* at Ex D), moved for a fifteen-day extension to file her appellate brief, (Dkt 50, Ex F), and then filed for another extension the day before her brief was due, (Dkt 50 at Ex G) When the Court of Appeals denied Connor's motion for an extension, (Dkt 50 at Ex I), Connor filed a motion to reconsider arguing that "in seventeen years of practice, she had never personally been denied an extension of time to file an opening brief    " (Dkt 50, Ex J) The Court of Appeals denied her motion and dismissed her appeal for want of prosecution shortly after (Dkt 50, Ex K, L) Then, Connor filed two additional motions, which the Court of Appeals took no action on because it had dismissed her appeal (Mot Attorneys' Fees, Dkt 50, at 4) Connor then filed a motion to reopen the appeal (Dkt 50, Ex O)

The Court of Appeals granted her motion and reinstated her appeal (Dkt 50, Ex Q) After considering Connor's arguments on appeal, the Court of Appeals then affirmed this Court's order without an opinion (Dkt 50, Ex S) In an attempt to further prolong meritless litigation, Connor filed a petition for panel rehearing (Dkt 50, Ex T) At this point, after almost a year of investing time and resources into defending against Connor's various delay tactics, Defendants filed a motion for appellate sanctions, which the Court of Appeals granted. (Dkt 50, Ex. U)

Because Connor's frivolous appeal resulted in nearly a year of delay, the Court of Appeals remanded to the District Court for a determination of costs and damages pursuant to § 1912. *See*

11

Fed R App P 38 advisory committee's note (explaining that Rule 38 and § 1912 can be used interchangeably, the only difference being that § 1912 requires a showing of delay) And the appellate record makes clear that Connor delayed prompt adjudication of this dispute throughout the entire appeal

Finding no reason to limit the scope of sanctions to the attorneys' fees and costs associated with Connor's motion for panel rehearing, the Court will assess against Connor the attorneys' fees and costs incurred by Defendants in defending against the entire frivolous appeal.

### i. *Attorneys' Fees*

Defendants contend that from October 1, 2018 (the date Connor filed her Notice of Appeal) through June 21, 2019 (the date the Court of Appeals issued its mandate) they incurred $13,636 50 in reasonable and necessary attorneys' fees and $276 27 in expenses defending against Connor's frivolous appeal (Mot Sanctions, Dkt 59, at 5) As supporting documentation, Defendants submit an affidavit from Defendants' counsel of record and detailed billing records (Tschirhart, Dkt 59-2, at 1–2, Invoices, Dkt. 59-3, at 1–18) Defendants' request for attorneys' fees is based on the following rates $195 (later $210) per hour for Partners, $175 (later $180) per hour for Senior Associates, and $75 (later $85) for paralegal time (Tschirhart Aff, Dkt 59-2, at 1) Defendants' memorandum notes that these fees "are based upon a bargained-for agreement" and represent "the same fees commonly charged for this kind of work by our Firm all over the State of Texas " (Defs' Fee Calculation Memo, Dkt 59-4, at 2)

12

**Exhibit "A"**

The Court finds that the attorneys' fees requested are reasonable in light of the well-known *Johnson* factors [2] *Johnson v. Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989) In defending against Connor's appeal, Defendants' counsel spent nearly a year reviewing and drafting responses to Connor's various requests for extensions of time and other obstinate efforts to deny Defendants a prompt resolution of the dispute (*See e.g.* Invoice, Dkt. 59-3, at 8–17) Upon examining Defendants' detailed records, the Court finds the time and labor documented to be reasonable in light of the issues involved and the skill required *See id.* Moreover, the fees charged for the services are consistent with fees charged for such services in the geographic area amongst lawyers with similar experience, reputation, and ability *See id* Finally, Connor has not challenged the requested rates and fees; her response to Defendants' attorney's fees motion only contests compliance with W D Tex Loc R CV-7(j) and the scope of the Court of Appeals' mandate [3] While she proffers her own attorneys' fee offer— $525 00—she does not explain why Defendants' requested rates and fees, supported by invoices, affidavits, and memorandum, are unreasonable. Thus, the Court concludes that Defendants are entitled to the $13,636 50 in requested attorneys' fees and $276 27 in requested expenses

---

[2] The *Johnson* factors are (1) the time and labor required to represent the client or clients, (2) the novelty and difficulty of the issues in the case, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee charged for those services in the relevant community, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases *Johnson v Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989)

[3] While Connor objected to one billing entry when the parties met to confer, Defendants "adjusted that particular entry, in response to [Connor's] objection, by reducing it accordingly," (Defs ' Reply, Dkt 63, at 4), and Connor's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs, (Dkt 61), does not raise objections with respect to the requested rates and fees, only to the manner in which these rates and fees were discussed *See* Pl 's Resp , Dkt 61, at 3–4 (objecting to Defendants' "global request for $40,000" as noncompliant with the meet and confer requirements under W D Tex Loc R CV-7(j), but raising no other specific objections to the rates and fees incurred)

13

**Exhibit "A"**

### n.   Costs

The Court of Appeals also remanded this case for a determination of costs (*See* Fifth Cir, Mandate, Dkt 49, at 1) "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs " 28 U S C § 1912 Federal Rule of Appellate Procedure 38 likewise allows for "just damages and single and double costs to the appellee" when an appeal is frivolous *Garza v. Westergren*, 908 F 2d 27, 29 (5th Cir 1990) ("[A]n award of attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38 is proper, because this appeal is frivolous ") Defendants submitted a Bill of Costs to the Court of Appeals in the amount of $29 40 in taxable costs, (Bill of Costs, Dkt 50, Ex W, at 166), and ask the Court to award double costs in the amount of $58 00 (Mot Att'y Fees, Dkt 59, at 3–5)

The Court concludes that this case is a textbook example of a scenario where double costs are warranted Here, Connor's appeal was not only frivolous, but also resulted in significant delay For nearly a year, Connor prolonged unmeritorious litigation, with no legitimate prospect of success In continuing to litigate a meritless appeal and leaving no delay tactic unturned, Connor "imposed an unnecessary burden on [the Court of Appeals] and has infringed on the rights of the appellees who are entitled to a prompt adjudication of this dispute." *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) Accordingly, the Court determines that Defendants' request for double costs in the amount of $58 00 is warranted (*See* Dkt 59, at 5)

### B.   Motion for Additional Sanctions

In response to this Court's order, (Dkt 56), Defendants filed a motion requesting additional sanctions in the form of "all of the attorneys' fees and costs incurred by Defendants in the proceedings before this honorable court " (Mot Add. Sanctions, Dkt 60, at 2) In the alternative, Defendants ask the Court to sanction Connor by "entering an Order temporarily disbarring [her]

14

from the practice of law before the Courts in the Western District of Texas for a period of not less than six (6) months " (*Id.* at 2–3)  Ultimately, Defendants just want the Court to "fashion a sanction that would deter [Connor] from continuing to use the [c]ourts as a weapon of harassment against them and those who are connected with them." (*Id.* at 2)  Defendants provide two possible bases for additional sanctions  First, Defendants contend that Connor, a licensed attorney, could be sanctioned pursuant to 28 U S C § 1927  Second, Defendants contend the Court can sanction Connor pursuant to its inherent authority

Connor argues that this Court lacks the authority to issue additional sanctions because the Court of Appeals' remand order only allows for an assessment of fees for delay under 28 U S C § 1912, which Connor isolates to fees accrued by the Defendants after she filed a motion for panel rehearing (Pl 's Resp , Dkt 62, at 2)  She argues that on remand a trial court cannot deviate from the mandate of the appellate court and that the Court of Appeals' mandate requires this Court to assess fees only for delay under 28 U S.C § 1912 (*Id.*)

As previously discussed, the Court finds nothing in the text of the Court of Appeals' remand order that limits sanctions to the delay associated with Connor's motion for panel rehearing  *See infra* Part II A 2  Moreover, the Court of Appeals' mandate covers appellate sanctions and says nothing about this Court's power to sanction Connor for her unreasonable and vexatious conduct before this Court  Because the pre-filing injunction imposed by this Court, (Order, Dkt 42, at 9), has not deterred Connor from continuing to harass Defendants with unmeritorious litigation—both in this Court and others—the Court will assess additional monetary sanctions against Connor

### 1   Sanctions pursuant to 28 U S C § 1927

Under 28 U S C § 1927, "[a]ny attorney     who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct " To impose sanctions

15

pursuant to this provision, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Morrison v Walker*, 939 F 3d 633, 637–38 (5th Cir 2019) "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owed to the court '" *Id.* "An attorney acts with "reckless disregard" of [her] duty to the court when [s]he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining [her] factual contentions." *Id* at 638

In support of § 1927 sanctions, district courts often rely on "repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions " *Procter & Gamble Co v Amway Corp.*, 280 F 3d 519, 525 (5th Cir 2002) Before imposing such sanctions, the court must "make detailed factual findings," including "(1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction " *Morrison*, 939 F 3d at 638 "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial " *Procter & Gamble Co.*, 280 F 3d at 526 (emphasis in original)

For the reasons stated below, the Court concludes that Connor's conduct in filing and persistently litigating this lawsuit unreasonably and vexatiously multiplied the proceedings against Defendants and sanctions are thus warranted under § 1927

### *i   Reasonableness*

This is Connor's third, meritless First Amendment retaliation lawsuit before this Court  In bringing this latest lawsuit, Connor knew that this Court had twice dismissed—and the Court of Appeals had previously affirmed dismissal of—Connor's nearly identical claims  *See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250

16

(5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*") By filing this third lawsuit, Connor persistently prosecuted a meritless claim and thus unreasonably multiplied proceedings that should have concluded with the resolution of *McIntyre I*

