UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR | § | |
| | § | |
| v. | § | NO. 1:17-CV-00827-RP |
| | § | |
| LEAH STEWART, | § | |
| ERIC CASTRO, AND | § | |
| CHUCK MCCORMICK | § | |

**DEFENDANTS' SUPPLEMENT TO THEIR APPLICATION FOR
ADDITIONAL SANCTIONS/CONTEMPT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants LEAH STEWART, ERIC CASTRO, and CHUCK McCORMICK, and file this Supplement to Their Application for Additional Sanctions/Contempt [Dkt. 76] pursuant to this Court's Order of September 1, 2020 [Dkt. 75], and would respectfully show the Court the following:

**A.
INTRODUCTION**

1.      Plaintiff Madeleine Connor (hereinafter "Connor" and/or "Plaintiff").

2.      Defendants are Leah Stewart, Eric Castro, and Charles McCormick (hereinafter "Defendants").

**B.
BACKGROUND**

3.      This Honorable Court issued an Order on September 1, 2020. [Dkt. 75].  This Order was in response to Plaintiff's *Emergency Motion for Stay of Execution*. [Dkt. 74].  Plaintiff's Emergency Motion invoked the jurisdiction of this Court despite the fact that Plaintiff has an active appeal of this Court's award of sanctions pending in Fifth Circuit Court of Appeals.

4.      The Order contains the clear directive: "Any further action to delay the execution of the judgment in this matter will result in further sanctions."   [Dkt. 75].   The continued violation of this particular part of the Order is the subject of this Supplement.

5.      On September 21, 2020, Plaintiff filed a letter requesting a writ of supersedeas.   This action was the subject of *Defendant's Motion for Additional Sanctions/Contempt* filed on September 22, 2020. [Dkt. 76].

**Plaintiff's Subsequent Filings:**

6.      Shortly before midnight on September 22, 2020, Plaintiff filed *Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas* with the Court of Appeals for the Third District of Texas.    A true and correct copy of this filing is attached as Exhibit "G."[1]

7.      The gravamen of Plaintiff's *Emergency Petition* is that she seeks to stop the execution of the judgment in this matter.   This is in direct violation of this Court's Order [Dkt. 75].

8.      On September 24, 2020, Plaintiff filed *Relator's Emergency Motion for Stay Pending Mandamus Proceeding*.   A true and correct copy of this pleading is attached as Exhibit "H."

9.      Plaintiff explicitly requested:

> Relator requests that the Court issue a temporary stay of the collection and perfection proceedings to preserve the status quo pending this Court's decision on the writ of mandamus.

Exhibit "H", pg. 1.   Plaintiff's request for a writ of supersedeas was made in bad faith and in direct violation of this Court's Order. [Dkt. 75].

10.      On September 25, 2020, the Travis County District Clerk filed *Velva Price's Letter*

---

[1] Defendants present these pleadings without exhibits, unless otherwise noted, as the exhibits are voluminous and not relevant to the relief sought herein.

*Response to Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Writ of Supersedeas.*   A true and correct copy of this Letter, along with the exhibits is attached as Exhibit "I."   In the Letter, the District Clerk provides details about why she could not issue a supersedeas bond and how she communicated this to Ms. Connor.

## C.
## BAD FAITH

11.     Plaintiff's emergency motions were made in bad faith because the Court of Appeals lacks original mandamus jurisdiction over the Travis County District Clerk, the relief requested by Plaintiff is moot, and Plaintiff failed to request an order from this Court to stay the execution of this Court's sanctions award.   A true and correct copy of Defendants' *Response to Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas* is attached as Exhibit "J."   This Response demonstrates the bad faith nature of Plaintiff's pleadings.

12.     Likewise, Velma Price's *Letter Response* further demonstrates Plaintiff's bad faith arguments.  *See* Exhibit "I."

13.     Plaintiff has now stepped beyond harassing and filing vexatious litigation against the parties to now attacking public officials with false allegations.

14.     Defendants respectfully request that this Court take judicial notice of Plaintiff's and Plaintiff's counsel's continued "action[s] to delay the execution of the judgment in this matter." [Dkt. 75].

15.     Plaintiff continues to throw frivolous roadblocks in the way of Defendant's efforts to collect this Court's judgment, and now improperly seeks mandamus relief against the Travis County District Clerk.   The Court should set an evidentiary hearing to determine whether

additional sanctions are appropriate and to determine the amount of attorneys' fees and expenses that Plaintiff should be ordered to reimburse Defendants, if any.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants Leah Stewart, Eric Castro and Chuck McCormick pray that the Court set a hearing to determine whether additional sanctions should be granted, after the hearing award attorneys' fees and expenses incurred by Defendants in attempting to collect this Court's previous award of sanctions.   Alternatively, Defendants pray that the Court cite Plaintiff and Plaintiff's attorney and set a hearing to show cause why they should not be held in contempt for violating this Court's Order [Dkt. 75] and grant all other relief to which Defendants are justly entitled.

Signed on this the 25th day of September 2020.

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
(512) 279-6431
(512) 279-6438 Facsimile
smtschirhart@rampagelaw.com
lfdenton@rampagelaw.com

BY: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655
LOWELL F. DENTON
State Bar No. 05764700

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this the 25th day of September 2020, to the following:

David Rogers                                                      via Electronic Notification
LAW OFFICES OF DAVID ROGERS
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681

_____
SCOTT M. TSCHIRHART
LOWELL F. DENTON

ACCEPTED
03-20-00467-CV
46478309
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/22/2020 11:04 PM
JEFFREY D. KYLE
CLERK

No. _____

# IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS

## MADELEINE CONNOR, Relator

Original Proceeding from the Travis County District Clerk.

Velva Price, District Clerk of Travis County

## RELATOR'S EMERGENCY PETITION FOR WRIT OF MANDAMUS and EMERGENCY MOTION FOR ISSUANCE OF WRIT OF SUPERSEDEAS

David Rogers
Texas Bar No. 24014089
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Firm@DARogersLaw.com
Telephone: 512-923-1836
Fax: 512-685-1144

ATTORNEY FOR RELATOR, MADELEINE CONNOR

## ORAL ARGUMENT NOT REQUESTED

**Exhibit "G"**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

| PARTIES | COUNSEL |
|---|---|
| **MADELEINE CONNOR** | |
| | David Rogers |
| | Texas Bar No. 24014089 |
| | Firm@DARogersLaw.com |
| | LAW OFFICE OF DAVID ROGERS |
| | 595 Round Rock Drive, Suite #102 |
| | Round Rock, TX 78681 |
| | Telephone: 512-923-1836 |
| | Fax: 512-685-1144 |
| **HON. VELVA PRICE** | David Escamilla |
| | Travis County Attorney |
| | 314 West 11th Street, Room 300 |
| | Austin, TX 78701 |
| | PO Box 1748 |
| | Austin, TX 78767 |
| | (512) 854-9415 |
| | Fax: (512) 854-9316 |
| **TEXAS MUNICIPAL LEAGUE INTERGOVERNMETAL RISK POOL** | SCOTT M. TSCHIRHART |
| | State Bar No. 24013655 |
| | Scott.Tschirhart@rampage-aus.com |
| | SMTschirhart@rampagelaw.com |
| | 2500 W. William Cannon Drive, Suite 609 |
| | Austin , Texas 78745 |
| | (512) 279-6431 |
| | Fax: (512) 279-6438 |
| | LOWELL F. DENTON |
| | State Bar No. 05764700 |
| | lowell.denton@rampage-sa.com |

*Connor – Writ of Mandamus and Emergency Motion to Issue Writ*                                ii

**Exhibit "G"**

LFDenton@rampagelaw.com
DENTON NAVARRO ROCHA
BERNAL & ZECH
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
Fax: (210) 225-4481

[Remainder of this page deliberately left bank]

# TABLE OF CONTENTS

*Page*

Identity of Parties and Counsel ................................................................ ii

Table of Contents ................................................................................ iv

Index of Authorities............................................................................. v

Appendices ...................................................................................... vi

Statement of the Case ......................................................................... 1

Statement of Jurisdiction ..................................................................... 5

Issue Presented…………… .................................................................. 5

Argument ....................................................................................... 5

Mandamus is Appropriate Relief............................................................. 6

Mandamus is an Available and Required Remedy ........................................ 8

Prayer .......................................................................................... 8

Certificate of Notice & Service.............................................................. 9

Certificate of Compliance .................................................................... 10

# INDEX OF AUTHORITIES

## CASES

### Texas Supreme Court

*Anderson v. City Of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)..................…..6

*City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566 (Tex. 2018)........4

*Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex. 1968)............................6

*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) .................................... 7

*Depoyster v. Baker*, 89 Tex. 155, 34 S.W. 106, 107 (Tex. 1896)...................…..6

*Hoot v. Brewer*, 640 S.W.2d 758, 761 (Tex. App. 1982, orig. proceeding).............6

*In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013)….........3

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) .......................7

*Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) ............................7

*Walker v. Packer*, 827 S.W.2d 833, 839–844 (Tex. 1992)...........................................7

*Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682 (Tex. 1956)......................6

### Texas Appellate Courts

*Austin v. Save Our Springs Coalition (hereinafter "SOS")*, 828 S.W.2d 340, (Tex. App. Austin 1992) ……………………………………………………………………6, 7

*Blanchard v. Fulbright*, 633 S.W.2d 617 (Tex. App. Houston 14th Dist. 1982...........6

*El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex.App.-Corpus Christi 1987, no writ) ........................................................................................................... 3

*In re Spiritas Ranch Enters., L.L.P.*, 218 S.W.3d 887 (Tex. App. Fort Worth 2007).....6

*Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex. 1975).............................6

*Perales v. Riviera*, 13-03-002-CV, 2003 WL 21705740 (Tex. App. July 24, 2003) ……………………………………………………………………………………4

*Taxpayers Political Action Committee, et al v. City of Houston, et al*, 596 S.W.2d 147 (Tex. Civ. App.-Houston [14th Dist.] 1979, no writ)………………………………6

## RULES

Tex. R. App. P. §24.400(a)……………………………………………………………1

Tex. R. App. P. §24.1(f)……………………………………………………………2, 4, 6

## CODES

TEX. GOV'T CODE § 22.220, 22.221………………………………………………4

**Exhibit "G"**

## **APPENDICES**

ITEM 1     Travis County Clerk Receipt #00303, Travis County Clerk
Receipt Receipt #15351

ITEM 2     Travis County Clerk Receipt Receipt #15358

ITEM 3     Supreme Court Advisory Committee minutes, Nov. 18, 1994,
p. 3782-3832, noting especially page 3793-3794.

ITEM 4     Request for Writ of Supersedeas, as filed 9-21-2020

ITEM 5     Receipt for efiling of Request for Supersedeas, 9-22-2020

ITEM 6     Declaration of Madeleine Connor, 9-22-2020

ITEM 7     Declaration of David Rogers, 9-22-2020

**Exhibit "G"**

No. _____

## IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS

### MADELEINE CONNOR, Relator

Original Proceeding from the Travis County District Clerk.

Velva Price, District Clerk of Travis County

### RELATORS EMERGENCY PETITION FOR WRIT OF MANDAMUS and EMERGENCY MOTION FOR ISSUANCE OF WRIT OF SUPERSEDEAS

Relator, MADELEINE CONNOR submits this Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ complaining of the Honorable Velva Price, District Clerk of Travis County, Texas.

David Rogers, of the Law Office of David Rogers, attorney for Relator CONNOR, pursuant to Tex. R. App. P. §24.400(a). and the Third Court of Appeals Local Rules and procedures, file their Opposed Motion for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas.

### STATEMENT OF THE CASE

1.     Relator respectfully seeks relief based on exceptional circumstances and the significant timing issues in issuing a writ of supersedeas after a

1

**Exhibit "G"**

purported final judgment order in Travis County Court, wherein Petitioner's request for a supersedeas writ under Tex. R. App. P. 24.1(f) was improperly denied by the Hon. Travis County District Clerk—despite Petitioner's payment of the entire amount of the purported judgment into the registry of the court—resulting in the improper sale of Petitioner's non-exempt real property on September 1, 2020, by the Hon. Travis County Precinct 3 Constable.

2.     On August 27 and September 1, 2020 Madeleine Connor deposited checks payable to the clerk drawn on a federally insured bank in lieu of bond for more than the full amount required to supersede the orders complained of by Texas Municipal League Intergovernmental Risk Pool, alleged subrogees to a special district's board members, defendants.  The receipts for those payments are attached hereto. (Appendix A, Receipt #00303, Appendix B, Receipt #15358).  The payment on August 27, 2020, was tendered by cashier's check.  The payment made on September 1, 2020, before the improper sale, was made by personal check which was fully funded and cleared, satisfying TRAP 24.

3.     The amount of the deposits was, as required by Tex. R. App. P. 24.2(a)(1), equal to or greater than the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal,

**Exhibit "G"**

and costs awarded in the judgment.  Despite these fully funded deposits, no writ of supersedeas was issued on September 1, 2020, and a Constable's sale of Connor's real estate, located at 6304 Whitemarsh Valley Walk, Austin, Texas, 78746, Travis County, was unlawfully conducted by a deputy of Travis County Constable #3.  The remaining execution has not been finalized.  On Monday, September 21, 2020, Connor requested the clerk's office issue a writ of supersedeas, in accordance with TRAP Rule 24.1(f), which requires that, once those payments are made, "[i]f execution has been issued, the clerk will promptly issue a writ of supersedeas."

4.     The District Clerk's office has refused to promptly issue the writ of supersedeas, and as a result, Execution is continuing on an incorrectly abstracted judgment.  "Because attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment," they are not properly required for supersedeas to issue.  *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013). Nonetheless, Connor has at this time paid the entire amount, including attorney's fees, costs, and interest, of the judgment against her to the District Clerk, for the purpose of obtaining a writ of supersedeas.

5.     Now, Relator faces imminent irreparable injury[1] from losing possession of her real estate as a result of the District Clerk's failure to perform her ministerial duty, even though the entire amount has been paid to the Clerk's office.  Accordingly, Relator requests the petition for writ of mandamus to order the Clerk issue the writ of supersedeas in order to preserve the status quo.

6.     This court has a duty to mandamus the Clerk to issue of the writ of supersedeas.  Such issuance of the writ is a non-discretionary ministerial act. *City of Houston v. Hous. Mun. Emps. Pension Sys., 549 S.W.3d 566, 577 (Tex. 2018)* ("Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." (internal quotations omitted)).

7.     Moreover, issuance of the mandamus and the writ of supersedeas at this time will be effective, but if the Court delays, execution will be completed and the writ of supersedeas moot.  The Supreme Court advisory committee on the predecessor to TRAP 24.1 considered exactly this situation and concluded that supersedeas should issue and stop all execution and related action. (*See* Appendix C).

---

[1] "[E]very piece of real estate is unique, and if foreclosure were allowed before a full determination of the underlying claims, appellees would be irreparably harmed." *Perales v. Riviera,* 13-03-002-CV, 2003 WL 21705740 (Tex. App. July 24, 2003) citing *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex.App.-Corpus Christi 1987, no writ).

**Exhibit "G"**

## STATEMENT OF JURISDICTION

8.     Jurisdiction in this mandamus action is mandatory and exclusive in the Texas Third Court of Appeal. TEX. GOV'T CODE § 22.220, 22.221.

## ISSUE PRESENTED

9.     Did the District Court abuse its discretion by refusing to set a bond and failing to give the Relator an opportunity to supersede judgment of a forcible detainer case pending appeal?

## ARGUMENT

10.     Relator is facing an impossible position with no adequate remedy at law.  Relator has made every reasonable effort in order to have the county court set a supersedeas bond.  When a District Clerk fails to issue a writ of supersedeas pursuant to payment of the TRAP 24.1 required fees, Relator has no opportunity to avoid further execution.

11.     Relator should not lose her property after paying the full amount required by statute to supersede the trial court's judgment because the District Clerk refuses to exercise her mandatory ministerial duty.

**Exhibit "G"**

## Mandamus is appropriate relief

12.   A writ of mandamus is an extraordinary remedy and will issue only to compel a public official to perform a ministerial act.[2] An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.[3] Generally speaking, mandamus will lie only where the duty to act is clear and there is no disputed issue of fact.[4]

13.   This case satisfies all requirements.

14.   Before such a writ will issue, a party must have demanded performance of the act and the public official must have refused to perform.[5] The writ will not issue to review or control the action of a public officer in a matter involving discretion.[6]   Mandamus relief is proper only to correct a

---

[2] *Austin v. Save Our Springs Coalition (hereinafter "SOS")*, 828 S.W.2d 340, 342-343 (Tex. App. Austin 1992)(citing *Anderson V. City Of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991); *Womack V. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682 (Tex. 1956).
[3] Save Our Springs, id. (citing *Depoyster v. Baker*, 89 Tex. 155, 34 S.W. 106, 107 (Tex. 1896); *Hoot v. Brewer*, 640 S.W.2d 758, 761 (Tex. App. 1982, orig. proceeding); *Anderson*, 806 S.W.2d at 793).
[4] *Blanchard v. Fulbright*, 633 S.W.2d 617, 621 (Tex. App. Houston 14th Dist. 1982)(citing *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex. 1968); *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex. 1975); *Taxpayers Political Action Committee, et al v. City of Houston, et al*, 596 S.W.2d 147 (Tex. Civ. App.-Houston [14th Dist.] 1979, no writ).
[5] SOS, Id. (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)).
[6] SOS, Id. (citing *Womack*, at 682).