### ii. *Vexatiousness*

To impose sanctions pursuant to § 1927, counsel's multiplication of proceedings must be not only unreasonable, but also vexatious *See Morrison*, 939 F.3d at 637–38 The Court concludes that Connor vexatiously multiplied the proceedings in reckless disregard of the duty owed to this Court *See id* This Court's dismissal of *McIntyre I* put Connor on notice that claims for First Amendment retaliation based on a benign litigation status update were meritless *See McIntyre* I, 2016 WL 1714919, at *4 *McIntyre II* did not remedy these deficiencies and this Court admonished Connor's decision to continue to assert a claim nearly identical to the one previously dismissed, questioned her motivation, and warned of possible future sanctions if she continued to exhibit conduct that "falls short of what this Court expects of its officers " *McIntyre II*, 2017 WL 1483572, at *6 Connor was not deterred Instead, she filed a nearly identical lawsuit, indifferent to this Court's warnings (Compl, Dkt 1) In light of the record as a whole, the Court concludes that Connor pursued this third lawsuit in bad faith and for the improper purpose of harassing and annoying Defendants Such conduct constitutes a reckless disregard of the duty owed to this Court

As noted in this Court's previous order, "Connor's extensive and meritless litigation history against Defendants and other Lost Creek directors indicates a commitment to use the courts as a weapon of harassment against them " (Order, Dkt 42, at 8–9). Despite this Court's two prior dismissals of nearly identical First Amendment retaliation claims against Defendants, she filed a third lawsuit alleging First Amendment retaliation on the basis of the same benign litigation update

17

*See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec. 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom Connor v. Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"), *Connor v. Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd* 770 F App'x 244 (5th Cir 2019) In doing so, she advanced a "baseless claim despite clear evidence undermining her factual contentions," namely, two prior dismissals and an affirmance by the Court of Appeals *See id* Throughout the litigation, Connor made claims that were "not merely meritless" but also made in bad faith for the purpose of harassing Defendants (*See* Order, Dkt 42, at 7) Given Connor's repeated efforts to advance allegations against Defendants in bad faith at every step of the litigation, shifting the entire burden of defending this lawsuit onto Connor is not only appropriate, but necessary to deter Connor from harassing Defendants with more meritless litigation in the future

Moreover, the monetary sanctions issued by state courts in similar litigation have not deterred Connor from filing this action, indicating the need for additional monetary sanctions (*See* Orders, Dkt 38-2) Even more troubling, Connor recently misrepresented the record in this case in a related state court action, attesting to a state court judge that this Court had dismissed her state law claims, when in fact this Court had merely declined to exercise supplemental jurisdiction over them and remanded them back to Texas state court (*See* Advisory to the Court, Dkt 67, at 1–5), *compare McIntyre* II, 2017WL 1483572, at *5 ("In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction Accordingly, the state law claims against Defendants are properly remanded back to Texas state court") *with* Connor's Request for Abstract Judgment, Dkt 67-1, at 1 ("[T]he record clearly indicates that the claims dismissed by the Hon Karin Crump had already been dismissed by the Western District of Texas, and therefore, the order is subject to collateral attack and injunctive relief") As this Court has already admonished, "Connor

18

has the legal training and experience to understand that    the state-law portion of Defendants' motion was not adjudicated by this Court, which remanded Connor's state-law claims " (Dkt 31 at 7) Therefore, Defendants' requested sanctions are also appropriate to deter Connor from misrepresenting this Court's record for the purpose of harassing defendants in an alternate forum.

Finally, Connor's frivolous filings have needlessly diverted this Court's time and resources away from the hundreds of meritorious cases and controversies on its docket (*See* Order, Dkt 42, at 8 (discussing the burden that Connor's high volume of motions in this action and previous actions have had on this Court)) Thus, in continuing to prosecute her claims in bad faith, Connor not only saddled Defendants with the burden of defending against frivolous claims, but she also impeded this Court's ability to direct its attention to the meritorious plaintiffs on its docket in need of relief Connor has imposed a similar burden on the Texas state court system *See id* (discussing the burden Connor's litigation tactics have placed on the state court system, particularly the five-hundred-page state court record in *McIntyre II*) Repeated admonitions and the threat of sanctions both by this Court and the Court of Appeals have not deterred Connor from continuing to litigate in bad faith *McIntyre II*, 2017 WL 1483572, at *6 ("In short, the Court is troubled by Connor's conduct in this litigation    the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative "), (*see also* Fifth Cir Mandate, Dkt 49, at 2 ("[A]ppellant, a lawyer representing herself pro se, is cautioned that any further prolongation of this case will likely result in additional sanctions ") The Court concludes that severe monetary sanctions are necessary to send the message to Connor that bad faith litigation brought for the purpose of harassment will not be tolerated, especially by an officer of the Court Thus, this Court will assess the full cost of defending this suit against Connor

19

In defending against Connor's baseless claims before this Court, Defendants incurred a total of $28,646 50 in reasonable and necessary attorneys' fees and $435 98 in expenses (Mot Add Sanctions, Dkt 60, at 6) In reviewing the submitted invoices, affidavit, and memorandum in support of this figure, the Court determines that both the work expended and the rates assessed are reasonable for the geographic area Because Connor has not disputed the reasonableness of these sums and because the record demonstrates that "every facet" of Connor's third lawsuit was "patently meritless" and brought in bad faith for the improper purpose of harassing Defendants, (*see* Order, Dkt 42, at 4–9), the Court concludes shifting the entire cost of the defense to Connor is appropriate pursuant to 28 U S C § 1927 [4] *See Procter & Gamble Co*, 280 F 3d at 526 In addition to these monetary sanctions, the Court reminds Connor that a pre-filing injunction remains in place

> Connor may not file a civil action against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district Any future complaint against Defendants or other officers of the Lost Creek Municipal Utility District in this district shall be accompanied by a motion for leave, and no summons shall issue unless leave is granted

(Dkt 42 at 9)

To echo the Court of Appeals, "[t]his case is over"

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs, (Dkt 59), is **GRANTED**

---

[4] To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct *See Chambers v NASCO, Inc*, 501 U S 32, 50 (1991) ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules ")

**Exhibit "A"**

IT IS FURTHER ORDERED that Defendants' Motion for Additional Sanctions, (Dkt 60),
is **GRANTED**

Defendants are entitled to an award of **$13,636.50 in attorneys' fees, $276.27 in expenses**, and
double costs in the amount of **$58.00** for the damages incurred in defending against Connor's
frivolous appeal

Defendants are further entitled to **$28,646.50 attorneys' fees and $435.98 in expenses** incurred
in defending this matter before this Court

SIGNED on January 27, 2020



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE
A true copy of the original, I certify.
Clerk, U.S. District Court

Deputy Clerk

Recorders Memorandum-At the time of recordation
this instrument was found to be inadequate for the best
reproduction, because of illegibility, carbon or
photocopy, discolored paper, etc. All blockouts,
additions and changes were present at the time the
instrument was filed and recorded

**RETURN**

DENTON NAVRRO ROCHA BERNAL & ZECH,
P
2500 W WILLIAM CANNON DRIVE
SUITE 609
AUSTIN, TX 78746



**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

**Dana DeBeauvoir, County Clerk**
**Travis County, Texas**

**2020021481**      Feb 10, 2020 02:08 PM
                    Fee: $106.00        WELLINS

21

**Exhibit "A"**

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID | 108378 | Legal Description: | LOT 14 BLK 4 LOST CREEK SEC I |
| Geographic ID | 0109280314 | Zoning. | |
| Type | Real | Agent Code: | |
| Property Use Code | | | |
| Property Use Description | | | |

### Protest

Protest Status
Informal Date:
Formal Date

### Location

| | | | |
|---|---|---|---|
| Access: | 6203 OLYMPIC OVERLOOK AUSTIN, TX 78746 | Mapsco | |
| Neighborhood | N5200 | Map ID: | 011037 |
| Neighborhood CD | N5200 | | |

### Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELEINE B | Owner ID: | 1739060 |
| Mailing Address: | 6203 OLYMPIC OVERLOOK AUSTIN  TX 78746 7229 | % Ownership, | 100.0000000000%. |
| | | Exemptions: | HS |

| | | | |
|---|---|---|---|
| (+) Improvement Homesite Value: | + | N/A | |
| (+) Improvement Non-Homesite Value | + | N/A | |
| (+) Land Homesite Value: | + | N/A | |
| (+) Land Non-Homesite Value: | + | N/A | Ag / Timber Use Value |
| (+) Agricultural Market Valuation | + | N/A | N/A |
| (+) Timber Market Valuation: | = | N/A | N/A |
| (=) Market Value: | = | N/A | |
| (-) Ag or Timber Use Value Reduction: | – | N/A | |
| (=) Appraised Value | = | N/A | |
| (-) HS Cap: | – | N/A | |
| (=) Assessed Value | = | N/A | |

Owner:         CONNOR MADELEINE B
% Ownership:  100.0000000000%

Total Value:     N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|--------|-------------|----------|-----------------|---------------|---------------|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6P | LOST CREEK UMITED DISTRICT | N/A | N/A | N/A | N/A |
|  | Total Tax Rate | N/A |  |  |  |

Taxes w/Current Exemptions:     N/A
Taxes w/o Exemptions:     N/A

Improvement  1 FAM DWELLING  State    A: Living    2592 0 sqft  Value: 1,/
#1:                           Code:         Area:

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|------|-------------|----------|---------------|------------|------|
| s1 | 1st + 1st Fl | WW | | 1976 | 1259.0 |
| Mb | 2nd Floor | WW b | | 1976 | 923.0 |
| ill | PORCH COVERED 1st F | | | 1976 | 310.0 |
| S1 | GARAGE ATT 1st F | WV 3 | | 1976 | 591.0 |
| U79 | DECK RESIDENTIAL | | | 1976 | 352.0 |
| b/t | BALCONY/ROOM | | | 1976 | 1.0 |
| 9/2 | DECK UNCOVERED | s | | 1978 | 196.0 |
| 532 | FIREPLACE | | | 1976 | 1.0 |
| 257 | AC RESIDENS | | | 1976 | 4.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|------|-------------|-------|------|-----------|-----------|--------------|-------------|
| 1 | LAND | Land | 0.3076 | 13400.00 | 0.00 | 0.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|------|--------------|-------------|--------------|-----------|--------|----------|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $761.000 | $420.000 | 0 | 681,000 | $100 | $680,900 |
| 2018 | $199.000 | $420.000 | 0 | 619,000 | $0 | $619,000 |
| 2017 | $260.000 | $360.000 | 0 | 620,000 | $0 | $620,000 |
| 2016 | $435.374 | $210.000 | 0 | 645,374 | $11,677 | $633,697 |
| 2015 | $449.122 | $180.000 | 0 | 629,122 | $53,034 | $576,088 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|-----------|------|-------------|---------|---------|--------|------|-------------|
| 1 | 10/3/2017 | WD | WARRANTY DEED | VANWISSE DEWITT | CONNOR MADELEINE B | | | 2017160495 |
| 2 | 3/1/2013 | WD | WARRANTY DEED | NCM ACQUISITIONS LLC | VANWISSE DEWITT | | | 2013037759TR |
| 3 | 12/4/2012 | MS | MISCELLANEOUS | BAE KUM YEO | NCM | | | 2012209519TR |

& KYEONG J    ACQUISITIONS
                LLC

2020 - Values not available

## Account

| | | | |
|---|---|---|---|
| Property ID. | 111538 | Legal Description | LOT 5 BLK 7 LOST CREEK SEC 2 |
| Geographic ID | 0111280112 | Zoning: | |
| Type | Real | Agent Code | |
| Property Use Code | | | |
| Property Use Description: | | | |

## Protest

Protest Status
Informal Date:
Formal Date:

## Location

| | | | |
|---|---|---|---|
| Address: | 6304 WHITEMARSH VLY WALK TX 78746 | Mapsco. | |
| Neighborhood | N5200 | Map ID | 011037 |
| Neighborhood CD. | N5J00 | | |

## Owner

| | | | |
|---|---|---|---|
| Name | CONNOR MADELINE G | Owner ID | 1485600 |
| Mailing Address | 6203 OLYMPIC OVERLOOK AUSTIN , TX 78746-7229 | % Ownership: | 100.00000000000 |
| | | Exemption: | |

| | | | |
|---|---|---|---|
| (+) Improvement Homesite Value | | N/A | |
| (+) Improvement Non-Homesite Value: | | N/A | |
| (+) Land Homesite Value: | | N/A | |
| (+) Land Non Homesite Value: | | N/A | Ag / Timber Use Value |
| (+) Agricultural Market Valuation | | N/A | N/A |
| (+) Timber Market Valuation: | | N/A | N/A |
| (=) Market Value: | = | N/A | |
| (−) Ag or Timber Use Value Reduction: | − | N/A | |
| (=) Appraised Value: | = | N/A | |
| (−) HS Cap: | − | N/A | |
| (=) Assessed Value | = | N/A | |

Owner:      CONNOR MADELINE G
% Ownership: 100.0000000000%

Total Value:   N/A

| Entity | Description | Tax Rate | Appraised Value | Taxable Value | Estimated Tax |
|---|---|---|---|---|---|
| 02 | CITY OF AUSTIN | N/A | N/A | N/A | N/A |
| 03 | TRAVIS COUNTY | N/A | N/A | N/A | N/A |
| 08 | EANES ISD | N/A | N/A | N/A | N/A |
| 0A | TRAVIS CENTRAL APP DIST | N/A | N/A | N/A | N/A |
| 2J | TRAVIS COUNTY HEALTHCARE DISTRICT | N/A | N/A | N/A | N/A |
| 68 | AUSTIN COMM COLL DIST | N/A | N/A | N/A | N/A |
| 6F | LOST CREEK LIMITED DISTRICT | N/A | N/A | N/A | N/A |
| | Total Tax Rate: | N/A | | | |

Taxes w/Current Exemptions:   N/A
Taxes w/o Exemptions:   N/A

Improvement #1:   1 FAM DWELLING   State Code:   A1   Living Area:   2152.0 sqft   Value: N/A

| Type | Description | Class CD | Exterior Wall | Year Built | SQFT |
|---|---|---|---|---|---|
| AF | 1st Floor | WW 2 | | 1981 | 2152.0 |
| 11 | PORCH OPEN 1ST F | L 6 | | 1931 | 28.0 |
| 11 | GARAGE ATT 1ST F | WW | | 1981 | 573.0 |
| | HVAC RESIDENTIAL | | | 1981 | 2152.0 |
| 9A | BATH FOUR | | | 1981 | 2.0 |
| A2 | DECK UNCOVRED | L | | 1981 | 133.0 |
| A2 | DECK UNCOVRED | L | | 1981 | 40.0 |
| 22 | FIRER ACE | L | | 1981 | 1.0 |
| 43 | MASONRY TRIM ST | AVG | | 1981 | 405.0 |
| A12 | TERRACE UNCOVERD | L S | | 1981 | 130.0 |
| A2 | DECK UNCOVRED | L S | | 1981 | 223.0 |
| A2 | DECK UNCOVRED | L S | | 1981 | 20.0 |

| # | Type | Description | Acres | Sqft | Eff Front | Eff Depth | Market Value | Prod. Value |
|---|---|---|---|---|---|---|---|---|
| 1 | LAND | Land | 0.3595 | 15660.00 | 116.00 | 135.00 | N/A | N/A |

| Year | Improvements | Land Market | Ag Valuation | Appraised | HS Cap | Assessed |
|---|---|---|---|---|---|---|
| 2020 | N/A | N/A | N/A | N/A | N/A | N/A |
| 2019 | $210,200 | $367,500 | 0 | 577,700 | $0 | $577,700 |
| 2018 | $238,597 | $367,500 | 0 | 606,097 | $0 | $606,097 |
| 2017 | $281,174 | $283,500 | 0 | 564,674 | $225,996 | $338,678 |
| 2016 | $331,818 | $165,375 | 0 | 497,193 | $189,304 | $307,889 |
| 2015 | $342,296 | $141,750 | 0 | 484,046 | $204,147 | $279,899 |

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/26/2007 | DV | DIVORCE | CONNOR CABRACH J & | CONNOR MADELINE G | | | DV#D-1-FM-06-003296 |

| | | | | MADELEINE G | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | 8/2/2002 | WD | WARRANTY DEED | ORTMAN THOMAS E | CONNOR CABRACH J & MADELEINE G | 00000 | 00000 | 2002143357TR |
| 3 | 3/15/1989 | AD | ASSUMPTION DEED | ORTMAN THOMAS E & DANIEL ORTMA | ORTMAN THOMAS E | 10942 | 00027 | |

Exhibit "B"

**ELVA L. PRICE**

District Clerk, Travis County

P.O. Box 679003

Austin, Texas 78767-9003

512-854-9457

RECEIPT No. 00303

Date: 08/28/2020

Amount: $30,000

Payment Type: Cash [ ] Check [✓] M.O. [ ] Credit [ ]

CASH : Amount of change returned _____

CHECK or M.O. #: 92308 20 220

Check or M.O. D/L # _____
Information: D.O.B. _____
Phone # _____

CREDIT CARD REF. # _____

Received From: Madeleine B. Connor

f. Cause No.: D-1- GN-15- 003714

Received For: Passport [ ] Photo [ ] Other [✓]

f. Other: Supersedeas Bond

Received By

Deputy District Clerk: Sandy Capelo

Exhibit "C"

> Legals (/tx/legals/search)

# NOTICE OF SALE OF REAL ESTATE-COUNTY OF TRAVIS-STATE OF TEXAS

By virtue of a certain WRIT OF EXECUTION issued by the 419TH DISTRICT COURT of Travis County, Texas, on the 24TH day of JUNE, 2020 in certain causes numbered D-1-GN-15-003714 and 1:17-CV-00827, respectively, wherein ERIC CASTRO AND NANCY NAEVE AND GARY SERTICH AND LEAH STEWART AND CHARLES MCCORMICK is Defendant and DAVID MCINTYRE AND MADELEINE CONNOR is Plaintiff, found in favor of said Defendant for the sum of: - For cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS ($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, For cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS) - That being the amount of the judgment recovered by said Plaintiff, in the 419th District Court of Travis County, Texas on the 23th day of JUNE, 2017, and the United States District Court for the Western District of Texas Austin Division, Texas, on the 27th day of JANUARY, 2020, respectively. - I, DEPUTY JUAN ARISPE #327 on the 29TH day of JULY, 2020 have levied upon, and will on the 1ST day of SEPTEMBER, 2020 between the hours of 10:00 a.m. and 4:00 p.m. on said day, at the courthouse steps of said county, offer for sale at public auction for cash to the highest bidder, all the right, title and interest of Defendant in and to the following described property, levied upon as the property of Defendant, to wit: - LOT 5 BLK 7 LOST CREEK SEC 2; - COMMONLY KNOWN AS 6304 WHITEMARSH VLY WALK, AUSTIN, TEXAS 78746 - Note: On the property sold there are no warranties, expressed or implied, including but not limited to the implied warranties of merchantability and fitness for a particular purpose. You have bought the property "as is". Buyers are further advised that the purchase of the property at the Constable's sale may not extinguish any liens or security interest on or in the property. You have simply purchased whatever interest the defendant had in the property. If you have any questions, you should consult the counsel of your choice. - The purchaser will be required to produce an unexpired written statement from the Tax-assessor-collector of the County in which the sale is conducted that there are no delinquent ad valorem taxes owed to the county, school district or municipality. - The above sale to be made by me to satisfy the above-described judgment for: - Cause numbered D-1-GN-15-003714: TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS

($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTEENTH COURT OF APPEALS, $20.00 IN THE COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - AND, Cause numbered 1:17-CV-00827: THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS). . Proceeds applied to the satisfaction thereof. - /S _____ - Stacy Suits, Constable - Travis County, Pct 3 - 8656 B Hwy. 71 West, Ste., 132, Austin, TX 78735 - 512-854-2107 - Posted this 5th day of August, 2020 - By: _____ - Deputy Juan Arispe #327

Viewed 56 times        Posted August 03, 2020

## Share

Make Your Ad Shine!