*Connor – Writ of Mandamus and Emergency Motion to Issue Writ*                    6

**Exhibit "G"**

clear abuse of discretion when there is no adequate remedy by appeal.[7]

15.     Because ***mandamus*** is an "extraordinary remedy," it is available only in limited circumstances when necessary to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law" [*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)); *see also Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997); *Walker v. Packer*, 827 S.W.2d 833, 839–844 (Tex. 1992)].

16.     The trial court has abused its discretion by not promptly issuing a writ of supersedeas bond after the payment was made as required by TEX. R. APP. PRO. 24.1(f).  The District Clerk refused to issue the writ when orally requested on September 1, 2020, when requested orally on September 18, 2020, and when requested in writing and orally on September 21, 2020. The Clerk has not issued the writ after Relator efiled a letter requesting the writ be issued, and the Clerk has not indicated when she plans to follow her ministerial duty.  This independent abuse of discretion has deprived Relator of an adequate remedy at law.  Relator has no remedy at law to supersede the trial court judgment.

---

[7] *In re Spiritas Ranch Enters., L.L.P.,* 218 S.W.3d 887, 894-895 (Tex. App. Fort Worth 2007)(citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

**Exhibit "G"**

**Mandamus is an available and required remedy because there is no adequate remedy by appeal**

17.     Failing to issue supersedeas bond is more detrimental, because when the court refuses to set a bond, neither party has been adequately informed of the terms on which the underlying judgment may be superseded pending appeal.

18.     Now, Relator face imminent irreparable injury from losing her real property *instantur* as a result of the District Clerk's abuse of discretion. Accordingly, the petition for mandamus and issuance of the writ of supersedeas  is the only adequate remedy available to Relator.

<u>Prayer</u>

19.     Realtor respectfully request this Court rule on this motion by September 23, because the circumstances involve an emergency. Realtor request that this Court grant their petition for mandamus and emergency motion to issue the writ of supersedeas.

**Respectfully submitted,**

<u>/s/ David Rogers</u>
David Rogers
Texas Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Telephone: 512-923-1836
Fax: 512-685-1144

**Exhibit "G"**

## <u>CERTIFICATE OF NOTICE & SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion was served by the Court's online filing system on this the 22nd day of September, 2020, to:

SCOTT M. TSCHIRHART
State Bar No. 24013655
Scott.Tschirhart@rampage-aus.com
SMTschirhart@rampagelaw.com
2500 W. William Cannon Drive, Suite 609
Austin , Texas 78745
(512) 279-6431
Fax: (512) 279-6438
LOWELL F. DENTON
State Bar No. 05764700
lowell.denton@rampage-sa.com
LFDenton@rampagelaw.com

Attorney for Appellee / Real Party in Interest

David Escamilla
Travis County Attorney
314 West 11th Street, Room 300
Austin, TX 78701
PO Box 1748
Austin, TX 78767
(512) 854-9415
Fax: (512) 854-9316
Attorney for HON. VELVA PRICE


_/s/ David Rogers_____
**David Rogers**

**Exhibit "G"**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 1,592 words.

*/s/ David Rogers*

David Rogers
Texas Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Telephone: 512-923-1836
Fax: 512-685-1144

ACCEPTED
03-20-00467-CV
46542359
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/24/2020 2:05 PM
JEFFREY D. KYLE
CLERK

## No. 03-20-00467-CV

# IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS

---

## MADELEINE CONNOR, Relator

---

Original Proceeding from the Travis County District Clerk.

Velva Price, District Clerk of Travis County

---

## RELATOR'S EMERGENCY MOTION FOR STAY PENDING MANDAMUS PROCEEDING

---

David Rogers
Texas Bar No. 24014089
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Firm@DARogersLaw.com
Telephone: 512-923-1836
Fax: 512-685-1144

ATTORNEY FOR RELATOR, MADELEINE CONNOR

**Exhibit "H"**

**COMES NOW,** Relator, MADELEINE CONNOR and submits this motion for stay during the pendency of her request for an Emergency Writ of Mandamus.

Relator requests that the Court issue a temporary stay of the collection and perfection proceedings to preserve the status quo pending this Court's decision on the writ of mandamus.

An appellate court may grant "any just relief pending the court's action on" a mandamus petition, including a stay of all underlying proceedings in the trial court. *See* Tex. R. App. P. 52.10(a)-(b). A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court. *In re Martinez*, 77 S.W.3d 462, 464 (Tex. App.—Corpus Christi 2002, orig. proceeding); *see also Oryx Capital Int'l, Inc. v. Sage Apartments, L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.) ("When this Court stayed all proceedings in the trial court, the parties and the trial court were ordered to take no further action on the case until they received further orders from this court or we resolved the [interlocutory] appeal."). Parties in the trial court must comply with orders of the appellate court. *Oryx Capital Int'l*, 167 S.W.3d at 438.

**Exhibit "H"**

Relator brought this original proceeding on September 22, 2020, seeking relief from the Court to order the Honorable Travis County District Clerk to issue a supersedeas bond to halt the perfection of the constable's sale of Petitioner's real property under Tex. R. App. P. 24.1(f).

Relator is entitled to the ministerial relief requested because she paid the entire amount owing into the registry of the court before the sale of her real property commenced.  But, even after the sale was conducted, Petitioner was entitled to a writ of supersedes from the clerk based on the full payment of the purported judgment—even after execution had commenced.  *See id.*

It is undisputed that the entire amount is currently—and still is pending—in the form of cash in the registry of the court.  *See* attached Exhibit A, showing filing requesting issuance of writ by District Clerk still pending.. Once the cash was deposited by clearance of her instruments, Relator was entitled to issuance of the writ of supersedeas without delay.   However, Relator's request to issue the writ was not acted upon by the clerk.  The delay is causing harm to Relator, as there is no indication that the collection, recordation, and dispersion of funds has been halted, even with this Court's request for a response from the Defendants.

**Exhibit "H"**

Accordingly, Realtor respectfully requests that this Court issue a temporary stay of all collection, execution, perfection, recordation, and dispersion actions or proceedings during pendency of this original proceeding.

Respectfully submitted,

/s/ David Rogers
David Rogers
Texas Bar No. 24014089
Firm@DARogersLaw.com
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Telephone: 512-923-1836
Fax: 512-685-1144

## CERTIFICATE OF CONFERENCE

I hereby certify that I called Scott Tschirhart at 1:51 p.m. on the 24th day of September, 2020 to determine if he was opposed to the motion, and was told that he was in a meeting and unavailable.   I hereby certify that I called the office of David Escamilla at 1:57 p.m. on the 24th day of September, 2020 to determine if he was opposed to the motion, and was told that that one was available to take my call.  This motion is therefore submitted as opposed.

**Exhibit "H"**

## **CERTIFICATE OF NOTICE & SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served by the Court's online filing system on this the 24th day of September, 2020, to:

SCOTT M. TSCHIRHART
State Bar No. 24013655
Scott.Tschirhart@rampage-aus.com
SMTschirhart@rampagelaw.com
2500 W. William Cannon Drive, Suite 609
Austin , Texas 78745
(512) 279-6431
Fax: (512) 279-6438

LOWELL F. DENTON
State Bar No. 05764700
lowell.denton@rampage-sa.com
LFDenton@rampagelaw.com

Attorney for Appellees / Real Parties in Interest

David Escamilla
Travis County Attorney
314 West 11th Street, Room 300
Austin, TX 78701
PO Box 1748
Austin, TX 78767
(512) 854-9415
Fax: (512) 854-9316
Attorney for HON. VELVA PRICE

_/s/ David Rogers_____
**David Rogers**

**Exhibit "H"**



**DAVID A. ESCAMILLA**
COUNTY ATTORNEY

DAN HAMRE
FIRST ASSISTANT

SHERINE E. THOMAS†
EXECUTIVE ASSISTANT

314 W. 11ᵀᴴ, STREET
GRANGER BLDG., SUITE 500
AUSTIN, TEXAS 78701

P. O. BOX 1748
AUSTIN, TEXAS 78767

(512) 854-9513
FAX: (512) 854-4808

†MEMBER OF THE COLLEGE
OF THE STATE BAR

**LITIGATION DIVISION**

LESLIE W. DIPPEL
DIRECTOR

ANTHONY J. NELSON

LAURIE R. EISERLOH*

PATRICK M. KELLY

AMY S. YBARRA

PATRICK T. POPE

CYNTHIA W. VEIDT

*BOARD CERTIFIED-LABOR & EMPLOYMENT
LAW AND PERSONAL INJURY TRIAL LAW-
TEXAS BOARD OF LEGAL SPECIALIZATION

September 25, 2020

<u>Via Electronic Filing</u>
Jeffrey D. Kyle, Clerk of the Court
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

Re:     **Velva Price's Letter Response to Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Writ of Supersedeas**; Case No. 03-20-00467-CV; *In re Madeleine Connor*; In the Third Court f Appeals, Austin, Texas

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

VELVA PRICE, in her capacity as Travis County District Clerk files this Letter Brief in response to Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas.