(https://austinchronicle.adperfect.com)

CONTACT (http://www.austinchronicle.com/contact/)

PRIVACY POLICY (http://www.austinchronicle.com/privacy-policy/)

ADVERTISE WITH US (http://www.austinchronicle.com/advertise-with-us/)

SITE MAP (http://www.austinchronicle.com/site-map/)

Copyright © 2020 by Austin Chronicle (https://www.austinchronicle.com). All rights reserved.

POWERED BY adperfect

Exhibit "E"

| | | |
|---|---|---|
| | § | **IN THE DISTRICT COURT OF** |
| **In re DAVID McINTYRE,** | § | |
| **Petitioner** | § | |
| | § | **419th JUDICIAL DISTRICT** |
| | § | |
| | § | **TRAVIS COUNTY, TEXAS** |

---

## DEFENDANTS' SECOND AMENDED PLEA TO THE JURISDICTION

---

TO THE HONORABLE JUDGE SAID OF COURT

NOW COMES, Movant TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL ("Movant') by and through former Defendants ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART, and CHARLES McCORMICK, (collectively referred to as "Defendants") regarding additional collection of judgment against Plaintiff MADELEINE CONNOR, and would respectfully show the Court as follows:

## I.
## FACTS

1.      Plaintiff Madeleine Connor ("Connor") is attempting to persuade this Court to grant injunctive relief to enjoin the Sheriff's Sale of her non-exempt rent house that is scheduled for September 1, 2020.

2.      On August 28, 2020, Connor filed what is purported to be a "Supersedeas" in this matter and deposited the sum of $30,000.00 with the District Clerk.   The "Supersedeas" appears to be an attempt to enjoin a federal judgment entered by the Honorable United States District Judge Pitman based on sanctions for a frivolous appeal to the 5th Circuit Court of Appeals and sanctions pursuant to 28 U.S.C. § 1927 for her conduct in Judge Pitman Court.

3.    Later that day, Connor filed a *Motion for Findings per Texas Property Code § 52.0011*. Connor then attempted to obtain a hearing seeking a Temporary Restraining Order without first consulting the undersigned.

4.    On August 31, 2020, Connor filed a Motion to for Stay of Execution.

5.    Abstracts of Judgment have been properly filed for Judge Pitman's Order for the sum of $43,053.25 and properly recorded with the Travis County Clerk's Office and for a sanctions Order entered in state court for $27,700.67.   The state court judgment is final having been unsuccessfully appealed to the Texas Supreme Court.

6.    This Court lacks subject matter jurisdiction to enter a temporary restraining order because Federal Rule of Civil Procedure 62 provides the sole method to stay the execution of a federal judgment and should be sought from the United States District Court.

## II.
## SECOND AMENDED PLEA TO THE JURISDICTION

7.    The Court should grant Movants' Second Amended Plea to the Jurisdiction as this Court lacks subject matter jurisdiction to stay the execution of a federal judgment.

> The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Austin & N.W.R. Co. v. Cluck*, 97 Tex. 172, 77 S.W. 403, 405 (1903) ("[T]here can be no doubt that the courts of Texas must look to the Constitution of this state, the enactments of the Legislature, and the common law for their authority to proceed ....);" *see also State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994) ("As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court.)"; *Gentry v. Bowser*, 2 Tex.Civ.App. 388, 21 S.W. 569, 570 (Fort Worth 1893, no writ) ("Certainly the court has the right to hear the necessary evidence to enable it to decide as to whether or not it has power to try the case it is sought to have it adjudicate, whether the allegations disclosing such want of jurisdiction appear in the petition of the plaintiff, or in the plea to the jurisdiction by the defendant.").

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

8.    Federal Rule of Civil Procedure 62 provides for the staying of the execution of a federal

judgment.  The Rule states:

**Rule 62. Stay of Proceedings to Enforce a Judgment**

**(a) Automatic Stay**. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

**(b) Stay by Bond or Other Security**. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

**(c) Stay of an Injunction, Receivership, or Patent Accounting Order.** Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

(1) an interlocutory or final judgment in an action for an injunction or receivership; or

(2) a judgment or order that directs an accounting in an action for patent infringement.

**(d) Injunction Pending an Appeal**. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

(1) by that court sitting in open session; or

(2) by the assent of all its judges, as evidenced by their signatures.

**(e) Stay Without Bond on an Appeal by the United States, Its Officers, or Its Agencies.** The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.

**(f) Stay in Favor of a Judgment Debtor Under State Law**. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

**(g) Appellate Court's Power Not Limited**. This rule does not limit the power of the appellate court or one of its judges or justices:

(1) to stay proceedings--or suspend, modify, restore, or grant an injunction--while an appeal is pending; or

(2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

**(h) Stay with Multiple Claims or Parties.** A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or

judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

Fed. R. Civ. P. 62; *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014).

Rule 62 governs the stay of proceedings to enforce a judgment. "Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co*., 918 F.2d 462, 463–64 (5th Cir.1990).

*Id.* The Federal District Court retains jurisdiction to entertain a motion to stay a judgment or order being appealed. *See Farmhand, Inc. v. Anel Eng'g Indus.,* 693 F.2d 1140, 1145-46 (5th Cir.1982) *(citing Fed. R.App. P. 8(a)). "*Rule 8(a) of the Federal Rules of Appellate Procedure requires that a request for a stay "'must ordinarily be made in the first instance in the district court.'" *United States v. Goltz,* No. CIV.A. SA-06-CA-503X, 2007 WL 295558, at *2 (W.D. Tex. Jan. 25, 2007).

9.     If Connor wishes to stay the execution of the federal judgment, she must obtain a bond and have it approved by the Federal District Court.   This Court lacks subject matter jurisdiction and should grant Defendants' Second Amended Plea to the Jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Movant TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL by and through former Defendants ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART, and CHARLES McCORMICK asks this Honorable Court to grant its Second Amended Plea to the Jurisdiction, dismiss Plaintiff Connor's claims with prejudice and that Movant have such other and further relief, at law or in equity, general or special, to which it may show itself justly entitled.

Respectfully submitted,

Denton Navarro Rocha Berna & Zech
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 Facsimile
lfdenton@rampagelaw.com
smtschirhart@rampagelaw.com


BY: _____

LOWELL F. DENTON
State Bar No. 05764700
SCOTT M. TSCHIRHART
State Bar No. 24013655

*Attorneys for Movant Texas Municipal League Intergovernmental Risk Pool by and through former Defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Charles McCormick*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 31st day of August 2020, to the following:

Madeline Connor **E-FILE NOTIFICATION**
Attorney at Law **AND/OR EMAIL: mgbconnor@yahoo.com**
P.O. Box 161962
Austin, Texas 78716-1962

David Rogers **E-FILE NOTIFICATION**
Law Offices of David Rogers
595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681

David McIntyre, *Pro Se* **FIRST-CLASS MAIL**
6201 Augusta National Dr.
Austin, Texas 78746-6108

David McIntyre, *Pro Se* **FIRST-CLASS MAIL**
7010 Riverside Drive
Berwyn, IL 60402

_____
SCOTT M. TSCHIRHART

Exhibit "F"

| | | |
|---|---|---|
| DAVID McINTYRE, et al., | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| vs. | § | |
| | § | 419th JUDICIAL DISTRICT |
| ERIC CASTRO, et al., | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

## ORDER DENYING MOTION FOR STAY OF EXECUTION

On this day came to be heard the *"Motion for Stay of Execution"* filed by plaintiff seeking a stay of the sale of certain non-exempt real property in Travis County, Texas.

Plaintiff (Movant), appeared in person and through counsel. MR. DAVID ROGERS and announced ready.

Defendant appeared through counsel, MR. SCOTT M. TSCHIRHART and announced ready.

A record of the hearing was taken by the official reporter for the 419th Judicial District Court, Leah Hayes.

All matters of law and fact were submitted to the Court.

Upon consideration of the pleadings, statutory authority cited by counsel, argument of counsel and the supplemental briefs of both parties, the Court is of the opinion the Motion for Stay of Execution should, and hereby is, DENIED.

Signed this the 31st day of August, 2020.