<u>Relevant Factual Background and Procedural History</u>

The District Clerk takes no substantive position on the petition for mandamus; rather, she provides additional information regarding the factual background and procedural history of this case to assist the Court in considering Relator's petition.

This matter arises from the sale of Relator's non-exempt real property located in Travis County, Texas pursuant to a writ of execution (the "Writ of Execution") the District Clerk's Office issued to the Real Parties in Interest on June 24, 2020. The Writ of Execution was based upon two judgments: (1) an order entered on January 27, 2020 in the Western District of Texas—Austin Division, Cause No. 1:17-CV-00827-RP ("Federal Court Judgment"); and, (2) an order

**Exhibit "I"**

entered on June 23, 2017 in Travis County District Court, D-1-GN-15-003714 (the "State Court Judgment"). A true and correct copy of the Writ of Execution is attached hereto as **Exhibit 1**.

On August 27, 2020, Relator filed a document titled "Supersedeas" in Cause No. D-1-GN-15-003714. On August 28, 2020, Relator delivered a certified check in the amount of $30,000.00 to the District Clerk's Office. The District Clerk's Office issued a receipt for that amount but did not issue a writ of supersedeas at that time. Relator's initial deposit failed to include all amounts required under Rule 24.2(a)(1) of the Texas Rules of Appellate Procedure to supersede the two judgments made the basis of the Writ of Execution.

Next, via email on September 1, 2020 at 8:25 a.m. (the morning of the 10:00 a.m. execution sale) Relator contacted the District Clerk's Office to inform them that the District Court denied Relator's motion to stay execution the night before. Relator informed the District Clerk's Office she would be bringing payment in the amount of $44,827.12, the remaining amount required under Rule 24.2(a)(1), for a deposit in lieu of supersedeas bond. Relator informed the District Clerk's Office she could not obtain a certified check because her bank was not open until 9:00 a.m., and she was therefore bringing a "regular check." The District Clerk's Office informed Relator she could submit a personal check rather than cash or a certified check, but the District Clerk's Office would have to wait seven days until her personal check cleared the account before issuing a supersedeas writ.[1] A true and correct copy of these email communications, as redacted to remove privileged communications, are attached as **Exhibit 2**.

The District Clerk's Office invites clarity for the Real Parties in Interest regarding the issuance of a writ of supersedeas on the State Court Judgment in the ongoing dispute between Relator and the Real Parties in Interest. The District Clerk will certainly perform her duties appropriately and as directed by the Court.[2] As it stands currently, there are two primary areas of concern that have been argued by counsel for the Parties:

---

[1] *See* Tex. R. App. P. 24.1(c)(1).

[2] A court of appeals' mandamus jurisdiction over a district clerk is limited to only the extent necessary to enforce the court's jurisdiction. *See, HCA Health Servs. of Tex., Inc. v. Salinas*, 838 S.W.2d 246,248 (Tex. 1992); *In re Cervantes*, 2010 WL 1930227, at *1 (Tex. App.-Austin May 14, 2010, no pet.) (mem. op).

(1)    the appeal of the State Court Judgment was dismissed and no further appeals are available, and as a result Relator is not entitled to receive a writ of supersedeas; and

(2)    a writ of supersedeas issued after September 1, 2020, would be moot because the Constable's Writ of Execution sale occurred on September 1, 2020.

<u>Analysis</u>

Texas courts have uniformly recognized that a Court of Appeals lacks jurisdiction to issue a writ of mandamus to a district clerk when there is no appeal pending before it, particularly when the Relator's requested mandamus relief concerns a final judgment no longer subject to further appeal. *See, e.g., In re Johnson*, 2004 WL 384458 (Tex. App.—Amarillo March 2, 2004, orig. proceeding) (mem.op.) ("We agree with relator that we have jurisdiction to issue a writ of mandamus to enforce our jurisdiction ... But, such jurisdiction exists to enforce our actual, as opposed to potential, jurisdiction.") (citing *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding)).[3]

Relator voluntarily dismissed her appeal of the State Court Judgment (which the Real Parties in Interest sought to enforce through the Writ of Execution) on August 19, 2020 -- *before* Relator sought to obtain a writ of supersedeas in that matter. *See* Motion to Dismiss filed on August 19, 2020, attached as **Exhibit 3.**

Because the State Court Judgment is not the subject of any pending appeal, and has further become final and non-appealable through Relator's voluntary dismissal of her previous appeal, the District Clerk did not have authority to issue a writ of supersedeas and the District Clerk's actions or inaction will not affect this Court's jurisdiction. *See, e.g., Summit Sav. Ass'n v. Garcia*, 727 S.W.2d 106, 107 n.1 (Tex. App.—San Antonio 1987, orig. proceeding) (per curiam) (finding no jurisdiction to compel district court clerk to release funds from registry of court when no appeal was pending to invoke the court of appeals' jurisdiction); *In re Burden*, 2004 WL 1043727 at *1 n.1 (Tex. App.—Amarillo May 6, 2004, orig. proceeding) (holding that court of appeals lacked jurisdiction to issue mandamus to

---

[3] *See also In re Strickhausen*, 994 S.W.2d 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding Court of Appeals had no jurisdiction to issue writ of mandamus to district court's clerk because relator's conviction had been affirmed in a previous appeal and petition for discretionary review of that matter had been denied by Texas Court of Criminal Appeals).

**Exhibit "I"**

district clerk to enforce appellate court's jurisdiction because there was no appeal pending and relator had passed his deadline to file an appeal).

Therefore, Relator has not shown that this District Clerk has authority to issue a writ of supersedeas when there is no appeal pending and has not demonstrated that the Court has jurisdiction under Texas Government Code section 22.221 to issue a writ of mandamus to compel the District Clerk to issue a writ of supersedeas in connection with the State Court Judgment based on the procedural history of the underlying matter.

Sincerely,

Cynthia W. Veidt
Assistant County Attorney
State Bar No. 24048092
Travis County Attorney's Office

**Exhibit "I"**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2020, a true and correct copy of the above and foregoing was forwarded to all counsel and/or parties of record by electronic filing and/or electronic service to:

Jeffrey D. Kyle,
Clerk of the Court
Court of Appeals, Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

Mr. Scott M. Tschirhart
Denton Navarro Rocha Bernal & Zech. P.C.
2500 W. William Cannon Drive, Suite 609
Austin, TX 78745
Scott.Tschirhart@rampage-aus.com
SMTschirhart@rampagelaw.com
*Attorney for Real Parties in Interest*

David Rogers
LAW OFFICE OF DAVID ROGERS
595 Round Rock Drive, Suite #102
Round Rock, TX 78681
Firm@DARogersLaw.com
*Attorney for Relator*

_____
Cynthia W. Veidt
Assistant County Attorney

**Exhibit "I"**

SECOND EXECUTION

Exec. Doc. CV20    Page 111
Cause No. D-1-GN-15-003714

THE STATE OF TEXAS
County of Travis

2020 JUL -8 A 10: 17

To the Sheriff or any Constable of any County of the State of Texas - GREETING:

CONSTABLE PRECINCT 3

WHEREAS, on JUNE 26, 2017, in the District Court of the 419TH JUDICIAL DISTRICT COURT, in and for Travis County, IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