Judge Gary D. Harger
Judge Presiding by Assignment

Exhibit "G"

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 21 pgs   2020021481

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v | § | 1 17-CV-827-RP |
| | § | |
| LEAH STEWART, | § | |
| ERIC CASTRO, and | § | |
| CHUCK MCCORMICK, | § | |
| | § | |
| Defendants | § | |

## ORDER

Before the Court are Defendants Leah Stewart, Eric Castro, and Chuck McCormick's

(collectively, "Defendants") Amended Motion for Attorneys' Fees, (Dkt 59), and Motion for

Additional Sanctions, (Dkt 60) Having considered the parties' briefing, the record, and the relevant

law, the Court will grant both motions

## I. BACKGROUND

Plaintiff Madeleine Connor ("Connor") lives in the Lost Creek Municipal Utility District

("Lost Creek") and Defendants Leah Stewart, Eric Castro, and Chuck McCormick (collectively,

"Defendants") are all directors of Lost Creek (Compl , Dkt 1, at 1–2) Connor has now sued

Defendants three times in this Court for the same cause of action  *See McIntyre v. Castro*, No 1-15-

CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir

2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v Castro*, No 1 16-CV-490 RP, 2017 WL

1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th

Cir 2018) ("*McIntyre II*"), *Connor v Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D

Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In all three cases, the Court determined

that Connor's claims were not well-grounded in law or fact and dismissed Connor's lawsuits for failure to state a plausible claim for relief *See id.*

In *McIntyre I,* Connor alleged that Defendants sent a "pejorative" email with "evil intent" to Lost Creek residents "purporting to be an 'update' about" a lawsuit she filed against Defendants (*McIntyre I,* Compl , Dkt  5, at 1)  Upon reviewing the email, the Court determined that it was not pejorative, but rather that it "simply state[d] the basis of Plaintiffs'[1] claims and that Defendants rebut them." *McIntyre I,* 2016 WL 1714919, at *4  The Court dismissed Connor's claim, holding that her allegations fell "well short of supporting a claim for First Amendment retaliation." *Id.* Connor appealed. The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") affirmed the Court's opinion, specifically finding that Connor's allegations did "not constitute retaliation " *McIntyre v. Castro,* 670 F  App'x 250, 251 (5th Cir  2016), *reh'g denied* (Dec  9, 2016)

One week after the Court issued its order in *McIntyre I,* and while her appeal remained pending, Connor sued Defendants again  (*See McIntyre II,* Notice of Removal, Dkt  1, at 3)  Connor's *McIntyre II* complaint—her seventh amended petition in state court—alleged a First Amendment retaliation claim "nearly identical" to her claim in *McIntyre I  McIntyre II,* 2017 WL 1483572, at *4  The Court again dismissed the claim. *Id.* Connor then moved to amend her complaint to add another First Amendment retaliation claim, the Court denied her motion  *Id.* at *6  Connor appealed that decision  *Connor v. Castro,* 719 F  App'x 376, 379 (5th Cir  2018)  The Court of Appeals affirmed this Court's decision, agreeing that it would have been futile to permit her to add the claim  *Id.* at 380

In *McIntyre II,* the Court found that the record gave "the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants

---

[1] There were two named plaintiffs in *McIntyre I* and *McIntyre II*—Madeleine Connor and David McIntyre  *See McIntyre I,* 2016 WL 1714919, *McIntyre II,* 2017 WL 1483572

than any legally cognizable injury Plaintiffs may have suffered " *McIntyre II*, 2017 WL 1483572, at \*6

The Court stated that Connor's conduct, which included her "presentation of an objectively benign

e-update as defamatory," was troubling  *Id*  In continuing "to engage in motion practice to add

allegations that [were] plainly insufficient"—particularly in light of this Court's prior order, which

was subsequently affirmed by the Court of Appeals—this Court found that her conduct fell "well

short of what this Court expects of its officers " *Id*  While the Court declined to sanction Connor at

that time, it warned her it would "not hesitate to consider sanctions—whether on motion or on its

own initiative" should Connor continue to litigate this issue in the future  *Id*

Despite that warning, Connor filed a third lawsuit in this Court, again alleging a First

Amendment retaliation claim on the basis of an objectively benign litigation update (Am  Compl ,

Dkt  8, at 2)  In doing so, she repeated a claim that had been twice rejected by this Court and once

by the Court of Appeals  *McIntyre I*, 2016 WL 1714919, at \*4, *McIntyre II*, 2017 WL 1483572, at \*4,

*McIntyre v  Castro*, 670 F  App'x 250, 251 (5th Cir  2016), *reh'g denied* (Dec  9, 2016)  Her only new

theory of retaliation—that Defendants intended to punish her by filing a valid defensive motion in a

lawsuit that she brought against them—was one the Court determined Connor, a lawyer, should

understand to be frivolous  (Order, Dkt  31, at 10)  Again, this Court dismissed Connor's action as

meritless  (*Id*)

In dismissing Connor's third baseless lawsuit, this Court recited her history of vexatious

litigation and found that Connor filed the action for "the improper purpose of harassing and

imposing litigation costs on Defendants " (*Id*)  The Court determined that the appropriate Rule 11

sanction was to require Connor to pay Defendants' reasonable attorneys' fees and expenses related

to this action  (*Id* at 11)  The Court then ordered Defendants to submit a motion for reasonable

attorneys' fees and expenses  (*Id* at 12)  Concluding that a pre-filing injunction might be appropriate

to deter Connor from using the courts "as a weapon of harassment" against the Defendants, the

Court also ordered the parties to attend a hearing to consider the proper scope of a pre-filing injunction (*Id.* at 8, 12)

Pursuant to the Court's order, Defendants filed a motion requesting $16,235 16 in reasonable attorneys' fees and expenses (Mot Att'y Fees, Dkt 32, at ¶ 18) The Court ultimately denied Defendants' motion because they failed to comply with Rule 11's safe harbor provision (Order, Dkt 42, at 3) However, after giving Connor the required notice and hearing, (Dkt. 31, 40), the Court imposed a pre-filing injunction against Connor sua sponte, barring her from filing any civil action "against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district " (Order, Dkt 42, at 9).

Connor appealed that order (Dkt 44) Her appeal was dismissed because she didn't timely file her brief (Dkt 47) The Fifth Circuit subsequently reinstated her appeal (Dkt 48) The Fifth Circuit then affirmed this Court's order without an opinion (Dkt 50, Ex S) She petitioned for rehearing by the panel. (*Id.* at Ex T) After nearly a year of defending the appeal, Defendants then filed a motion for appellate sanctions (*Id.* at Ex U) In that motion, Defendants expressly argued that Connor's entire appeal was frivolous and sought sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U S C § 1912. (Dkt 50, at 1 ("Now come Appellees, Leah Stewart, Eric Castro and Chuck McCormick and file their Motion for Sanctions pursuant to Federal Rule of Appellate Procedure 38" , "The current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court", "[T]his Court [should] remand this case to the district court 'to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912 '"))

The Court of Appeals granted Defendants' motion and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C

4

§ 1912 " (Dkt 49 at 1)  The Court of Appeals further cautioned Connor, "a lawyer representing herself pro se," that "any further prolongation of this case will likely result in additional sanctions " (*Id* at 2)  Except for "the determination of costs and sanctions by the district court on remand," the Court of Appeals stated, in all caps, "THIS CASE IS OVER " (*Id*)

On remand, Defendants filed two motions for attorneys' fees and costs, (Dkt 50, 53), neither of which complied with this Court's Local Rules W D Tex Loc. R CV-7(j)(1)  The Court ordered Defendants to properly confer with Connor and file an amended motion for attorneys' fees, costs, and sanctions that adhered to the local rules  (Order, Dkt 56, at 2)  The Court further ordered the parties to "advise the Court what other sanctions, if any, they believe to be appropriate " (*Id* at 1)  Defendants then filed an Amended Motion for Attorneys' Fees, (Dkt. 59), and a Motion for Additional Sanctions, (Dkt 60)  Those motions are now before the Court, (Mot Att'y Fees, Dkt 59, Mot. Sanctions, Dkt 60)  First, the Court will turn to Defendants' Motion for Attorneys' Fees, (Dkt 59), which requests attorneys' fees, costs, and expenses incurred defending against Connor's appeal  Second, the Court will address Defendants' Motion for Additional Sanctions, (Dkt. 60), which requests sanctions in the form of attorneys' fees incurred defending this lawsuit before this Court

## II.  DISCUSSION

### A.  Motion for Attorneys' Fees, Costs, Expenses

Pursuant to the Court of Appeals' mandate, Defendants seek $13,636 50 in attorneys' fees, $276 27 in expenses, and double costs in the amount of $58 00 for damages incurred in defending against Connor's appeal from October 1, 2018, the date Connor filed her Notice of Appeal, (Dkt 44), and June 21, 2019, the date the Court of Appeals granted Defendants' motion for sanctions and remanded to the District Court for a determination of the amount of costs and damages, (Dkt 49) (Mot Att'y Fees, Dkt 59, at 4–5)

5

Connor contends that the Court should deny Defendants' request for attorneys' fees and costs because it "does not comply with this District's rule concerning the form, content, timeframe, or conference provisions of a request for attorney's fees." (Pl.'s Resp., Dkt. 61, at 2 (citing W.D. Tex. Loc. R. CV-7(j)(1)-(3).) Alternatively, Connor asks that the Court limit Defendants' fees and costs to those associated with the delay caused by her filing a motion for rehearing rather than awarding Defendants the fees and costs accrued in defending against the appeal as a whole. (*Id.* at 12.) The Court finds both of these arguments lacking and discusses each of them in turn below.