DEFENDANTS, ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH CHARLES MCCORMICK AND JANE/JOHN DOE 1, 2, 3 recovered from PLAINTIFFS, DAVID MCINTYRE AND MADELEINE CONNOR **JOINTLY AND SEVERALLY** for the sum of **TWO THOUSAND ONE HUNDRED TWENTY FOUR AND 00/100 DOLLARS ($2,124.00) PLUS $76.67 IN COSTS, $500.00 IN SANCTIONS, $15,000.00 IN ATTORNEY'S FEES FOR THE UNSUCCESSFUL APPEAL IN THE THIRTHEENTH COURT OF APPEALS, $20.00 IN COSTS FOR THE THIRTEENTH COURT OF APPEALS COSTS, $10,000.00 FOR THE TEXAS SUPREME COURT COSTS ON AN ORDER GRANTING DEFENDANTS MOTION TO DISMISS.**

AND WHEREAS ON JANUARY 27, 2020 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION DEFENDANTS, ERIC CASTRO, LEAH STEWART, AND CHARLES MCCORMICK IN CAUSE NO.1:17-cv-00827 recovered from PLAINTIFFS, DAVID MCINTYRE AND MADELEINE CONNOR for the sum of **THIRTEEN THOUSAND SIX HUNDRED THIRTY SIX 50/100 DOLLARS ($13,636.50) IN ATTORNEY'S FEES FOR APPEAL, $276.27, $58.00 IN DOUBLE COSTS IN APPEAL COSTS, $28,646.50 IN ATTORNEY'S FEES FOR DISTRICT LAWSUIT (SANCTIONS), $435.98 IN COSTS FOR DISTRICT LAWSUIT (SANCTIONS)**

THEREFORE, YOU ARE HEREBY COMMANDED to proceed without delay to levy upon property of **PLAINTIFFS', DAVID MCINTYRE AND MADELEINE CONNOR, 6203 OLYMPIC OVERLOOK AUSTIN TEXAS 78746** found within your county not exempt from execution and sell same according to law in satisfaction of said judgment, less any credits that hereinabove may be set out.

HEREIN FAIL NOT, but make due return of this execution to said District Court within **90 days** from the 24TH day of JUNE 2020, with your return thereon endorsed showing how you have executed the same.

WITNESS, VELVA L. PRICE, Clerk of the District Courts of Travis County, Texas.
Given under my hand and seal of office at Austin, Texas, this the 24TH day of JUNE, 2020.

REQUESTED BY:
SCOTT MICHEAL TSCHIRHART
2500 W WILLIAM CANNON DR STE 609
AUSTIN, TX 78745-5320
BUSINESS PHONE:(512)279-6431
FAX:(512)279-6438

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JESSICA A. -LIMON

EXHIBIT 1

- - - - - - - - - - - - - - - - **R E T U R N** -- - -- - -- - - -- - -- --

Came to hand on the  8  day of  JULY  ,  2020  at  10:17  o'clock A  M., Executed
the _____ day of _____ , _____ , at _____ o'clock ___ M. by _____

Service Fee: $  WAIVED

STACY SUITS, CONSTABLE PCT. 3, TRAVIS COUNTY, TEX

_____
Sheriff / Constable /

By: _____

_____
Printed Name of Server

_____ County, Texas

P47 - 000000899

📄 Original

Exhibit "I"

# Attorney-Client Privileged



**From:** Madeleine Connor <mgbconnor@yahoo.com>
**Sent:** Tuesday, September 1, 2020 10:04 AM
**To:** Velva Price <Velva.Price@traviscountytx.gov>
**Cc:** Michelle Parilla <Michelle.Parilla@traviscountytx.gov>; Rene Rangel
<Rene.Rangel@traviscountytx.gov>; Melanie Peterson-knueppe <Melanie.Peterson-knueppe@traviscountytx.gov>; David Nicoll <David.Nicoll@traviscountytx.gov>; Connie Jefferson
<Connie.Jefferson@traviscountytx.gov>; Daniel Smith <Daniel.Smith2@traviscountytx.gov>; Paul
Sintef <Paul.Sintef@traviscountytx.gov>; Laura Jimenez <Laura.Jimenez@traviscountytx.gov>
**Subject:** Re: [CAUTION EXTERNAL] Re: new cal D-1-GN-15-003714 SUPERSEDEAS BOND
CALCULATION SPREADSHEET 30K.xls

Ok. I have agreed to turn over all funds in the registry. Thank you.

Sent from my iPhone

On Sep 1, 2020, at 9:35 AM, Velva Price <Velva.Price@traviscountytx.gov> wrote:

Ms. Connor:  The District Clerk is prohibited from giving legal advice including the
effect of tendering funds to our office in legal matters.  I refer you to the
statement below regarding the personal check which must clear.

**Exhibit "I"**

EXHIBIT 2

Velva L. Price, Travis County District Clerk
PO Box 679003
Austin, TX  78767
512/854-9737
512/854-4744 [fax]
<image001.png>
<image004.png>


**From:** Madeleine Connor <mgbconnor@yahoo.com>
**Sent:** Tuesday, September 1, 2020 9:25 AM
**To:** Michelle Parilla <Michelle.Parilla@traviscountytx.gov>
**Cc:** Rene Rangel <Rene.Rangel@traviscountytx.gov>; Melanie Peterson-knueppe
<Melanie.Peterson-knueppe@traviscountytx.gov>; David Nicoll
<David.Nicoll@traviscountytx.gov>; Connie Jefferson
<Connie.Jefferson@traviscountytx.gov>; Velva Price <Velva.Price@traviscountytx.gov>;
Daniel Smith <Daniel.Smith2@traviscountytx.gov>; Paul Sintef
<Paul.Sintef@traviscountytx.gov>; Laura Jimenez <Laura.Jimenez@traviscountytx.gov>
**Subject:** [CAUTION EXTERNAL] Re: new cal D-1-GN-15-003714 SUPERSEDEAS BOND
CALCULATION SPREADSHEET 30K.xls

**CAUTION:** This email is from OUTSIDE Travis County. Links or attachments
may be dangerous. Click the Phish Alert button above if you think this email is
malicious.

Please tell the constable to halt the sale. The clerk has taken my check
<image003.jpg>
Sent from my iPhone


On Sep 1, 2020, at 9:13 AM, Michelle Parilla
<Michelle.Parilla@traviscountytx.gov> wrote:


Ms. Connor,

Here is the updated spreadsheet based on the conversation I had with you.
Please note, this take into account what you communicated to me early this
morning.  Your funds will be accepted by personal check but we must wait 7
days for the check to clear with our county depository before a bond can be
issued.

Thanks,

Michelle Parilla


**Exhibit "I"**

Financial Analyst Lead
Travis County District Clerk's Office
512-854-4250

---

This electronic mail message, including any attachments, may be confidential or privileged under applicable law. This email is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this email, you are notified that any use, dissemination, distribution, copying, disclosure or any other action taken in relation to the content of this email including any attachments is strictly prohibited. If you have received this email in error, please notify the sender immediately and permanently delete the original and any copy of this email, including secure destruction of any printouts.
<new cal D-1-GN-15-003714 SUPERSEDEAS BOND CALCULATION SPREADSHEET 30K.xls>

**Exhibit "I"**

No. 03-20-00366-CV

**In The Third Court of Appeals**

MADELEINE CONNOR,
Appellant
v.
ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART
AND CHUCK McCORMICK,
Appellees.

Appeal from Cause No. D-1-GN-15-003714,
419th District Court, Travis County; W.C. KIRKENDALL, Presiding

**VOLUNTARY DISMISSAL OF APPEAL**

TO THE HONORABLE THIRD COURT OF APPEALS:

NOW COMES Appellant Madeleine Connor, and, in accordance with Texas

Rule of Appellate Procedure 42.1(a)(1), voluntarily dismisses this appeal.

Wherefore, Appellant respectfully requests the Court enter an order

dismissing the appeal.

Respectfully submitted,

_____/s/ David Rogers_____
David A. Rogers
Texas Bar No. 24014089
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681
Firm@DARogersLaw.com
Tel.  (512) 923-1836
Fax  (512) 685-1144
**Attorney for Appellant**

Exhibit "I"

EXHIBIT 3

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), because it contains 38 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1), typed in Microsoft Word for Mac, version 16.40, Baskerville 14 point font.

_____/s/ David Rogers_____

David A. Rogers

**Attorney for Appellant Madeleine Connor**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing was served in accordance with Tex. R. App. P. 6.3(b), 9.5 on the following counsel of record via the court's electronic filing system on August 19, 2020.

DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 Facsimile
Scott M. Tschirhart
State Bar No. 24013655
Lowell F. Denton
State Bar No. 05764700
smtschirha1i@rampagela w .com
lfdenton@rampagelaw.com (214) 740-8800 (fax)

_____/s/ David Rogers_____

David Rogers

**Attorney for Appellant Connor**

**Exhibit "I"**

ACCEPTED
03-20-00467-CV
46566476
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/25/2020 9:20 AM
JEFFREY D. KYLE
CLERK

# CAUSE NO. 03-20-00467-CV
\*\*\*
# IN THE COURT OF APPEALS
# THIRD COURT OF APPEALS DISTRICT
# AUSTIN, TEXAS
\*\*\*
# IN RE MADELEINE CONNOR,
**Relator**

---

## Original Proceeding from the Travis County District Clerk, Velva Price, District Clerk of Travis County

---

## Real Party in Interest's Response to Relator's Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas

---

**DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.**
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 Facsimile
Scott M. Tschirhart
State Bar No. 24013655
Lowell F. Denton
State Bar No. 05764700
smtschirhart@rampagelaw.com
lfdenton@rampagelaw.com

*ATTORNEYS FOR REAL PARTY*
*TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK*
*POOL by and through former Defendants ERIC CASTRO,*
*NANCY NAEVE, GARY SERTICH, LEAH STEWART, and*
*CHARLES McCORMICK*

**Exhibit "J"**

## IDENTITY OF PARTIES AND COUNSEL

Relator:            **MADELEINE CONNOR**

Counsel:            David Rogers
                    State Bar No.: 24014089
                    LAW OFFICE OF DAVID ROGERS
                    595 Round Rock Drive, Suite #102
                    Round Rock, Texas 78681
                    (512) 923-1836
                    (512) 685-1144 (Fax)
                    Firm@DARogersLaw.com

Respondent:         **HON. VELVA PRICE**
                    **TRAVIS COUNTY DISTRICT CLERK**

Counsel:            David A. Escamilla
                    State Bar No.: 06662300
                    TRAVIS COUNTY ATTORNEY'S OFFICE
                    314 West 11th Street, Room 300
                    P.O. Box 1748 (78767)
                    Austin, Texas 78701
                    (512) 854-9415
                    (512) 854-9316 (Fax)
                    david.escamilla@traviscountytx.gov

ii

**Exhibit "J"**

Party in Interest:   **TEXAS   MUNICIPAL   LEAGUE   INTERGOVERN-
MENTAL RISK POOL by and through former Defendants
ERIC   CASTRO,   NANCY   NAEVE,   GARY   SERTICH,
LEAH STEWART, and CHARLES McCORMICK**

Counsel:             Scott M. Tschirhart
                     State Bar No.: 24013655
                     Lowell F. Denton
                     State Bar No.: 05764700
                     DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
                     2500 W. William Cannon Drive, Suite 609
                     Austin, Texas 78745
                     (512) 279-6431
                     (512) 279-6438 (Fax)
                     smtschirhart@rampagelaw.com
                     lfdenton@rampagelaw.com

**Exhibit "J"**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ....................................................................................... iv

TABLE OF AUTHORITIES .................................................................................. v

STATEMENT OF ISSUE....................................................................................... vii

STATEMENT OF JURISDICTION....................................................................... vii

STATEMENT OF RECORD REFERENCES ....................................................... vii

STATEMENT OF FACTS ..................................................................................... 1

    Procedural History of the State Court Judgment. ............................................... 1

    Procedural History of the Federal Court Judgment. ........................................... 2

    Post-Judgment Proceedings. .............................................................................. 3

ARGUMENTS....................................................................................................... 4

    This Court Lacks Original Mandamus Jurisdiction............................................ 5

    Plaintiff's Requested Claim for Relief is Moot. ................................................ 7

    No Appeal Upon Which to Base a Supersedeas Under Rule 24. ........................ 9

    This Court Lacks Jurisdiction to Issue a Writ of Supersedeas. ......................... 11

PRAYER................................................................................................................ 12

CERTIFICATION ................................................................................................. 13

CERTIFICATE OF COMPLIANCE...................................................................... 13

CERTIFICATE OF SERVICE .............................................................................. 13

**Exhibit "J"**

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Roy*, 146 S.W.2d 1023 (Tex. Civ. App.--Waco1941, no writ history) ............................................................................................9

*Brown v. Fleming*, 212 S.W. 483 (Tex. 1919) .............................................8

*Cruz v. Sanchez*, 474 S.W.3d 451 (Tex. App.—El Paso 2015, opinion on motion) ............................................................................................10

*Easton v. Franks*, 842 S.W.2d 772 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ................................................................ 6, 7, 11

*Estate Land Co. v. Wiese*, 546 S.W.3d 322 (Tex. App.—Fort Worth 2017, pet. denied) .........................................................................8

*Garner v. Gately*, 909 S.W.2d 61 (Tex. App.--Waco 1995, orig. proceeding) ............5

*In re Emmett*, No. 10-11-00401-CV, 2011 WL 5221274 (Tex. App.--Waco Nov. 2, 2011, orig. proceeding) .............................................................5

*In re Johnson*, No. 09-19-00249-CR, 2019 WL 3938001 (Tex. App.— Beaumont, Aug. 21, 2019, orig. proceeding).............................................5

*In re Jones*, No. 01-20-00058-CR, 2020 WL 1681177 (Tex. App.—Houston [1st Dist.] Apr. 7, 2020, orig. proceeding).................................................5

*In re Jones*, No. 06-03-00061-CV, 2003 WL 1985247 (Tex. App.— Texarkana, Apr. 30, 2003, orig. proceeding)............................................6

*Johnson v. Lynaugh*, 789 S.W.2d 704 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) ................................................................5

*Kantor v. Herald Pub. Co.*, 632 S.W.2d 656 (Tex. App.--Tyler 1982, opinion on motion).......................................................................10

*Panos v. Foley Bros. Dry Goods Co.*, 198 S.W.2d 494 (Tex. Civ. App.-- Galveston 1946, no writ history) ....................................................7

*Renger v. Jeffrey*, 143 Tex. 73, 182 S.W.2d 701 (1944)............................10

**Exhibit "J"**

*Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488 (Tex. App.--Texarkana 1998, pet. denied) ..................................................................................................10

*Vondy v. Commissioners Court of Uvalde Cty.*, 620 S.W.2d 104 (Tex. 1981) ........................................................................................................................5

*Whitesides v. Wood*, 210 S.W. 333 (Tex. Civ. App.—Austin 1919) ...........................9

**Rules**

Fed. R. Civ. P. 62 ......................................................................................................11

Tex. R. App. P. 24 ...............................................................................................9, 10

Tex. R. App. P. 24.1 ...........................................................................................2, 5, 9

**Statutes**

Tex. Gov't Code § 22.221.................................................................................6, 7, 11

**Other Authorities**

Tex. Const. art. V, § 6 ..........................................................................................6, 11

**Exhibit "J"**

## STATEMENT OF ISSUE

Real Party in Interest contends that this Honorable Court lacks jurisdiction to consider Relator's claims.

## STATEMENT OF JURISDICTION

This Honorable Court lacks original mandamus jurisdiction over Respondent. *See* Texas Government Code § 22.221.  Relator has not referenced, and Real Party in Interest cannot find, any statute or other authority that would allow this Honorable Court to issue a writ of supersedeas.

## STATEMENT OF RECORD REFERENCES

Relator, MADELEINE CONNOR, has not filed a mandamus record[1] nor did she certify in her Petition that she had reviewed the petition and concluded that every factual statement in the petition is supported by competent evidenced included in the appendix pursuant to Texas Rules of Appellant Procedure 52.3(j).

Contemporaneous with the filing of this Response, the Real Party in Interest is filing a sworn Mandamus Record pursuant to Texas Rules of Appellate Procedure 52.7(b).  The Real Party in Interest refers to an item in the Mandamus Record by the tab number, then MR, and Bates-stamped page number (#MR####-####).

---

[1] Texas Rule of Appellate Procedure 52.7(a) requires a relator to file with the petition a record containing a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding, and a transcript of relevant testimony and exhibits.

**Exhibit "J"**

**TO THE HONORABLE THIRD COURT OF APPEALS:**

The Real Party in Interest, TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL by and through former Defendants ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART, and CHARLES McCORMICK ("Real Party in Interest") file this Response to Relator's *Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas* ("Emergency Petition").

## STATEMENT OF FACTS

**Procedural History of the State Court Judgment.**

On June 23, 2017, the Honorable Travis County District Judge Karin Crump issued an Order granting the Defendants' motion (thus dismissing all of Relator's state law claims) and granting the attorneys' fees and sanctions sought to be recovered in this post-judgment action.   A true and correct copy of the Order is attached as 1MR0001-0003."