### 1   Defendants' Motion Complies with the Local Rules

Connor contends that Defendants' motion for attorneys' fees should be denied—"save perhaps double costs, which 28 U.S.C. § 1912 permits, presumably without any form of motion being timely and compliantly filed"— because it does not comply with Local Rule CV-7(j). On this point, Connor makes three arguments. First, she contends that Defendants did not satisfy the "meet and confer" requirement under the local rules because "Defendants' counsel refused to have any substantive discussions with Plaintiff regarding their request for fees and sanctions and walked out of the conference after the passage of only fifteen minutes." (Dkt. 61 at 3–5.) Second, she argues that Defendants' motion did not certify her specific objections to Defendants' requested attorneys' fees, objections she alleges she could not specifically articulate "because only an oral number was proposed, with no detail." (Dkt. 61 at 6.) Third, Connor contends that while Defendants' motion includes a billing document, it does not comply with the drafting and certification requirements, specifically, she argues that attaching a 22-page billing statement without "a more easily readable table" skirts the simplicity the local rules "seem to encourage." (*Id.*)

The Court concludes that Defendants' motion properly complies with the local rules. *See* W.D. Tex. Loc. R. CV-7(j). It is undisputed that Defendants' counsel met in person with Connor on July 30, 2019 to discuss their intention to seek attorneys' fees. (*See* Pl.'s Resp., Dkt. 61, at 4.) During

6

that meeting, Defendants "repeatedly asked" for Connor's objections to the fee amount, but Connor only offered a specific objection to one eight-hour billing entry (Defs' Reply, Dkt 59, at 6) Defendants noted this objection in their motion and properly "certified the reason why the matter could not be resolved by agreement" W D Tex Loc R CV-7(j), (*see also* Mot Att'y Fees, Dkt 59, at 5–7 ("The parties could not reach an agreement because Plaintiff offered [an amount] inconsistent with Defense counsel's authority")) And Rule 7(j) imposes no time requirement for a conference *See* W D Tex. Loc R CV-7(j) From the Court's perspective, fifteen minutes is sufficient to entertain that single objection

Moreover, Connor's contention that she "could not articulate a specific objection" to "an oral request for $40,000" because Defendants tendered the fee-bill to her "only 30 minutes before the meeting convened" is a flagrant misrepresentation of the facts (Pl's Resp, Dkt 61, at 5) Defendants provided statements and draft bills with their Motion for Attorneys' Fees and Costs pursuant to the order from the Court of Appeals, (Dkt 49), on June 25, 2019 (Orig Mot Att'y Fees, Dkt. 50) Defendants emailed Connor with an updated set of statements on July 24, 2019, a full six days before the conference (Email, Dkt 63-1, at 1) In that same email, Defendants' counsel expressly indicated that Defendants intended to seek attorneys' fees and costs incurred for the entire appeal and additional sanctions in the form of attorneys' fees and costs related to the rest of the case (*Id* at 1) Connor had the time and the information necessary to formulate her objections ahead of the conference and did not do so She cannot now misrepresent the record to manufacture noncompliance with the local rules in an attempt to evade sanctions.

Connor's argument that Defendants' motion should be denied because it "does not comply with the drafting and certification requirements of the rule" is likewise baseless (Pl's Resp, Dkt 61, at 6) Defendants' motion contains the requisite chronological billing activity, affidavit, and memorandum setting forth the method by which fees were computed W D Tex. Loc R CV-

7

7(j)  There is no requirement that a movant for reasonable attorneys' fees include "a more easily readable table," (Pl's Resp, Dkt 61, at 6), billing records provide sufficient support for the legal services rendered by Defendants in defending this action. *People's Capital & Leasing Corp. v McClung*, No 5 17-CV-484-OLG, 2018 WL 7291447, at *2 (W.D Tex Aug 20, 2018) ("Plaintiff's attorney's fees request is properly supported by copies of the invoices for legal services ") Moreover, Defendant's counsel attested to the reasonableness of these rates in an affidavit attached to the motion (Tschirhart Aff, Dkt. 59-2, at 1–2), W D Tex Loc. R CV-7(j)

Thus, the Court concludes that Defendants' Motion for Attorneys' Fees complies with the local rules and Connor's arguments to the contrary are, predictably, without merit The Court will now turn to Connor's next argument pertaining to the scope of the Court of Appeals' mandate

2.  <u>Defendants are Entitled to Fees and Costs for the Entire Appeal</u>

Connor contends that Defendants' request for attorneys' fees and costs incurred for the entire appeal should be denied because the Court of Appeals "rejected" Defendants' "repeated requests in the appellate court to award fees and sanctions for frivolous appeal " (Pl's Resp, Dkt 61, at 8)  In support of this argument, Connor cites to the text of the Court of Appeals' order, which she notes omits the words "frivolous" and "Rule 38" and cites only to 28 U S C § 1912 *Id* Connor interprets these omissions to mean the Court of Appeals denied Defendants' request for sanctions pursuant to Rule 38 and instead limited the scope of sanctions on remand to the delay associated with Connor's decision to file a motion for panel rehearing  (*Id*)

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee " Meanwhile, 28 U S C § 1912 provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and

8

single or double costs " 28 U S C § 1912 Importantly, the rule—unlike the statute—allows a court to order damages and costs for a frivolous appeal without finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee notes to 1967 adoption, *see also State of Tex. v. Gulf Water Benefaction Co*, 679 F 2d 85, 87 n 1 (5th Cir 1982), *Hagerty v. Succession of Clement*, 749 F 2d 217, 222 (5th Cir 1984) ("[T]he courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay ") An award of damages and double costs as sanctions for the filing of a frivolous appeal "may be made against an appellant under 28 U S C § 1912 and Fed R App P 38 " *Olympia Co v. Celotex Corp.*, 771 F 2d 888, 893 (5th Cir 1985) Thus, if a frivolous appeal results in delay, courts may use Rule 38 and 28 U S C § 1912 interchangeably *See Exhibitors Poster Exch , Inc. v Nat'l Screen Serv Corp.*, 78 F R.D 192, 195 (E D La 1978)

Having reviewed the Court of Appeals' order and the appellate record as a whole, the Court concludes that it may determine costs and damages related to the entire appeal; that is, the Court of Appeals' mandate does not limit apportionable damages to the delay associated with Connor's motion for panel rehearing As an initial matter, the Court of Appeals *granted* Defendants' motion for appellate sanctions (*See* Fifth Cir Order, Dkt 49, at 1 ("**IT IS ORDERED** that appellees' motion for sanctions, attorney fees, and costs    is **GRANTED** ")) Defendants based their appellate motion for sanctions on the frivolousness of Connor's entire appeal, not on the delay associated with her filing a motion for panel rehearing (Defs ' App Mot Sanctions, Dkt 50, Ex U, at 2 ("[T]he current appeal is frivolous on its face in that Appellant makes the same arguments that have been previously rejected by the trial court and this honorable Court") Throughout the motion, Defendants specifically argued for sanctions pursuant to Rule 38, cited cases pertaining to frivolous appeals within the purview of Rule 38, and sought relief pursuant to Rule 38 (*See id.* ("Sanctions under Rule 38 are appropriate"), *id.* (citing cases pertaining to sanctions imposed pursuant to Rule

38), *id* at 6 ("For the foregoing reasons, this Court should find that Appellant's arguments are frivolous, that sanctions under Fed R App P 38 are warranted, that Appellees have incurred attorneys' fees and expenses as a result of Appellant's frivolous litigation ") Even Connor concedes that the appellate motion "largely" "requests sanctions and damages pursuant to Rule of Appellate Procedure 38, and only requests relief under 28 U S C § 1912 on the final page " (Resp , Dkt 61, at 7) Thus, granting Defendants' motion *was* a finding that Connor's appeal was frivolous

Connor's textual argument is therefore unavailing While the Court of Appeals' order does "remand this case to the district court to determine the amount of costs and damages to be paid to appellees, as provided by 28 U S C § 1912," courts often use Rule 38 and 28 U S C § 1912 interchangeably when the appeal is frivolous and resulted in delay *Exhibitors Poster Exch , Inc v Nat'l Screen Serv. Corp.*, 78 F R D 192, 195 (E D La 1978) ("Various courts have referred to and utilized F R A P 38 and 28 U S C § 1912 interchangeably", *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv Corp* , 543 F 2d 1106, 1107 (5th Cir 1976) ("The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F R A P The motion is well taken We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U S C. § 1912 "); *Olympia Co. v. Celotex Corp* , 771 F 2d 888, 892–93 (5th Cir 1985) (noting that an award of damages and double costs for the filing of a frivolous appeal "may be made against an appellant under 28 U S C. § 1912 and Fed R App P 38 ") This is especially so when the appeal has resulted in delay, indeed, the only reason to distinguish between the statutory basis for sanctions and the rule would be if the Court of Appeals intended to award sanctions for a frivolous appeal without making a finding that the appeal resulted in delay *See* Fed R App P 38 advisory committee's note to 1967 adoption

Finally, in citing to § 1912, the Court of Appeals did not limit the scope of sanctions to the delay associated with Connor's filing of a motion for panel rehearing, as she contends Nothing in

10

Defendants' motion for appellate sanctions, which the Court of Appeals granted, limits the requested relief to the delay associated with one portion of Connor's appeal and nothing in the Court of Appeals' order imposes such a limitation either (*See* Defs.' Mot App Sanctions, Dkt 50, Ex. U, 5th Cir Order, Dkt 49, at 1–2) For nearly a year, Connor prosecuted a meritless appeal with no legitimate prospect of success After filing her Notice of Appeal, (Dkt 44), she ignored the transcript order deadline, (Dkt 50, Ex A), waited six days after the Clerk sent her an email about missing the deadline to request more time, (*id.* at Ex. C), delayed ordering the transcript again, (*id.* at Ex D), moved for a fifteen-day extension to file her appellate brief, (Dkt 50, Ex F), and then filed for another extension the day before her brief was due, (Dkt 50 at Ex G) When the Court of Appeals denied Connor's motion for an extension, (Dkt 50 at Ex I), Connor filed a motion to reconsider arguing that "in seventeen years of practice, she had never personally been denied an extension of time to file an opening brief " (Dkt 50, Ex J) The Court of Appeals denied her motion and dismissed her appeal for want of prosecution shortly after (Dkt 50, Ex K, L) Then, Connor filed two additional motions, which the Court of Appeals took no action on because it had dismissed her appeal (Mot Attorneys' Fees, Dkt 50, at 4) Connor then filed a motion to reopen the appeal (Dkt 50, Ex O)