Relator appealed to the Third Court of Appeals.   The appeal was then transferred to the Thirteenth Court of Appeals.   After briefs were submitted and the Honorable Justice Nora L. Longoria issued the Court's *Memorandum Opinion* affirming the trial court's judgment on September 6, 2018.   A true and correct copy of the Court's *Memorandum Opinion* is attached as 2MR0004-0021.   A cursory examination of the *Memorandum Opinion* demonstrates that Relator appealed the

**Exhibit "J"**

dismissal of all of her state law claims, including the award of sanctions, and that each claim was considered and disposed of by the Court of Appeals.

On November 26, 2018, Relator filed her *Petition for Review* with the Supreme Court of Texas. The Petition was denied on January 11, 2019 and the Motion to Reconsider was denied on March 8, 2019. A true and correct copy of the Order from the Texas Supreme Court is attached as 3MR0022.

Relator appealed to the United States Supreme Court but failed to timely file her pleadings. A true and correct copy of the Docket Sheet from the United States Supreme Court is attached as 4MR0023.

Relator thus exhausted all appeals and was unsuccessful at each stage, making Judge Crump's June 23, 2017's Order final. A true and correct copy of the Mandate issued by the Thirteenth Court of Appeals is attached as 5MR0024. Having exhausted all appeals, Judge Crump's award of sanctions is no longer appealable or, in this case, subject to supersedeas pending an appeal under Texas Rule of Appellate Procedure 24.1.

**Procedural History of the Federal Court Judgment.**

On January 27, 2020, the Honorable United States District Court Judge Robert Pitman issued an Order awarding sanctions against Respondent for her conduct before the Court and for filing a frivolous appeal to the Federal Court of Appeals for

2

**Exhibit "J"**

the Fifth Circuit.  A true and correct copy of the Order is attached as 6MR0025-0045.

**Post-Judgment Proceedings.**

On December 2, 2019, an *Abstract of Judgment* for the state court judgment was recorded with the Travis County Clerk's Office.  A true and correct copy of the *Abstract of Judgment* is attached as 7MR0046-0047.

On February 10, 2020, a certified copy of the federal court judgment was recorded with the Travis County Clerk's Office.  A true and correct copy of the *Order* is attached as 8MR0048-0068.

On February 26, 2020, the Real Party in Interest requested a Writ of Execution on Relator from Respondent for an award of $70,773.92[2].  This included the amounts awarded by Judge Crump and by Judge Pitman.

On June 5, 2020, the Real Party in Interest requested the re-issuance of the Writ of Execution.  A true and correct copy of the Writ of Execution is attached as 9MR0069-0070.  It was subsequently served on Relator.  Publication of the upcoming sale was arranged.  A true and correct copy of the Publisher's Affidavit is attached as 10MR071.

---

[2] Service was requested but due to the COVID-19 pandemic the Travis County Constable, Pct. 3 was unable to serve the Writ prior to its expiration.

**Exhibit "J"**

On August 31, 2020, Relator petitioned the Travis County District Court to stay the execution on her property.  That same day, the Honorable Judge Gary D. Harger denied Relator's Petition.  A true and correct copy of the *Order Denying Motion for Stay of Execution* is attached as 11MR0072.

On September 1, 2020, Relator petitioned the United States District Court to stay the execution on her property, and the Honorable Judge Pitman denied her request.   A true and correct copy of the *Order* is attached as 12MR0073.

On September 1, 2020, a Sheriff's Sale was held, and the Relator's property was sold.  *See Relator's Emergency Petition*, ¶ 1 and Appendix 6.  Once the sale occurred, Relator's efforts to enjoin the sale became moot.

## ARGUMENTS

Relator argues that the District Court abused its discretion by refusing to set a bond and failing to give her an opportunity to supersede judgment of a forcible detainer case pending appeal.

Real Party in interest would show that this Honorable Court lacks jurisdiction to consider Relator's petition for writ of mandamus as the District Clerk is not among the parties for which the Legislature has given this Court original mandamus jurisdiction.

**Exhibit "J"**

Real Party in Interest would show that the sale has already occurred, and the relief sought by Relator and this Honorable Court lacks subject matter jurisdiction because of the mootness of Relator's claims.

Real Party in Interest would show that there is no appeal upon which to base a supersedeas under Texas Rules of Appellate Procedure 24.1.  The state court judgment is final and not subject to appeal.   The federal court judgment may only be superseded by order of the United States District Court.

**This Court Lacks Original Mandamus Jurisdiction.**

This Honorable Court lacks original mandamus jurisdiction over Respondent. This Court's mandamus jurisdiction is limited to "(1) writs against a district judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction." *In re Emmett*, No. 10-11-00401-CV, 2011 WL 5221274, at *1 (Tex. App.--Waco Nov. 2, 2011, orig. proceeding); *see also Vondy v. Commissioners Court of Uvalde Cty.*, 620 S.W.2d 104, 109 (Tex. 1981); *Garner v. Gately*, 909 S.W.2d 61, 62 (Tex. App.--Waco 1995, orig. proceeding); *Johnson v. Lynaugh*, 789 S.W.2d 704, 706 (Tex. App.—Houston [1st Dist.] 1990, original proceeding); *In re Jones*, No. 01-20-00058-CR, 2020 WL 1681177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 7, 2020, orig. proceeding); *In re Johnson*, No. 09-19-00249-CR, 2019 WL 3938001, at *1 (Tex. App.—Beaumont, Aug. 21, 2019,

5

**Exhibit "J"**

orig. proceeding); *In re Jones*, No. 06-03-00061-CV, 2003 WL 1985247, at *1 (Tex.

App.—Texarkana, Apr. 30, 2003, orig. proceeding).

The jurisdiction of Courts of Appeals is defined by Article V, section 6 of the

Texas Constitution:

> [The] Court of Appeals shall have appellate jurisdiction co-extensive
> with the limits of their respective districts, which shall extend to all
> cases of which the District Courts or County Courts have original or
> appellate jurisdiction, under such restrictions and regulations as may be
> prescribed by law.... Said courts shall have such other jurisdiction,
> original and appellate, as may be prescribed by law.

*Easton v. Franks*, 842 S.W.2d 772, 773 (Tex. App.—Houston [1st Dist.] 1992, orig.

proceeding).

The Texas Legislature limited the particular classes of persons that Courts of

Appeals could issue mandamus against.  Section 22.221 of the Texas Government

Code states:

> (b) Each court of appeals for a court of appeals district may issue all
> writs of mandamus, agreeable to the principles of law regulating those
> writs, against:
> (1) a judge of a district, statutory county, statutory probate county, or
> county court in the court of appeals district;
> (2) a judge of a district court who is acting as a magistrate at a court of
> inquiry under Chapter 52, Code of Criminal Procedure, in the court of
> appeals district; or
> (3) an associate judge of a district or county court appointed by a judge
> under Chapter 201, Family Code, in the court of appeals district for the
> judge who appointed the associate judge.

6

**Exhibit "J"**

Tex. Gov't Code § 22.221.  A Court of Appeals may also issue a writ of mandamus to protect its jurisdiction.  "This Court's power to issue a writ of mandamus under section 22.221(a) is not an issue because relator does not contend that the respondent has interfered with this Court's jurisdiction." *Easton*, 842 S.W.2d at 773.

The Travis County District Clerk is not among the persons included within the original mandamus jurisdiction of this Honorable Court.

The Court should dismiss Relator's *Emergency Petition for Writ of Mandamus* for lack of subject matter jurisdiction.

Relator has not referenced, and Real Party in Interest cannot find, any statute or other authority that would allow this Honorable Court to issue a writ of supersedeas.

The Court should likewise dismiss Relator's *Emergency Motion for Issuance of Writ of Supersedeas* for lack of subject matter jurisdiction.

**Plaintiff's Requested Claim for Relief is Moot**.

Relator judicially admits that the sale of her property occurred on September 1, 2020.  *See Emergency Petition*, ¶ 1 and Appendix 6.

"Courts of equity would not do so vain a thing as to order an act not to be done, which it was known had already been done." *Panos v. Foley Bros. Dry Goods Co.*, 198 S.W.2d 494, 495 (Tex. Civ. App.--Galveston 1946, no writ history). Relator asks this Court for relief when the subject matter of the relief is no longer

**Exhibit "J"**

available.  Relator's property has already been sold and once the sale was completed,

her request for relief became moot.