The Court of Appeals granted her motion and reinstated her appeal (Dkt 50, Ex Q) After considering Connor's arguments on appeal, the Court of Appeals then affirmed this Court's order without an opinion (Dkt 50, Ex S) In an attempt to further prolong meritless litigation, Connor filed a petition for panel rehearing (Dkt 50, Ex T) At this point, after almost a year of investing time and resources into defending against Connor's various delay tactics, Defendants filed a motion for appellate sanctions, which the Court of Appeals granted. (Dkt 50, Ex. U)

Because Connor's frivolous appeal resulted in nearly a year of delay, the Court of Appeals remanded to the District Court for a determination of costs and damages pursuant to § 1912. *See*

Fed R App P 38 advisory committee's note (explaining that Rule 38 and § 1912 can be used interchangeably, the only difference being that § 1912 requires a showing of delay) And the appellate record makes clear that Connor delayed prompt adjudication of this dispute throughout the entire appeal

Finding no reason to limit the scope of sanctions to the attorneys' fees and costs associated with Connor's motion for panel rehearing, the Court will assess against Connor the attorneys' fees and costs incurred by Defendants in defending against the entire frivolous appeal.

*i. Attorneys' Fees*

Defendants contend that from October 1, 2018 (the date Connor filed her Notice of Appeal) through June 21, 2019 (the date the Court of Appeals issued its mandate) they incurred $13,636 50 in reasonable and necessary attorneys' fees and $276 27 in expenses defending against Connor's frivolous appeal (Mot Sanctions, Dkt 59, at 5) As supporting documentation, Defendants submit an affidavit from Defendants' counsel of record and detailed billing records (Tschirhart, Dkt 59-2, at 1–2, Invoices, Dkt. 59-3, at 1–18) Defendants' request for attorneys' fees is based on the following rates $195 (later $210) per hour for Partners, $175 (later $180) per hour for Senior Associates, and $75 (later $85) for paralegal time (Tshirhart Aff, Dkt 59-2, at 1) Defendants' memorandum notes that these fees "are based upon a bargained-for agreement" and represent "the same fees commonly charged for this kind of work by our Firm all over the State of Texas " (Defs' Fee Calculation Memo, Dkt. 59-4, at 2)

12

The Court finds that the attorneys' fees requested are reasonable in light of the well-known *Johnson* factors [2] *Johnson v. Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989) In defending against Connor's appeal, Defendants' counsel spent nearly a year reviewing and drafting responses to Connor's various requests for extensions of time and other obstinate efforts to deny Defendants a prompt resolution of the dispute *(See e.g.* Invoice, Dkt. 59-3, at 8–17) Upon examining Defendants' detailed records, the Court finds the time and labor documented to be reasonable in light of the issues involved and the skill required *See id.* Moreover, the fees charged for the services are consistent with fees charged for such services in the geographic area amongst lawyers with similar experience, reputation, and ability *See id* Finally, Connor has not challenged the requested rates and fees; her response to Defendants' attorney's fees motion only contests compliance with W D Tex Loc R CV-7(j) and the scope of the Court of Appeals' mandate [3] While she proffers her own attorneys' fee offer— $525 00—she does not explain why Defendants' requested rates and fees, supported by invoices, affidavits, and memorandum, are unreasonable. Thus, the Court concludes that Defendants are entitled to the $13,636 50 in requested attorneys' fees and $276 27 in requested expenses

---

[2] The *Johnson* factors are (1) the time and labor required to represent the client or clients, (2) the novelty and difficulty of the issues in the case, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney, (5) the customary fee charged for those services in the relevant community, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases *Johnson v Ga. Highway Express, Inc*, 488 F 2d 714, 717-19 (5th Cir 1974), *abrogated on other grounds by Blanchard v Bergeron*, 489 U S 87 (1989)

[3] While Connor objected to one billing entry when the parties met to confer, Defendants "adjusted that particular entry, in response to [Connor's] objection, by reducing it accordingly," (Defs' Reply, Dkt 63, at 4), and Connor's Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs, (Dkt 61), does not raise objections with respect to the requested rates and fees, only to the manner in which these rates and fees were discussed *See* Pl 's Resp , Dkt 61, at 3–4 (objecting to Defendants' "global request for $40,000" as noncompliant with the meet and confer requirements under W D Tex Loc R CV-7(j), but raising no other specific objections to the rates and fees incurred)

*ii.   Costs*

The Court of Appeals also remanded this case for a determination of costs (*See* Fifth Cir,

Mandate, Dkt 49, at 1)  "Where a judgment is affirmed by the Supreme Court or a court of appeals,

the court in its discretion may adjudge to the prevailing party just damages for his delay, and single

or double costs " 28 U S C § 1912  Federal Rule of Appellate Procedure 38 likewise allows for "just

damages and single and double costs to the appellee" when an appeal is frivolous  *Garza v. Westergren*,

908 F 2d 27, 29 (5th Cir  1990) ("[A]n award of attorney's fees and double costs pursuant to Federal

Rule of Appellate Procedure 38 is proper, because this appeal is frivolous ")  Defendants submitted

a Bill of Costs to the Court of Appeals in the amount of $29 40 in taxable costs, (Bill of Costs, Dkt

50, Ex  W, at 166), and ask the Court to award double costs in the amount of $58 00  (Mot Att'y

Fees, Dkt 59, at 3–5)

The Court concludes that this case is a textbook example of a scenario where double costs

are warranted  Here, Connor's appeal was not only frivolous, but also resulted in significant delay

For nearly a year, Connor prolonged unmeritorious litigation, with no legitimate prospect of

success  In continuing to litigate a meritless appeal and leaving no delay tactic unturned, Connor

"imposed an unnecessary burden on [the Court of Appeals] and has infringed on the rights of the

appellees who are entitled to a prompt adjudication of this dispute." *Hagerty v. Succession of Clement*,

749 F 2d 217, 222 (5th Cir  1984)  Accordingly, the Court determines that Defendants' request for

double costs in the amount of $58 00 is warranted  (*See* Dkt  59, at 5)

## B.  Motion for Additional Sanctions

In response to this Court's order, (Dkt  56), Defendants filed a motion requesting additional

sanctions in the form of "all of the attorneys' fees and costs incurred by Defendants in the

proceedings before this honorable court " (Mot  Add. Sanctions, Dkt  60, at 2)  In the alternative,

Defendants ask the Court to sanction Connor by "entering an Order temporarily disbarring [her]

from the practice of law before the Courts in the Western District of Texas for a period of not less than six (6) months " (*Id.* at 2–3) Ultimately, Defendants just want the Court to "fashion a sanction that would deter [Connor] from continuing to use the [c]ourts as a weapon of harassment against them and those who are connected with them." (*Id.* at 2) Defendants provide two possible bases for additional sanctions First, Defendants contend that Connor, a licensed attorney, could be sanctioned pursuant to 28 U S C § 1927 Second, Defendants contend the Court can sanction Connor pursuant to its inherent authority

Connor argues that this Court lacks the authority to issue additional sanctions because the Court of Appeals' remand order only allows for an assessment of fees for delay under 28 U S C § 1912, which Connor isolates to fees accrued by the Defendants after she filed a motion for panel rehearing (Pl's Resp , Dkt 62, at 2) She argues that on remand a trial court cannot deviate from the mandate of the appellate court and that the Court of Appeals' mandate requires this Court to assess fees only for delay under 28 U.S.C § 1912 (*Id.*)

As previously discussed, the Court finds nothing in the text of the Court of Appeals' remand order that limits sanctions to the delay associated with Connor's motion for panel rehearing *See infra* Part II A 2 Moreover, the Court of Appeals' mandate covers appellate sanctions and says nothing about this Court's power to sanction Connor for her unreasonable and vexatious conduct before this Court Because the pre-filing injunction imposed by this Court, (Order, Dkt 42, at 9), has not deterred Connor from continuing to harass Defendants with unmeritorious litigation—both in this Court and others—the Court will assess additional monetary sanctions against Connor

1   Sanctions pursuant to 28 U S C § 1927

Under 28 U S C § 1927, "[a]ny attorney     who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct " To impose sanctions

pursuant to this provision, the conduct multiplying the proceedings must be both "unreasonable" and "vexatious." *Morrison v Walker*, 939 F 3d 633, 637–38 (5th Cir 2019) "Conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owed to the court '" *Id.* "An attorney acts with "reckless disregard" of [her] duty to the court when [s]he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining [her] factual contentions." *Id* at 638

In support of § 1927 sanctions, district courts often rely on "repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions " *Procter & Gamble Co v Amway Corp.*, 280 F 3d 519, 525 (5th Cir 2002) Before imposing such sanctions, the court must "make detailed factual findings," including "(1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction " *Morrison*, 939 F 3d at 638 "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial " *Procter & Gamble Co.*, 280 F 3d at 526 (emphasis in original)

For the reasons stated below, the Court concludes that Connor's conduct in filing and persistently litigating this lawsuit unreasonably and vexatiously multiplied the proceedings against Defendants and sanctions are thus warranted under § 1927

*i  Reasonableness*

This is Connor's third, meritless First Amendment retaliation lawsuit before this Court  In bringing this latest lawsuit, Connor knew that this Court had twice dismissed—and the Court of Appeals had previously affirmed dismissal of—Connor's nearly identical claims *See McIntyre v. Castro*, No  1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D  Tex  Apr  8, 2016), *aff'd*, 670 F  App'x 250