> "A case becomes moot if a controversy ceases to exist at any stage of
> the proceedings, including the appeal." *In re Kellogg Brown & Root,*
> *Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Aaron v.*
> *Aaron*, No. 14-10-00765-CV, 2012 WL 273766, at *5 (Tex. App.—
> Houston [14th Dist.] Jan. 31, 2012, no pet.) (mem. op.). Appellate
> courts lack jurisdiction to decide moot controversies and render
> advisory opinions. *See Nat'l Collegiate Athletic Assoc. v. Jones*, 1
> S.W.3d 83, 86 (Tex. 1999); *In re H & R Block Fin. Advisors, Inc*., 262
> S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig.
> proceeding). The mootness doctrine implicates a court's subject matter
> jurisdiction, which "is essential to a court's power to decide a case." *See*
> *State v. Naylor*, 466 S.W.3d 783, 791–92 (Tex. 2015). Because
> appellants did not seek an emergency stay, supersedeas bond, or
> otherwise suspend the enforcement of the trial court's post-judgment
> orders, the sale of the property at issue was completed and, as such, the
> issues in this case must be dismissed as moot. *See, e.g., Bass v. Bass*,
> No. 05-15-01362-CV, 2016 WL 1703007, at *1 (Tex. App.—Dallas
> Apr. 27, 2016) (mem. op.) ("Because the property that was the subject
> of the appealed interlocutory order appointing a receiver has been sold,
> the appeal from that order is now moot."); *Aaron*, 2012 WL 273766, at
> *5 (parties sold property while appeal pending rendering issues moot);
> *Taylor v. Hill*, 249 S.W.3d 618, 624 (Tex. App.—Austin 2008, pet.
> denied) (in a partition suit the terms of an order confirming sale must
> be appealed—if at all—after its issuance, before the property is sold)
> (citing *Long,* 137 S.W.3d at 926); *Shaw v. Allied Fin. Co.*, 319 S.W.2d
> 820, 821–22 (Tex. Civ. App.—Fort Worth 1958, no writ history)
> (dismissed appeal as moot where receiver sold property and no
> supersedeas bond filed or "stay" order sought); *State v. Jackson*, 101
> S.W.2d 346, 347 (Tex. Civ. App.—Austin 1937, no writ history)
> (appeal dismissed when property already sold).

*Estate Land Co. v. Wiese*, 546 S.W.3d 322, 326–27 (Tex. App.—Fort Worth 2017,

pet. denied); *see also*, *Brown v. Fleming*, 212 S.W. 483, 484 (Tex. 1919)( "Under

this state of the record, the relief prayed for by the plaintiff in the injunction suit

**Exhibit "J"**

cannot now be granted, as the sale has already taken place, and the correctness of the decisions of the trial court and the Court of Civil Appeals involve only moot questions . . ."); *Anderson v. Roy*, 146 S.W.2d 1023, 1024 (Tex. Civ. App.--Waco1941, no writ history)("It appears thus established without dispute that the act sought to be restrained, namely, the execution by the sheriff of Ellis county of the order of sale, has been fully performed. It would therefore be futile to grant appellant the injunctive relief prayed for; and the question as to the correctness of the decision of the trial court has become moot."); *Whitesides v. Wood*, 210 S.W. 333, 334 (Tex. Civ. App.—Austin 1919)("Our action in dismissing this appeal is [based]… solely upon the consideration that it would now be impossible to afford the relief sought in the application for injunction; and there is therefore nothing left but a moot question.").

This Court should dismiss Relator's *Emergency Petition for Writ of Mandamus* because the Relator's claims are now moot, and the Court lacks subject matter jurisdiction.

**No Appeal Upon Which to Base a Supersedeas Under Rule 24.**

This Court should dismiss Relator's Emergency Petition for Writ of Mandamus because there is no appeal upon which to stay execution under Texas Rule of Appellate Procedure 24.1.

**Exhibit "J"**

Plaintiff's request is expressly based on Texas Rule of Appellate Procedure 24. *See Emergency Petition*, Appendix 4.   Rule 24 is titled "Suspension of Enforcement of Judgment **Pending Appeal** in Civil Cases." (Emphasis added).   A supersedeas bond is only effective to prevent execution during the *pendency* of an appeal.   *See Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488, 493 (Tex. App.--Texarkana 1998, pet. denied).

However, there is no pending appeal of the state court award of sanctions. Relator has exhausted all of her appellate remedies and the state court judgment is no longer subject to appeal.   The state court judgment is final.   "Any attempt to supersede a final judgment is void." *Cruz v. Sanchez*, 474 S.W.3d 451, 454 (Tex. App.—El Paso 2015, opinion on motion); *Kantor v. Herald Pub. Co*., 632 S.W.2d 656, 658 (Tex. App.--Tyler 1982, opinion on motion)( "The Supreme Court has held that the rules of civil procedure relating to supersedeas bonds do not authorize superseding a final judgment.").   "The rules of civil procedure relating to supersedeas bonds do not contemplate or authorize the superseding or staying of a final judgment, as was attempted in this case, but prescribe a method of suspending the execution of a judgment before it becomes final and while an appeal is pending." *Renger v. Jeffrey*, 143 Tex. 73, 76, 182 S.W.2d 701, 702 (1944).   Once Relator exhausted her appeals of the state court judgment, supersedeas was no longer available to her.   The Court should dismiss Relator's *Emergency Petition for Writ of*

10

**Exhibit "J"**

*Mandamus* because there is no pending appeal of the state law judgment and no appeal is possible.

Likewise, Relator cannot use Texas supersedeas law to stay execution on a federal judgment.  Relator, if she had acted timely, could only have stayed execution on the federal judgment by seeking an order from the federal court pursuant to Federal Rule of Civil Procedure 62:

> **(b) Stay by Bond or Other Security**. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62.   Relator never sought or obtained such an order from the federal court.

This Court should dismiss Relator's Emergency Petition for Writ of Mandamus because she failed to timely seek to stay the execution of the federal judgment pursuant to Federal Rule of Civil Procedure 62.

**This Court Lacks Jurisdiction to Issue a Writ of Supersedeas.**

Relator indicates that they assert an *Emergency Motion for Issuance of Writ of Supersedeas*, but their Motion does not address this request in any detail.  This Court's jurisdiction is limited by Article V, section 6 of the Texas Constitution and Section 22.221 of the Texas Government Code.  However, "section 22.221(a) is not an issue because relator does not contend that the respondent has interfered with this Court's jurisdiction." *Easton*, 842 S.W.2d at 773.

11

**Exhibit "J"**

The Court should dismiss Relator's *Emergency Motion for Issuance of Writ of Supersedeas*, because the Court lacks jurisdiction and Relator failed to provide any substantive briefing showing either jurisdiction or entitlement to relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, The Court should deny Relator's *Emergency Petition for Writ of Mandamus and Emergency Motion for Issuance of Writ of Supersedeas* and grant Real Party in Interest any other and further relief to which it may show itself to be entitled.

Signed on this the 25th day of September 2020.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
lfdenton@rampagelaw.com


By:    /s/SCOTT M. TSCHIRHART
       SCOTT M. TSCHIRHART
       State Bar No. 24013655
       LOWELL F. DENTON
       State Bar No. 05764700

       *Attorneys for Real Party In Interest*

**Exhibit "J"**

**CERTIFICATION**

In compliance with Tex. R. App. P. 52.3(j), I certify that I have reviewed the response and have concluded that every factual statement made in the response is supported by competent evidence in the appendix and/or the record.

/s/SCOTT M. TSCHIRHART
SCOTT M. TSCHIRHART

**CERTIFICATE OF COMPLIANCE**

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Party in Interest's Response contains 2,742 words. This does not include the caption, identity of parties and counsel, table of contents, table of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of reference record, signature, certification, proof of service, certificate of compliance and appendix per Tex. R. App. P. 9.4(i)(1).

/s/SCOTT M. TSCHIRHART
SCOTT M. TSCHIRHART

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individuals as indicated, and according to the Texas Rules of Appellant Procedure and/or via electronic notification and/or email on this the 25th day of September 2020.

David Rogers                                    **ELECTRONIC NOTIFICATION**
Law Office of David Rogers
595 Round Rock West Drive, Suite #102
Round Rock, Texas 78681

*Attorney for Relator*
*Madeleine Connor*

13

**Exhibit "J"**

David A. Escamilla                                  **ELECTRONIC NOTIFICATION**
Travis County Attorney's Office
314 West 11th Street, Room 300
P.O. Box 1748 (78767)
Austin, Texas 78701

*Attorney for Respondent*
*Velva Price, Travis County District Clerk*

                              /s/SCOTT M. TSCHIRHART
                              SCOTT M. TSCHIRHART
                              LOWELL F. DENTON

14

**Exhibit "J"**