(5th Cir 2016), *reh'g denied* (Dec 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom. Connor v Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*") By filing this third lawsuit, Connor persistently prosecuted a meritless claim and thus unreasonably multiplied proceedings that should have concluded with the resolution of *McIntyre I*

### *ii. Vexatiousness*

To impose sanctions pursuant to § 1927, counsel's multiplication of proceedings must be not only unreasonable, but also vexatious *See Morrison*, 939 F.3d at 637–38 The Court concludes that Connor vexatiously multiplied the proceedings in reckless disregard of the duty owed to this Court *See id* This Court's dismissal of *McIntyre I* put Connor on notice that claims for First Amendment retaliation based on a benign litigation status update were meritless *See McIntyre* I, 2016 WL 1714919, at *4 *McIntyre II* did not remedy these deficiencies and this Court admonished Connor's decision to continue to assert a claim nearly identical to the one previously dismissed, questioned her motivation, and warned of possible future sanctions if she continued to exhibit conduct that "falls short of what this Court expects of its officers " *McIntyre II*, 2017 WL 1483572, at *6 Connor was not deterred Instead, she filed a nearly identical lawsuit, indifferent to this Court's warnings (Compl , Dkt 1) In light of the record as a whole, the Court concludes that Connor pursued this third lawsuit in bad faith and for the improper purpose of harassing and annoying Defendants Such conduct constitutes a reckless disregard of the duty owed to this Court

As noted in this Court's previous order, "Connor's extensive and meritless litigation history against Defendants and other Lost Creek directors indicates a commitment to use the courts as a weapon of harassment against them " (Order, Dkt 42, at 8–9). Despite this Court's two prior dismissals of nearly identical First Amendment retaliation claims against Defendants, she filed a third lawsuit alleging First Amendment retaliation on the basis of the same benign litigation update

*See McIntyre v. Castro*, No 1-15-CV-1100 RP, 2016 WL 1714919, at *4 (W D Tex Apr 8, 2016), *aff'd*, 670 F App'x 250 (5th Cir 2016), *reh'g denied* (Dec. 9, 2016) ("*McIntyre I*"), *McIntyre v. Castro*, No 1 16-CV-490 RP, 2017 WL 1483572, at *3 (W D Tex Apr 25, 2017), *aff'd in part sub nom Connor v. Castro*, 719 F App'x 376 (5th Cir 2018) ("*McIntyre II*"), *Connor v. Stewart*, No 1 17-CV-827-RP, 2018 WL 2994644, at *1 (W D Tex June 14, 2018), *aff'd*, 770 F App'x 244 (5th Cir 2019) In doing so, she advanced a "baseless claim despite clear evidence undermining her factual contentions," namely, two prior dismissals and an affirmance by the Court of Appeals *See id.* Throughout the litigation, Connor made claims that were "not merely meritless" but also made in bad faith for the purpose of harassing Defendants (*See* Order, Dkt 42, at 7) Given Connor's repeated efforts to advance allegations against Defendants in bad faith at every step of the litigation, shifting the entire burden of defending this lawsuit onto Connor is not only appropriate, but necessary to deter Connor from harassing Defendants with more meritless litigation in the future

Moreover, the monetary sanctions issued by state courts in similar litigation have not deterred Connor from filing this action, indicating the need for additional monetary sanctions (*See* Orders, Dkt 38-2) Even more troubling, Connor recently misrepresented the record in this case in a related state court action, attesting to a state court judge that this Court had dismissed her state law claims, when in fact this Court had merely declined to exercise supplemental jurisdiction over them and remanded them back to Texas state court (*See* Advisory to the Court, Dkt 67, at 1–5), *compare McIntyre* II, 2017WL 1483572, at *5 ("In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction Accordingly, the state law claims against Defendants are properly remanded back to Texas state court ") *with* Connor's Request for Abstract Judgment, Dkt 67-1, at 1 ("[T]he record clearly indicates that the claims dismissed by the Hon Karin Crump had already been dismissed by the Western District of Texas, and therefore, the order is subject to collateral attack and injunctive relief ") As this Court has already admonished, "Connor

18

has the legal training and experience to understand that      the state-law portion of Defendants' motion was not adjudicated by this Court, which remanded Connor's state-law claims " (Dkt 31 at 7) Therefore, Defendants' requested sanctions are also appropriate to deter Connor from misrepresenting this Court's record for the purpose of harassing defendants in an alternate forum.

Finally, Connor's frivolous filings have needlessly diverted this Court's time and resources away from the hundreds of meritorious cases and controversies on its docket (*See* Order, Dkt 42, at 8 (discussing the burden that Connor's high volume of motions in this action and previous actions have had on this Court)) Thus, in continuing to prosecute her claims in bad faith, Connor not only saddled Defendants with the burden of defending against frivolous claims, but she also impeded this Court's ability to direct its attention to the meritorious plaintiffs on its docket in need of relief Connor has imposed a similar burden on the Texas state court system *See id* (discussing the burden Connor's litigation tactics have placed on the state court system, particularly the five-hundred-page state court record in *McIntyre II*) Repeated admonitions and the threat of sanctions both by this Court and the Court of Appeals have not deterred Connor from continuing to litigate in bad faith *McIntyre II*, 2017 WL 1483572, at *6 ("In short, the Court is troubled by Connor's conduct in this litigation      the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative "), (*see also* Fifth Cir Mandate, Dkt 49, at 2 ("[A]ppellant, a lawyer representing herself pro se, is cautioned that any further prolongation of this case will likely result in additional sanctions ") The Court concludes that severe monetary sanctions are necessary to send the message to Connor that bad faith litigation brought for the purpose of harassment will not be tolerated, especially by an officer of the Court Thus, this Court will assess the full cost of defending this suit against Connor

In defending against Connor's baseless claims before this Court, Defendants incurred a total of $28,646 50 in reasonable and necessary attorneys' fees and $435 98 in expenses (Mot Add Sanctions, Dkt 60, at 6)  In reviewing the submitted invoices, affidavit, and memorandum in support of this figure, the Court determines that both the work expended and the rates assessed are reasonable for the geographic area  Because Connor has not disputed the reasonableness of these sums and because the record demonstrates that "every facet" of Connor's third lawsuit was "patently meritless" and brought in bad faith for the improper purpose of harassing Defendants, (*see* Order, Dkt 42, at 4–9), the Court concludes shifting the entire cost of the defense to Connor is appropriate pursuant to 28 U S C § 1927 [4] *See Procter & Gamble Co*, 280 F 3d at 526  In addition to these monetary sanctions, the Court reminds Connor that a pre-filing injunction remains in place

> Connor may not file a civil action against Defendants or other officers of the Lost Creek Municipal Utility District, directly or indirectly, in the Western District of Texas without receiving written leave from a federal district judge for this district  Any future complaint against Defendants or other officers of the Lost Creek Municipal Utility District in this district shall be accompanied by a motion for leave, and no summons shall issue unless leave is granted

(Dkt 42 at 9)

To echo the Court of Appeals, "[t]his case is over "

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and Costs, (Dkt 59), is **GRANTED**

---

[4] To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct  *See Chambers v NASCO, Inc*, 501 U S 32, 50 (1991) ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct  This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions  But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules ")

**IT IS FURTHER ORDERED** that Defendants' Motion for Additional Sanctions, (Dkt 60),

is **GRANTED**

Defendants are entitled to an award of **$13,636.50 in attorneys' fees, $276.27 in expenses**, and

**double costs in the amount of $58.00** for the damages incurred in defending against Connor's

frivolous appeal

Defendants are further entitled to **$28,646.50 attorneys' fees** and **$435.98 in expenses** incurred

in defending this matter before this Court

**SIGNED** on January 27, 2020



_____

ROBERT PITMAN

UNITED STATES DISTRICT JUDGE

A true copy of the original, I certify.
Clerk, U.S. District Court
By _____
Deputy Clerk

Recorders Memorandum-At the time of recordation
this instrument was found to be inadequate for the best
reproduction, because of illegibility, carbon or
photocopy, discolored paper, etc All blockouts,
additions and changes were present at the time the
instrument was filed and recorded

## RETURN

DENTON NAVRRO ROCHA BERNAL & ZECH,
P
2500 W  WILLIAM CANNON DRIVE
SUITE 609
AUSTIN, TX 78745

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

**Dana DeBeauvoir, County Clerk**
**Travis County, Texas**

**2020021481**

Feb 10, 2020 02:09 PM
Fee: $106.00          **WELLINB**

21

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MADELEINE CONNOR,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **LEAH STEWART,** | § | **NO. 1:17-CV-00827-RP** |
| **ERIC CASTRO, and** | § | |
| **CHUCK McCORMICK,** | § | |
| **Defendants.** | § | |

## ORDER
## GRANTING STAY OF EXECUTION

Before the Court on emergency hearing, is Madeleine Connor's Application for a Stay of Execution.

The Court grants the stay, as she has posted security to suspend execution of the Final Judgment in the amount of $30,000, and this court finds that no supersedeas bond payment is required to supersede the judgment for attorney's fees in this case.

Accordingly, the execution of the judgment by writ, and/or enforcement and sale of Madeleine Connor's property located at 6304 Whitemarsh Valley Walk, Travis County, Austin, Texas 78746, is hereby STAYED.

The Court further orders that delivery of this Order to the Travis County Constable Precinct #3 by email or other means shall be sufficient notice to effectuate this stay of execution.

Signed this _____ day of _____, 2020

_____
The Honorable Judge Presiding